IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   13-cr-00473-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.   GARY SNISKY,**

       Defendant.
_____

**MOTION TO ALLOW RE-SUBORDINATION OF SECURITY
PREVIOUSLY POSTED AS CONDITION OF BOND**
_____

       Gary Snisky, by and through his counsel, Assistant Federal Public Defender Robert W. Pepin, moves this Court to allow the security previously posted as a condition of bond to be re-subordinated to the mortgage which will be held by the bank through which refinancing of the securing property is presently pending. Said refinancing is contingent upon the Court's approval. In support of this request Mr. Snisky states as follows:

       1.    Gary Snisky has been indicted on charges of mail fraud and monetary transaction in property derived from mail fraud.

       2.    On December 4, 2013, Magistrate Judge Kathleen M. Tafoya ordered Gary Snisky's release assuming he signed the conditions of release by the defendant (Document # 17) and upon execution of an appearance bond (Document # 16) by Gary Snisky and the owner of the property ordered necessary to secure the bond. That property owner is Raymond J. Snisky.

3. The appearance bond takes the form of a secured bond of $25,000. It is secured by property. The property securing the bond is a single family house located at 7547 Sunnyvale Court, Mequon, Wisconsin, 53092-1800. The property is encumbered by a mortgage for which Raymond J. Snisky is paying.

4. At the time the bond was posted, the securing property, although encumbered with a first and second mortgage, enjoyed many times the $25,000 required security in equity. All required documentation was provided to the court clerk's office at the time of the posting. The posted security was necessarily subordinate to the two previous mortgages.

5. The executed appearance bond includes the following "Declarations":

(1) all owners of the property securing this appearance bond are included on the bond;

(2) the property is not subject to claims, except as described above; and

(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

6. As stated above, Raymond J. Snisky is the sole owner of the property and is included on the bond.

7. The property is presently only subject to claims as described in the paperwork presented to the court clerk's office; a first and second mortgage.

8. Raymond J. Snisky would like to take advantage of more favorable lending terms and refinance the property in question. The refinance would lower his mortgage payments by nearly $325 per month. He does not intend to sell the property; he will remain the sole owner. Through refinancing, Raymond Snisky intends to

substitute the first mortgage presently in place, and to which the security of the appearance bond is presently subordinated, with a subsequent primary mortgage. The secondary mortgage already in place will remain. These actions will not diminish the $25,000 security.

9. Raymond J. Snisky, by and through Gary Snisky's counsel, and at the urging of his bank, asks the Court to allow him to take the necessary steps to effect the refinancing.

10. The lending institution entertaining the refinance is Pyramax Bank. To move forward with the refinance, Pyramax requires a subordination agreement allowing the bank to replace Raymond Snisky's current first lien with a new first lien, that being the new mortgage. That subordination agreement would have to be executed by the Court or by some appropriate court personnel. As explained by Shane La Macchia, the banker in question, the execution of a subordination agreement is done regularly with second mortgages, especially when refinancing a first mortgage while leaving an existing second mortgage (or some other lien such as the instant one) in place.

11. The new loan is for $417,000. There is a second mortgage in place for which approximately $39,000 is owed. With the new loan the property would thus be encumbered for approximately $456,000, prior to accounting for the $25,000 appearance bond. The appraised value of the property is $625,000. (See Appraisal Attached)

12. Equity remaining in the property, once the refinance is completed, would be approximately $169,000. This is obviously more than six times the needed security for the $25,000 appearance bond.

13.     Importantly, should the Court allow and take steps necessary to effect this request, **the security of the appearance bond will not have changed.**  Refinancing the property and reestablishing the subordinate position of the appearance bond's $25,000 security relative to the new mortgage will put the interests of the Court in the exact same position they are in now.

14.     Government's counsel does not agree to the requests made in this motion.

WHEREFORE, Counsel and Gary Snisky, on behalf of Raymond J. Snisky, move this Court to allow the property/security previously posted as a condition of bond to be refinanced and that the Court's security interest securing Gary Snisky's appearance bond be re-subordinated to the mortgage which will be held by the bank through that refinancing.  Further, the requesting parties move for an order directing that the subordination agreement discussed above be executed by the Court or by some other appropriate court personnel.

          Respectfully submitted,

          VIRGINIA L. GRADY
          Federal Public Defender, Interim


          s/ Robert W. Pepin
          ROBERT W. PEPIN
          Assistant Federal Public Defender
          633 - 17th Street, Suite 1000
          Denver, Colorado   80202
          Telephone:  (303) 294-7002
          FAX:  (303) 294-1192
          Robert_pepin@fd.org
          Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2014, I electronically filed the foregoing

**MOTION TO ALLOW RE-SUBORDINATION OF SECURITY
PREVIOUSLY POSTED AS CONDITION OF BOND**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
pegeen.rhyne@usdoj.gov

Tonya S. Andrews, Assistant United States Attorney
tonya.andrews@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Gary Snisky      *(via U.S. mail)*


s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert_pepin@fd.org
Attorney for Defendant