IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.      13-cr-00473-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.**    **GARY SNISKY,**

       Defendant.

---

**UNOPPOSED MOTION TO CONTINUE MOTIONS
FILING AND JURY TRIAL DATES**

---

      Gary Snisky, by and through his attorney, Robert W. Pepin, Assistant Federal Public Defender, moves this Court to continue both his motions filing deadline presently scheduled for March 22, 2014 and the three week jury trial presently scheduled to begin on June 9, 2014. Government's counsel Assistant U.S. Attorney Pegeen Rhyne does not oppose this request. The grounds for these motions are set forth below.

      1.      The following information was provided, close to verbatim (some sentences have been removed) in Document # 20, previous defense counsel's **Unopposed Motion to Vacate Trial Date and to Set a Status Conference.** This information is reproduced here in order to incorporate what instant counsel has determined to be an accurate description of materials which have been provided to the defense as discovery, as well as a fair initial "thumbnail" assessment of efforts necessary in order for counsel to render Constitutionally effective assistance.

      "Mr. Snisky is charged in an indictment that charges 13-counts of Mail Fraud and 5-counts of Monetary Transactions Derived From Mail Fraud from 2010 to 2013 and involves an investigation of at least two companies, Colony Capital and Arete, LLC. The discovery consists of over 16,000 pages of documents, which in

my preliminary review, seems to be witness interviews (and documents provided by the witnesses) and bank records.  In addition, there are disks with video and audio recordings.  There is also discovery that appears to be correspondence of some sort, but it is not in context for defense counsel at this present time.  The government has also advised that a number of computers, computer storage devices, and a server were obtained during the execution of three search warrants in this case.  Defense counsel has not yet obtained images of these computer items but has been requested to provide a 2 terabyte hard drive and a 580 gigabyte hard driver in order to image theses items.

"Defense counsel is aware that several entities (FBI, IRS, US Postal Inspection Service) were involved in this criminal investigation and that the Colorado Department of Regulatory Agencies and the U.S. Securities and Exchange Commission have also filed civil complaints against Mr. Snisky.  Defense counsel does not know if more discovery is forthcoming or if a request for more discovery will be made after a through review of what has been provided and after some investigation into this case."

"Most recently, a Final Order of Forfeiture was filed in 13-cv-00567-REB (Doc. # 27).  At this juncture, defense counsel does not know if any of the civil information will overlap with the criminal case, but thinks that it does.  The defense investigation into the facts and circumstances involving the alleged years of criminal behavior will have to be extensive and will be difficult."

"To the extent that witnesses need to be located and interviewed, defense counsel is aware that some witnesses are located in Colorado, but a fair number of witnesses are located in California and other states (these are witnesses that have already been interviewed by the government during its investigation).  Defense counsel has been informed that there are numerous potential witnesses who are not aligned with the government who have indicated they have information that is relevant to Mr. Snisky's case.  Some of these witnesses are in Colorado, California and Wisconsin.  With sufficient time it is likely that all of them will discuss what they know with the defense."

2.     As the Court is aware, present counsel entered his appearance shortly after the

December 30, 2013 hearing at which the **Unopposed Motion et. al** (Document # 20) was heard

and, following which, the trial and motions schedule was set.

3.      The **Courtroom Minutes** (Document # 26) reflecting the activity at that December 30th hearing note that the Court set motions due dates as March 22, 2014, with responses due April 6, 2014.

4.      Jury trial was set to begin June 9, 2014 and scheduled for three weeks.  That trial setting and the May 29, 2014 Trial Preparation Conference were memorialized in an **Order Resetting Trial Dates** found at Document # 27.

5.      Had present counsel been on the case at the time the trial date was set he would not have been able to accept the presently scheduled dates because he and his family will be out of the country from June 9, 2014 through June 21, 2014.  This is a vacation long set and housing has been arranged and paid for on a non-refundable basis since before this case was inherited.  However, although the particular trial setting is a problem for defense counsel, there are even more significant issues with the scheduling of both the jury trial and motions due dates.

6.      Since assigned this case early in January, 2014, defense counsel has attempted to get caught up to a case which began well before the government executed a search warrant at Mr. Snisky's place of business on January 17, 2013.  Law enforcement started their investigation well before that January date and spent much of 2013 interviewing witnesses (many of them multiple times), collecting and analyzing bank and other records, and doing all of the other things investigators and prosecutors do long before public defenders are aware that a particular defendant or their alleged crime exists.

7.      Attempting to learn the case, defense counsel, an investigator, and a paralegal have all been making their way through the discovery, trying to sort through approximately 60 bank accounts apparently associated with the businesses involved in the activities suspected to be

criminal, and developing a plan for necessary investigation and motions practice.  Counsel and

the team have met with Mr. Snisky multiple times for hours on end in order to develop

understanding of the business model at the center of this case, the nuances of such a business,

and where the mass of material available fits into the business and the allegations.  Mr. Snisky's

input regarding all of the witness statements and materials is still being developed.  The defense

team is still learning, studying, and researching.  Although slowing getting a grip on the case and

the materials, counsel is not yet in a position to effectively assist Mr. Snisky.  Additionally,

counsel has not yet obtained the computer images acquired during the execution of the search

warrants.  The government has offered those images but until gaining a thorough understanding

of the materials already in hand, the computer materials were of little use to the defense, both

because there would not have been a context within which to examine that information and

because there was not time.  Those images will be sought shortly and the hard drives necessary to

their discovery will be provided to the government.

8.      It also appears that the defense may need to seek the assistance of an expert.

9.      Generally, despite the work done to date, the defense is nowhere near being able

to effectively prepare motions and plan for a trial two and one half months away.  Counsel

believes he will be able to file motions 60 days from the filing of this motion, or late May, 2014.

In light of everything which must be done in order to prepare to effectively represent Mr. Snisky

at trial, the defense believes that it cannot be prepared for a trial before January 15, 2015.

10.      In support of this motion Mr. Snisky addresses the factors articulated in *United

States v. West,* 828 F.2d 1468, 1469-70 (10th Cir. 1987).  This outline of factors is consistent with

the discussion concerning the adequacy of the record in an ends-of-justice continuance context

4

found in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams,*

511 F.3d 1044 (10th Cir. 2007):

> In *West* the 10th Circuit outlined certain factors they look to when
> weighing whether a denial of a continuance is arbitrary or
> unreasonable.  These factors include the diligence of the party
> requesting the continuance; the likelihood that the continuance, if
> granted, would accomplish the purpose underlying the party's
> expressed need for the continuance; the inconvenience to the
> opposing party, it's witnesses, and the court resulting from the
> continuance; the need asserted for the continuance and the harm
> the appellant might suffer as a result of the district court's denial of
> the continuance.

Applying the *West* factors Mr. Snisky states as follows:

a.      The defense has exercised diligence.  Counsel above set forth the

circumstances surrounding this case, the nature of the material and subject matter counsel

is dealing with, the potential witnesses and their various placement around the country.

Counsel has been as diligent as possible considering the circumstances.  Much of the

discovery has been reviewed but it is the understanding it, in context of an unfamiliar

business model, and receiving detailed input concerning all of it from Mr. Snisky which

is so very time consuming and difficult.  Much more than diligence will be required to

effectively represent Mr. Snisky at trial, if trial is necessary, or to help him knowingly and

intelligently decide to enter into a plea agreement.

b.      If a continuance is granted there is every reason to believe that

technical information will be learned, potential witnesses found and interviewed,  and

other information will be collected.  The only present impediment is the time limitation.

Thus, there is a high likelihood that the continuance, if granted, would accomplish the

purpose underlying Mr. Snisky's need for the continuance. Counsel has no idea if witnesses will be willing to be interviewed but it is the defense's responsibility to try. Obviously, the defense cannot guarantee that law enforcement agents will agree with a defense request to an interview. However, there are numerous potential witnesses who may or may not be aligned with the Government. With sufficient time it is likely that many, if not all, will discuss what they know with the defense.

        c.      The government does not object to the defense request of a continuance of the trial and there is no information suggesting that any government witnesses would be inconvenienced. The indictment followed a lengthy investigation, some of it including input from Mr. Snisky, but who was represented by an attorney, Elizabeth Krupa, who is obviously not the present attorney. That set of circumstances presents its own problems for present counsel. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance. Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem. As always, counsel is eager to cooperate with the Court to lessen the chance of inconvenience.

        d.      The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to investigate and prepare the case. Apart from doing what he has, that is, review the discovery, there has not been the opportunity to move forward with the investigation and preparation of the case, including the filing of motions. Without the

exclusion of a substantial period of time from the speedy trial calculations, defense

counsel will be unable to provide effective assistance of counsel and Mr. Snisky's right to

a fair, effectively represented trial will be seriously damaged.

11.    The ends of justice outweigh the best interest of the public and the defendant in a

speedy trial and warrant the vacating and continuing of the trial date as provided in 18 U.S.C.

§ 3161(h)(7)(A), and/or;

12.    Obviously, in its present form this motion focuses upon the ends of justice and not

upon "complexity" i.e. the question of whether due to the nature of the prosecution and the

technical expertise necessary to defend the case that it is unreasonable to expect adequate

preparation for pretrial proceedings or the trial itself within the time limits established by 18

U.S.C. § 3161.  Counsel is not asserting complexity because he does not yet know that it is

complex, just that it is complicated and confusing.  Should he determine, after getting further into

the case, that he should additionally raise the issue of complexity, he will make further motion.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender, Interim


s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert_pepin@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, I electronically filed the foregoing

**UNOPPOSED MOTION TO CONTINUE
MOTIONS FILING AND JURY TRIAL DATES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

> Pegeen Rhyne, Assistant United States Attorney
> pegeen.rhyne@usdoj.gov

> Tonya S. Andrews, Assistant United States Attorney
> tonya.andrews@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

> Mr. Gary Snisky          *(via U.S. mail)*

> s/ Robert W. Pepin
> ROBERT W. PEPIN
> Assistant Federal Public Defender
> 633 - 17th Street, Suite 1000
> Denver, Colorado   80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> Robert_pepin@fd.org
> Attorney for Defendant