IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00473-RM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      GARY SNISKY,

        Defendant.

_____

**MOTION FOR *JAMES* HEARING (IN LIMINE DETERMINATION
OF ADMISSIBILITY OF RULE 801(d)(2)(E) STATEMENTS)**
_____

      COMES NOW the defendant Gary Snisky, by and through counsel, Assistant Federal Public Defender, Robert W. Pepin and moves this Court for a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.) *(en banc)*, *cert. denied*, 442 U.S. 917 (1979) to determine well in advance of trial the admissibility of any statements the government believes to be admissible against Mr. Snisky, pursuant to Federal Rule of Evidence 801(d)(2)(E).  In support of this request counsel states:

      1.      Mr. Snisky is charged in an 18 count indictment with 13 counts of mail fraud and five counts of monetary transaction in property derived from mail fraud.  There is also a forfeiture allegation.  He is not charged with conspiracy.  There are no charged co-defendants.

      2.      Although not charged in Mr. Snisky's case, a man named Richard Greeott was charged by information in the United States District Court for the District of Colorado with conspiracy to commit mail fraud and monetary transaction in property derived from mail fraud

(not charged as conspiracy) in Case Number 13-cr-00375-PAB.  Mr. Greeott was charged by information as part of an agreement that he turn state's evidence against Gary Snisky.  Mr. Greeott claims to have been involved in many of the activities alleged by the indictment against Mr. Snisky.  In the information charging Mr. Greeott with mail fraud there are multiple references to "co-conspirator G.S.", clearly a reference to Gary Snisky.  (See Attached Information).  In her Stipulated Motion to Continue Sentencing in 13-cr-00375-PAB (Document # 17)  government's counsel specifically based her continuance request upon Mr. Greeott's anticipated testimony at Mr. Snisky's trial. (See Attached Motion).

       3.      During interviews memorialized in law enforcement reports, Mr. Greeott and multiple potential witnesses discuss statements, communications, and conversations with various persons who seem to also fit into the category of "co-conspirator."

       4.      Although Mr. Snisky has not been charged with conspiracy, counsel is well aware that various circuits have found that out-of-court statements may be admissible under Federal Rule of Evidence 801(d)(2)(E), even if a particular defendant is not formally charged with any conspiracy in the indictment.  Numerous people appear to have been involved as one type of "co-conspirator" or another during the numerous and various transactions described in the discovery.  There also appear to have been multiple conversations and communications between these numerous people.  Identification of such statements the government believes it can use without a live witness is paramount to the effective preparation of a defense of Mr. Snisky.

       5.      Mr. Snisky moves this Court for a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.) *(en banc)*, *cert. denied*, 442 U.S. 917 (1979) to determine, in advance of trial, the admissibility of any statements the government believes to be admissible against him pursuant to Federal Rule of Evidence 801(d)(2)(E).

6.	Such pretrial in limine determination of the admissibility of such statements will insure:  1) that these statements are clearly identified prior to trial, 2) that all counsel have adequate opportunity to stipulate to the admissibility of these statements or to litigate their admissibility, 3) that the district court has sufficient time and information for research, reflection, and a determination of the admissibility of Rule 801(d)(2)(E) statements.  *See Bourjaily v. United States*, 483 U.S. 171, 181, 107 S.Ct. 2775, 2781-82, 97 L.Ed.2d 144; *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir.), *cert. denied*, 115 S.Ct. 455 (1994).

7.	Such in limine determination of the admissibility of Rule 801(d)(2)(E) statements has been specifically approved by the Tenth Circuit.  "We have held that the preferred order of proof in determining the admissibility of coconspirator statements is first for the district court to hold a *James* hearing, ...."  *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (citing *United States v. James*, 590 F.2d 575 (5th Cir.) (*en banc*), *cert. denied*, 442 U.S. 917 (1979)).

8.	To attempt to make such determinations during the trial can only result in the government offering evidence which if rejected by the court, will result in instructions to the jury to disregard proffered statements ruled inadmissible by the court.  Such a procedure can only needlessly further prejudice the defendant.

9.    To fully and effectively prepare to meet any government arguments for the admissibility of statements against Mr. Snisky pursuant to Federal Rule of Evidence 801(d)(2)(E), Mr. Snisky requests he be apprised of those statements the government seeks to introduce pursuant to Rule 801(d)(2)(E) in advance of the *James* hearing.  The admissibility of any statements produced or designated can be litigated at the substantive motions hearing or such other time as the Court deems appropriate after affording notice to the parties.

        Respectfully submitted,

        VIRGINIA GRADY  
        Federal Public Defender, Interim

        s/ Robert W. Pepin  
        ROBERT W. PEPIN  
        Assistant Federal Public Defender  
        633 - 17th Street, Suite 1000  
        Denver, Colorado   80202  
        Telephone:  (303) 294-7002  
        FAX:  (303) 294-1192  
        E-mail:  Robert_Pepin@fd.org  
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, I electronically filed the foregoing

**MOTION FOR *JAMES* HEARING (IN LIMINE DETERMINATION
OF ADMISSIBILITY OF RULE 801(d)(2)(E) STATEMENTS**)

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant U.S. Attorney
    pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gary Snisky        (Via U.S. Mail)

    s/   Robert W. Pepin
    ROBERT W. PEPIN
    Assistant Federal Public Defender
    Attorney for Defendant
    633 - 17th Street, Suite 1000
    Denver, Colorado 80202
    (303) 294-7002
    (303) 294-1192
    Robert_Pepin@fd.org