# ATTACHMENT

*United States v. Snisky,*
Case No. 13-cr-00473-RM-1

Information re:
*United States v. Richard Greeott,*
Case No. 13-cr-00375-PAB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00375-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICHARD GREEOTT,

    Defendant.

---

**INFORMATION**
18 U.S.C. §371
18 U.S.C. § 1957

---

The UNITED STATES ATTORNEY charges that:

## COUNT ONE

### 18 U.S.C. § 371

**A.   INTRODUCTION**

1. Between at least 2009 and sometime in 2011, co-conspirator G.S. operated in Colorado a company called Colony Capital, LLC ("Colony Capital"), which purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings.

2. Sometime in 2011, co-conspirator G.S. shut down Colony Capital and formed a company in Longmont, Colorado called Arete, LLC ("Arete"), which also

1

purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings.

3. Beginning in late 2009 through at least January 17, 2013, as an independent contractor, defendant RICHARD GREEOTT ("GREEOTT") began doing information technology work for Colony Capital and then for Arete. During that time, the defendant worked full time, and exclusively, for Colony Capital and then Arete.

4. Beginning in approximately mid-2010, co-conspirator G.S. asked defendant GREOTT to develop a fully-automated trading system for trading in the futures market. In approximately late 2010, the defendant began developing an algorithm that would be the basis for the requested fully-automated trading system.

5. By the end of 2012, the defendant was still developing the algorithm and was testing it by making small trades in the futures market in a Trade Station account. At all times, the algorithm was still in a developmental phase. At no time did defendant GREOTT, co-conspirator G.S., or anyone else at Colony Capital or Arete make any real profit using the defendant's algorithm.

6. Beginning in at least July 2011 and continuing through at least January 17, 2013, co-conspirator G.S. and defendant GREEOTT agreed to falsely lead investors, potential investors, and financial advisors to believe that defendant GREEOTT's algorithm was being used by Colony Capital, and later Arete, to profitably trade in the futures market in order to falsely bolster Colony Capital's, and later Arete's, appearance of success and overall financial stability. Co-conspirator G.S. and defendant GREEOTT believed that this would make investors more likely to invest in

2

any of Colony Capital's, and later Arete's, investment offerings, including but not limited to investing for the purpose of trading in the futures market.

7. Between approximately July 2011 and January 2013, co-conspirator G.S.'s primary focus was to offer investors, potential investors, and financial advisors the purported opportunity to invest money in Arete's "proprietary value model," which was falsely described as being based on using the investors' money to purchase Ginnie Mae bonds (hereinafter referred to as the "Bond Program"). Starting in approximately July 2011, co-conspirator G.S. offered a 10-year investment model for the Bond Program, which promised the investor a 10% upfront bonus and an annual return of 7%. Prior to April of 2012, co-conspirator G.S. began offering a 5-year investment model for the Bond Program, which promised a 6% annual return on the invested money.

8. Between approximately July 2011 and January 2013, co-conspirator G.S. received more than $4,000,000 in investor money that was supposed to be invested in the Bond Program.

9. Between approximately July 2011 and March 2012, co-conspirator G.S. received more than $300,000 in investor money that was supposed to be traded in the futures market.

10. Co-conspirator G.S. did not invest investor money as promised.

### B. OBJECT OF THE CONSPIRACY

11. Beginning in approximately July 2011 and continuing until January 17, 2013, in the State and District of Colorado and elsewhere, defendant GREEOTT and co-conspirator G.S. knowingly and intentionally agreed and conspired with each other to commit an offense against the United States, namely, mail fraud, in violation of Title 18,

3

United States Code, 1341, by falsely bolstering the appearance of financial success of Colony Capital, and later Arete, in order to induce investors to invest in either the Bond Program or trading in the futures market.

### C. THE MANNER AND MEANS OF THE CONSPIRACY

12. The object of the conspiracy was carried out, in part, as follows:

a. From July 2011, through January 17, 2013, co-conspirator G.S. and defendant GREEOTT agreed that co-conspirator G.S. would meet with investors, potential investors, and financial advisors who came into the offices of Colony Capital, and later Arete, to describe the investment programs offered by Colony Capital and Arete, including the Bond Program and trading in the futures market.

b. From July 2011, through January 17, 2013, co-conspirator G.S. took, and caused others to take, investors, potential investors, and financial advisors to defendant GREEOTT's work station within Colony Capital's, and then Arete's, offices to observe defendant GREEOTT's trading station, which included a computer system with three monitors that displayed data that purportedly related to trading in the futures market. While the investors, potential investors, and financial advisors were at his trading station, defendant GREEOTT intentionally made statements to falsely suggest that he was currently trading "live" in the futures markets and that he had a history of trading profitably in the futures market.

c. With respect to investor money that was received for the purpose of trading in the futures market, co-conspirator G.S. and defendant GREEOTT never placed in trade in the futures market all, or even a substantial portion, of this investor money as promised.

4

    d. Even after defendant GREEOTT learned in late 2011 that co-conspirator G.S. had not used investor money in the Bond Program to purchase Ginnie Mae bonds, defendant GREEOTT continued to assist co-conspirator G.S. give misleading presentations about the Bond Program to financial advisors and investors in order to encourage further investments into the Bond Program.

    e. Co-conspirator G.S. caused false investment account statements to be sent to investors that falsely showed that the investors' money had been invested as promised and that the accounts were earning profits.

### D. OVERT ACT

  13. In approximately July 2011, K.K., S.K., and A.W., went to Colony Capital's office located at 450 Main Street, Longmont, Colorado to discuss investing their money with Colony Capital for the purpose of trading in the futures market. During this meeting, K.K., S.K., and A.W. observed defendant GREEOTT at his trading station. Despite the fact that defendant GREEOTT was trading in a simulated environment and did not yet believe that his algorithm was even close to working successfully, defendant GREEOTT falsely led K.K., S.K., and A.W. to believe that he was successfully trading "live" in the futures market.

  In violation of Title 18, United States Code, Section 371.

## COUNT 2

### 18 U.S.C. §§ 1957 & 2(b)

14. On or about November 28, 2011, in the State and District of Colorado, defendant RICHARD GREEOTT knowingly engaged in, and caused others to engage in, the following monetary transaction, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, mail fraud in violation of 18 U.S.C. § 1341: on or about November 28, 2011, defendant GREEOTT caused someone to deposit into an account controlled by defendant GREEOTT and his wife a check dated November 25, 2011, in the amount of $40,000 that was made payable to "Greeott Enterprises," and that was written on a US Bank account held by Arete, LLC.

In violation of Title 18, United States Code, Sections 1957 & 2(b).

### Forfeiture Allegation

15. The allegation contained in Count One of this Information is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

16. Upon conviction of the violation alleged in Count One of this Information involving a scheme to commit violations of 18 U.S.C. § 1341, defendant GREEOTT shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense,

6

including, but not limited to the entry of a money judgment in the amount of proceeds obtained by the scheme and by the defendant.

17. If any of the property described above, as a result of any act or omission of the defendant:

      a) cannot be located upon the exercise of due diligence;

      b) has been transferred or sold to, or deposited with, a third party;

      c) has been placed beyond the jurisdiction of the Court;

      d) has been substantially diminished in value; or

      e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

JOHN WALSH
UNITED STATES ATTORNEY
s/
By: Pegeen D. Rhyne
Assistant United States Attorney
PEGEEN D. RHYNE
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
pegeen.rhyne@usdoj.gov

INFORMATION SHEET

DEFENDANT: Richard Greeott
YEAR OF BIRTH: 1966

ADDRESS: Longmont, Colorado (He is represented by Robert Ingram -(970) 419-8255

COMPLAINT FILED? _____ YES __x__ NO
   IF YES, PROIVDE MAGISTRATE CASE NUMBER_____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? _____YES __x__ NO

OFFENSE:   COUNT 1: 18 U.S.C. §371; Conspiracy to commit mail fraud
             COUNT 2: 18 U.S.C. § 1957: Monetary Transaction in property derived from mail fraud

             Notice of Forfeiture

LOCATION OF OFFENSE: Boulder County (in Longmont), Colorado and elsewhere

PENALTY: COUNT 1: NMT 5 years imprisonment, NMT 3 years supervised release, a $250,000 fine, and a $100 special assessment.

             COUNT 2: NMT 10 years imprisonment, NMT 3 years supervised release, a $250,000 fine, and a $100 special assessment.

AGENT:   IRS Special Agent Ron Loecker (303) 621-5398
          FBI Special Agent Kate Funk (303) 630-6811

AUTHORIZED BY: Pegeen D. Rhyne
                Assistant U.S. Attorney
ESTIMATED TIME OF TRIAL: **N/A- the parties have a plea agreement.**
_____ five days or less

_____ over five days

_____ other
THE GOVERNMENT will (will not) seek detention in this case.

OCDETF case: N/A