IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  13-cr-00473-RM-1

UNITED STATES OF AMERICA,

   Plaintiff,

v.

**1.**  **GARY SNISKY,**

   Defendant.

---

## MOTION TO DISMISS - DUPLICITY

---

  Gary Snisky, by and through his attorney, Assistant Federal Public Defender, Robert W. Pepin, hereby move to dismiss the mail fraud charges alleged in the Indictment (Counts 1-13) as constitutionally insufficient under the Fifth and Sixth Amendments to the U.S. Constitution and under the related doctrine of duplicity.

## INTRODUCTION

  The Indictment charges Mr. Snisky with 13 counts of mail fraud in violation of 18 U.S.C. § 1341.  These charges apparently relate to allegations that Mr. Snisky placed, and caused another person to place, various pieces of "mail matter" in a post office and an authorized depository for "mail matter" as part of a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.  The 13 separate counts of mail fraud are accomplished principally by incorporation of prior and subsequent allegations.  Paragraph 1 of the Indictment  tracks the statutory language precisely and alleges:

"Beginning in or about June 2010 and continuing to on and about January 17, 2013, in the State and District of Colorado and elsewhere, defendant, GARY S. SNISKY ("SNISKY") knowingly devised and intended to devise a scheme to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as "the Scheme")."

The alleged "Scheme" is then described in paragraphs denominated "a" thru "j" as a series of activities associated with a private equity firm offering investment opportunities in bonds, futures trading, and other offerings. The "Execution of the Scheme" is offered in another section specifying "mail matter" sent together with the date of each alleged mailing.

## ARGUMENT

The defendant now moves to dismiss the mail counts as constitutionally insufficient and as internally duplicitous. The Indictment fails to provide adequate notice and raises the real spectre that the defendant may be tried on charges not actually made to and by the Grand Jury. Further, the charges conflate two separate and distinct offenses into one. The Indictment purports to charge both a scheme to defraud and a scheme to obtain money by false or fraudulent pretenses in the same counts. The Indictment compounds that error when it confusingly refers to "The Scheme."

The Fifth Amendment provides in part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or Indictment of a Grand Jury...." The related provision of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation...." The Tenth Circuit has consistently held that a criminal Indictment plays a crucial role in protecting these constitutional rights. *See*, *e.g., United States v. Hall*, 20 F.3d 1084,1087 (10th Cir. 1994); *United*

2

*States v. Brady*, 13 F.3d 334, 338 (10th Cir. 1993); *United States v. Shelton*, 848 F.2d 1485, 1493 (10th Cir. 1988).

In *United States v. Radetsky*, 535 F.2d 556, 561-62 (10th Cir.), *cert. denied*, 429 U.S. 820 (1976), the Tenth Circuit discussed at length its concern with this fundamental guaranty and the related requirements for the sufficiency of an Indictment. First, an Indictment must contain all of the elements of the offense and sufficiently apprise the defendant of what he must be prepared to meet. "Further, and of paramount importance, a sufficient Indictment is required to implement the Fifth Amendment guaranty and make clear the charges so as to limit a defendant's jeopardy to offenses charged by a group of his fellow citizens, and to avoid his conviction on facts not found, or perhaps not even presented to, the grand jury that indicted him." *Id*, at 562.

For the same reasons, an Indictment must only charge a defendant with one offense in each separate count. An Indictment that joins several criminal offenses into a single count is condemned as duplicitous. *United States v. Wiles*, 102 F.3d 1043, 1061 (10th Cir.), *cert. denied*, 522 U.S. 947 (1997); *United States v. McNeely*, 69 F.3d 1067, 1072 (10th Cir.), *cert. denied,* 123 S.Ct. 300 (1995). At the trial stage, the "dangers of duplicity are three-fold: (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *Id.*

A duplicitous count also implicates a defendant's Fifth Amendment right to be tried only on charges made by the Grand Jury. Where one count contains two offenses, it may be impossible to assure that each grand juror voted to indict on the same offense. Indeed, in such situations, it is just as likely that some grand jurors voted to indict on one offense, while others

3

voted to indict on the other offense.  The result seems unanimous only because both offenses are charged in one count.

The Sixth Circuit has noted, in addition to these problems, that a duplicitous Indictment may give a defendant improper notice of the charges against him, prejudice the defendant in sentencing, and limit the scope of the defendant's appeal.  *See, United States v. Blandford*, 33 F.3d 685, 699 n.17 (6th Cir. 1994) as described in *United States v. Trammell,*133 F.3d 1343, 1354 (10th Cir. 1998).

Such is the case here.  All of the mail counts allege both a scheme to defraud and a scheme to obtain money by false or fraudulent pretenses, representations, and promises.  In *United States v. Cronic*, 900 F.2d 1511, 1513-14 (10th Cir. 1990), the Court held that the provisions of the mail fraud statute state two separate offenses.  "The offense of scheme to defraud focuses on the intended end result, not whether a false representation was necessary to effect the result.  Schemes to defraud, therefore may come within the scope of the statute even absent an affirmative misrepresentation."  *Id*. at 1513.  "A scheme to obtain money by means of false or fraudulent pretenses, representations, or promises, on the other hand, focuses on the means by which the money was obtained.  False or fraudulent pretenses, representations or promises are an essential element of the crime."  *Id*. at 1514.

Thus, by alleging both a scheme to defraud and a scheme to obtain money by false pretenses, each of the charged counts is internally duplicitous.  The Indictment then compounds this fundamental constitutional error by referring to "the scheme".  (See sections entitled "The Scheme" and "Execution of the Scheme").

The duplicity problems in this Indictment and the related ambiguity created thereby render the mail counts constitutionally insufficient.  In fact, this case illustrates the problems inherent in duplicitous counts – the Court cannot tell from the face of the Indictment whether some grand jurors voted to indict on the scheme to defraud while others voted to indict on the scheme to obtain money by false pretenses.  The defendant has also not been provided with adequate notice of the charges against him.  Therefore, the mail fraud counts are constitutionally insufficient and internally duplicitous and must be dismissed.

It should also be noted that "a challenge to an indictment based on duplicity must be raised prior to trial...Raising the objection at the close of the government's case is too late." *United States v. Trammell,* 133 F.3d 1343, 1354 (10th Cir. 1998) quoting *United States v. Hager*, 969 F.2d 883, 890 (10th Cir. 1992).

WHEREFORE Defendant Gary Snisky respectfully moves this Court for an order dismissing Counts 1-13 of the Indictment on the grounds of duplicity.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender, Interim
>
>
> s/ Robert W. Pepin
> ROBERT W. PEPIN
> Assistant Federal Public Defender
> 633 - 17th Street, Suite 1000
> Denver, Colorado   80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> E-mail: Robert_Pepin@fd.org
> Attorney for Defendant

5

### CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing

### MOTION TO DISMISS - DUPLICITY

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

> Pegeen Rhyne, Assistant U.S. Attorney
>      pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

> Gary Snisky            *(U.S. Mail)*

> s/ Robert W. Pepin
> ROBERT W. PEPIN
> Office of the Federal Public Defender
> 633 - 17th Street, Suite 1000
> Denver, Colorado   80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> E-mail: Robert_Pepin@fd.org
> Attorney for Defendant

6