IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  13-cr-00473-RM-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     GARY SNISKY,

       Defendant.

_____

**MOTION FOR RULE 806
IMPEACHMENT EVIDENCE**
_____

COMES NOW, the Defendant, Gary Snisky, by and through court-appointed counsel, Robert W. Pepin, Assistant Federal Public Defender, and moves for disclosure of evidence which tends to impeach the credibility of any co-conspirator/co-schemer-declarants whose out of court statements are introduced at Mr. Snisky's trial under Rule 801(d)(2)(E) of the Federal Rules of Evidence or of any other hearsay declarant or declarant of any statements the government will seek to introduce pursuant to Rules 801(d)(2)(C) or (D), or Rules 803, 804 or 807.

**Memorandum and Motion**

Federal Rule of Evidence 801(d)(2)(E) provides, "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator or a party during the course and in furtherance of the conspiracy."  Should this Court conclude that certain out-of-court statements qualify as non-hearsay under Rule 801(d)(2)(E) and are thus admissible as substantive evidence at trial, the defense will seek to impeach the credibility of these declarants.

Similarly, Rules 801(d)(2)(C), (D) and Rules 803, 804 and 807 allow the admission of certain other out-of-court statements if the criteria set forth by the rules are met.

Authority to impeach under these circumstances is granted by Fed.R.Evid. 806, which provides that when hearsay or a Rule 801(d)(2) (C), (D), or (E) statement has been admitted in evidence, "the credibility of the declarant may be attacked, and if attacked may be supported by any evidence which would be admissible for those purposes if declarant had testified as a witness."  As the notes of the Advisory Committee on Proposed Rules explain, "[t]he declarant of a hearsay statement which is admitted in evidence is in effect a witness.  His credibility should in fairness be subject to impeachment and support as though he had in fact testified."

Appellate courts, guided by the plain language of Rule 806, have protected defendants' rights to attack the credibility of a hearsay or coconspirator declarant with evidence of reputation or inconsistent statements, even at the cost of reversing a conviction.  In United States v. Moody, 903 F.2d 321 (5th Cir. 1990), for example, the Fifth Circuit found reversible error in the district court's refusal to allow defendant to attack his co-conspirators' credibility with evidence of their reputations for untruthfulness.  Id. at 329.  Similarly, the court in United States v. Wali, 860 F.2d 588 (3rd Cir. 1988), reversed the defendant's conviction because the district court had denied him the opportunity to impeach the credibility of his "unavailable" coconspirator with inconsistent statements.  Id. at 591-92.

Witnesses may also be impeached, under Fed.R.Evid. 609, with evidence of prior convictions:

> For the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was [a felony], and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the

>     probative value of admitting this evidence outweighs its prejudicial
>     effect to the accused; and (2) evidence that any witness has been
>     convicted of a crime shall be admitted if it involved dishonesty or
>     false statement, regardless of the punishment.

Application of Rules 806 and 609 compels a "straightforward and logical" result: evidence of prior felony crimes is, as a general rule, admissible to impeach the credibility of a non-testifying coconspirator. United States v. Bovain, 708 F.2d 606, 613 (11th Cir. 1983). *See also* Bourjaily v. United States, 483 U.S. 171, 180 (1987) (probative value of coconspirator statements admitted under Rule 801(d)(2)(E) can be attacked, under Rule 806, by impeaching credibility of declarant).

If F.R.E. 801(d)(2),(C), (D), (E) or 803, 804 and 807 statements are introduced as evidence at his trial, Mr. Snisky should be permitted to impeach the credibility of the declarants under Rule 806 of the Rules of Evidence.  This includes introducing evidence of prior criminal convictions under Rule 609.  Accordingly, under Brady v. Maryland, 373 U.S. 83 (1963), she is entitled to disclosure of any evidence in the Government's possession, or within the knowledge or control of the law enforcement agencies involved in the investigation of his case, tending to impeach the credibility of these declarants.  This would include: evidence of convictions for felonies or of any crime of moral turpitude; any promises made to or inducements offered to, whether in writing or otherwise, the declarants; evidence of any pending charges or potential charges which are not being filed as part of an inducement to secure testimony by the

3

Government or any law enforcement agency; any evidence of drug use or addiction; any evidence of inconsistent statements or testimony; any evidence of animosity toward the Defendant; results of any examinations, such as polygraph tests showing the declarants were untruthful; and any reports or memoranda or raw notes of any law enforcement officer commenting on the declarants' lack of credibility.

        Respectfully submitted,

        VIRGINIA GRADY
        Federal Public Defender, Interim


        s/ Robert W. Pepin
        ROBERT W. PEPIN
        Office of the Federal Public Defender
        633 - 17th Street, Suite 1000
        Denver, Colorado   80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        E-mail:  Robert_Pepin@fd.org
            Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, I electronically filed the foregoing

**MOTION FOR RULE 806
IMPEACHMENT EVIDENCE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant U.S. Attorney
        pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gary Snisky                                  (Via U.S. Mail)

                                          s/   Robert W. Pepin
                                          ROBERT W. PEPIN
                                          Assistant Federal Public Defender
                                          Attorney for Defendant
                                          633 - 17th Street, Suite 1000
                                          Denver, Colorado 80202
                                          (303) 294-7002
                                          (303) 294-1192
                                          Robert_Pepin@fd.org