IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  13-cr-00473-RM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.   GARY SNISKY,

        Defendant.

_____

**DEFENSE MOTION FOR EXPERT DISCLOSURE**
_____

      Gary Snisky, by and through his attorney, Assistant Federal Defender Robert W. Pepin, respectfully moves this Court to enter an Order directing the prosecution to disclose to the defense a list of the names, addresses and qualifications of all expert witnesses from whom the government intends to elicit expert opinion testimony, together with any reports and statements made by any such experts, and if no written report or statements have been made, a summary of expected testimony which shall include a statement of the subject matter of the testimony, any opinion the expert will render, the basis and reasons for the opinion, as well as the witnesses' qualifications, and a list of cases for which the experts have previously provided testimony.  This motion is supplemental to paragraph I(A)8 of the Discovery Conference Memorandum and Order (Document #10).

      In support of this motion, Mr. Snisky states:

1.      Federal Rule of Criminal Procedure 16(a)(1)(G) provides as follows:

> **Expert Witnesses.**  At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of

>the Federal Rules of Evidence during its case-in-chief at trial . . . .
>The summary . . . must describe the witness's opinions, the bases
>and the reasons for those opinions, and the witness's
>qualifications.

2. Rule 16(a)(1)(G) applies to any expert, including law enforcement agents/witnesses who may offer expert opinion on a wide variety of subjects, or to a summary witness testifying pursuant to Federal Rule of Evidence 1006 when such a witness also gives expert testimony.  Rule 16(a)(1)(G) requires the attorney for the government to actually prepare a summary of the expert witness' testimony which the government intends to offer in its case in chief at trial, even if a written report does not exist at the time of the defense request.

Although the rule itself does not provide a specific timing requirement, the Advisory Committee Notes indicate that it is expected that the parties will make their requests and disclosures in a timely fashion.  The government should be required to disclose this information well prior to trial in order to protect the defendant's due process rights.

3. It is anticipated that the government may seek to introduce expert testimony concerning, but not limited to such areas of expertise as:

    a. Opinions that transactions and/or documents used were for "fraudulent purposes";

    b. Standards of practice in the bond trading, private equity investment, securities, futures trading, real estate, and banking industries;

    c. Testimony regarding "economic loss;" and or

    d. Handwriting comparison analysis.

4. So that the defense may seek and prepare defense experts regarding such expert testimony and/or to develop necessary challenges to the admissibility of any such expert

testimony and evidence under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999), the defense requests the disclosure of expert material at least ninety days prior to trial.

5. The defense also requests any reports prepared by any expert witnesses, whether or not the government intends to introduce such reports at trial.

WHEREFORE, Mr. Snisky respectfully requests that this Court order the prosecution to disclose to the defense a list of the names, addresses and qualifications of all expert witnesses from whom the government intends to elicit expert opinion testimony, together with any reports and statements made by any such experts, and if no written report or statements have been made, a summary of expected testimony which shall include a statement of the subject matter of the testimony, any opinion the expert will render, the basis and reasons for the opinion, as well as the witnesses' qualifications, and a list of cases for which the experts have previously provided testimony.

Respectfully submitted,

VIRGINIA GRADY
Federal Public Defender, Interim


s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
E-mail: Robert_Pepin@fd.org
Attorney for Defendant

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, I electronically filed the foregoing

**DEFENSE MOTION FOR EXPERT DISCLOSURE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant U.S. Attorney
        pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gary Snisky        *(U.S. Mail)*

    s/ Robert W. Pepin
    ROBERT W. PEPIN
    Office of the Federal Public Defender
    633 - 17th Street, Suite 1000
    Denver, Colorado   80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    E-mail: Robert_Pepin@fd.org
    Attorney for Defendant