IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00473-RM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      GARY SNISKY,

        Defendant.

_____

**MOTION FOR PRETRIAL NOTICE OF 404(b) EVIDENCE**
_____

        The defendant, Gary Snisky, by and through his counsel, Assistant Federal Public Defender Robert W. Pepin, hereby moves this Court for an Order directing the government to provide notice pursuant to Rule 404(b), Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts it will seek to introduce against Mr. Snisky.  Likewise, Mr. Snisky requests notice of any evidence the government will seek to introduce not specifically charged in the Indictment which it will allege is inextricably intertwined with the allegations asserted in the Indictment.  Mr. Snisky requests the government be required to specify in its Rule 404(b) notice for what purpose any of this evidence will be offered (i.e., motive, opportunity, etc.).  He requests that such notice be provided ninety days before trial.

        In support of this motion, Mr. Snisky states:

        1.      From his review of discovery to date, it is clear that during its investigation the government has contacted and interviewed potential witnesses who are not involved with the charged offenses, who provide information about incidents and activities which are alleged to have occurred prior to or after the charged offense conduct and not involving the alleged

"scheme" at the center of the charges here. Also, materials have been collected by investigators which, similarly, concern alleged activities not involving the specific alleged "scheme" upon which the indicted charges are based. Some of the information derived from these non-pertinent witnesses could be considered, depending upon the context and application, as evidence of other crimes, wrongs, and or bad acts capable of inappropriately and unduly prejudicing Mr. Snisky.

      2.      F.R.E. 404(b) provides that evidence of other crimes, wrongs, or bad acts of an accused are generally inadmissable, unless offered for legitimate purposes. Rule 404(b) further provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Advisory Committee Notes to F.R.E. 404 (1991 Amendment) reflect that this pretrial notice requirement commands "the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal."

      The Advisory Committee Notes reflect that this notice requirement serves as a condition precedent to the admissibility of 404(b) evidence. Therefore, if the government fails to give pretrial notice of such evidence, the evidence is inadmissible if the Court decides that the government's excuse for not providing this evidence is not based on good cause shown. *See* Federal Rule of Evidence 404(b) Advisory Committee Notes.

      3.      Given the seriousness of the charge in the instant indictment, Mr. Snisky would be denied his Fifth Amendment right to due process of law if the government is permitted to introduce extrinsic Rule 404(b) evidence without pretrial notice. Without disclosure of this evidence prior to trial, Mr. Snisky cannot adequately prepare to meet this evidence. Mr. Snisky

2

would thereby be deprived of the basic fairness and fair play which the due process clause of the United States Constitution guarantees to every accused.

In order to assure protection of Mr. Snisky's due process rights, he respectfully requests that this Court issue an Order requiring disclosure of Rule 404(b) evidence prior to trial. Mr. Snisky also requests that this disclosure precisely articulate the basis for which such evidence is offered, *United States v. Record*, 873 F.2d 1363, 1375 n.7 (10th Cir. 1989), and that it be provided to Mr. Snisky sufficiently in advance of trial so that the alleged acts, etc., can be investigated and any objections to its introduction, including those under Rule 404, can be presented and if admitted, the allegations can be met at trial.

4. Mr. Snisky also requests a pretrial in limine determination of the admissibility of any such evidence. Such in limine determination will expedite the trial in the above-captioned matter and will permit the Court to give proper limiting instructions should the Court find any such evidence to be admissible. Thus, an in limine determination of the admissibility of such proffered evidence will make the trial of this matter not only efficient but will also avoid the potential for mistrial. In light of the numerous potential witnesses and associated materials which may fall into the categories of addressed in this motion, the defense requests such disclosure ninety days before trial.

Once notice has been provided, counsel for Mr. Snisky requests that he be given the opportunity to file objections pertinent to that notice as he deems necessary.

3

WHEREFORE, the defense moves this Court for an Order directing the government to provide notice pursuant to Rule 404(b), Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts it will seek to introduce against Mr. Snisky and of any evidence the government will seek to introduce not specifically charged in the Indictment which it will allege is inextricably intertwined with the allegations asserted in the Indictment, and that such disclosure be ninety days before trial.

    Respectfully submitted,

    VIRGINIA GRADY
    Federal Public Defender, Interim


    s/ Robert W. Pepin
    ROBERT W. PEPIN
    Assistant Federal Public Defender
    633 - 17th Street, Suite 1000
    Denver, Colorado   80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Robert_Pepin@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing

**MOTION FOR PRETRIAL NOTICE OF 404(b) EVIDENCE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant U.S. Attorney
        pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gary Snisky                          (U.S. Mail)

                                    s/ Robert W. Pepin
                                    ROBERT W. PEPIN
                                    Assistant Federal Public Defender
                                    633 - 17th Street, Suite 1000
                                    Denver, Colorado   80202
                                    Telephone:  (303) 294-7002
                                    FAX:  (303) 294-1192
                                    Robert_Pepin@fd.org
                                    Attorney for Defendant