IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  13-cr-00473-RM-1

UNITED STATES OF AMERICA,

   Plaintiff,

v.

**1.**  **GARY SNISKY,**

   Defendant.

---

## MOTION TO STRIKE SURPLUSAGE IN INDICTMENT

---

  COMES NOW Gary Snisky, by and through his attorney, Assistant Federal Public Defender, Robert W. Pepin, and moves to strike surplusage in the Indictment pursuant to Rule of Criminal Procedure 7(d).

  1.  Mr. Snisky is charged in an eighteen count Indictment (Attached) with mail fraud in violation of 18 U.S.C. § 1341 and conducting money transactions in property derived from mail fraud in violation of 18 U.S.C. § 1957.

  2.  Thirteen of the counts in the Indictment allege mail fraud.  The counts identify specific pieces of mail alleged to have been delivered to an authorized depository to be sent and delivered by the U.S. Postal Service for the purpose of executing a scheme to defraud.  Those thirteen pieces of mail were alleged to have been "sent" from on or after 1/11/12 to on or before 10/26/12.  The business or investment transactions associated with every one of the pieces of mail described in Counts 1 - 13 was a "proprietary value model" (described in the Indictment as the "Bond Program") focused upon the purchase of Ginnie Mae bonds.

3.      Counts 14-18 list specific monetary transactions involving financial institutions and funds alleged to have derived from mail fraud.  The range of dates of the monetary transactions range from 11/17/11 through 4/27/12.  The transactions are all associated with Arete, LLC.

4.      The Indictment contains immaterial or irrelevant allegations which are unfairly prejudicial to Mr. Snisky.  Any reference to actions not specifically part of the charged counts should be removed from the Indictment so as not to prejudice Mr. Snisky by association with immaterial and/or irrelevant and prejudicial allegations.

5.      The Indictment includes the following language:

1.a.    *"Between at least 2010 and sometime in 2011, defendant SNISKY operated in Colorado a company called Colony Capital, LLC ("Colony Capital"), which purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings."*  The allegations found in this paragraph is not associated with any of the charging counts by either time frame or activity and is irrelevant, immaterial, and unfairly prejudicial.  This paragraph should be removed from the Indictment.

1.b.    *"Sometime in 2011, defendant SNISKY [shut down Colony Capital and] formed a company in Longmont, Colorado called Arete, LLC("Arete"), which also purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings."*  The allegations referencing Mr. Snisky shutting down Colony Capital is not associated with any of the charging counts by either time frame or activity

and is irrelevant, immaterial, and unfairly prejudicial. The bracketed

language should be removed.

1.c.     *"Beginning in approximately mid-2010, defendant SNISKY asked Richard*

*Greeott ("Greeott") who was doing information technology work for*

*Colony Capital, to develop an algorithm for a fully-automated system for*

*trading in the futures market (herein after referred to as the*

*"Algorithm")."*  Allegations that Mr. Greeott was working for Colony

Capital are not associated with any of the charging counts by either time

frame or activity and is irrelevant, immaterial, and unfairly prejudicial.

References to the "Algorithm" refer to activities not associated with the

charging counts and are irrelevant, immaterial, and unfairly prejudicial.

This paragraph should be removed from the Indictment.

1.d.     *"Buy the end of 2012, defendant SNISKY knew that Greeott was still*

*developing the Algorithm and was merely testing it by trading in a*

*simulated environment and by making small trades in the futures market.*

*At all times relevant to this Indictment, the Algorithm was still in a*

*developmental phase.  At no time did defendant SNISKY, Greeott, or*

*anyone else at Colony Capital or Arete make any real profit using the*

*Algorithm."*  Allegations of activity concerning the Algorithm are not

associated with any of the charging counts and are irrelevant, immaterial,

and unfairly prejudicial**.**  This paragraph should be removed from the

Indictment.

3

1.e.     *"Beginning in at least 2010 and continuing through at least January 17,*

*2013, defendant Snisky intentionally falsely led investors, potential*

*investors, and financial advisors to believe that the Algorithm was being*

*used by Colony Capital, and later Arete to profitably trade in the futures*

*market in order to falsely bolster Colony Capital's, and later Arete's*

*appearance of success and overall financial stability.  Defendant SNISKY*

*believed that this would make investors more likely to invest in any of*

*Colony Capital's, and later Arete's, investment offerings, including but*

*not limited to, investing for the purposes of trading in the futures market."*

Allegations of activity concerning the Algorithm are not associated with

any of the charging counts and are irrelevant, immaterial, and unfairly

prejudicial.  That improper influence is compounded with any reference to

Colony Capital, which is also not associated with the charging counts by

time frame.  This paragraph should be removed from the Indictment.

1.f.     *"Between approximately December 2010 and March 2012, defendant*

*SNISKY received more than $300,000 in investor money that was*

*supposed to be traded in the futures market.  In approximately early 2010,*

*Defendant Snisky also falsely told at least one investor, who had initially*

*invested with Colony Capital supposedly in a different bond, that*

*approximately $100,000 of that investor's money would be put in the*

*futures trading program."*  As outlined above, allegations of activity

concerning the Algorithm (aka the method by which trading in the futures

market would occur) are not associated with any of the charging counts

and are irrelevant, immaterial, and unfairly prejudicial.  That improper influence is, once again, compounded with any reference to Colony Capital, which is also not associated with the charging counts by time frame.  This paragraph should be removed from the Indictment.

1.g.    *"Between approximately July 2011 and January 2013, defendant SNISKY received more than $4,000,000 in investor money that was supposed to be invested in the Bond Program.  [Defendant SNISKY also falsely told at least one investor who had invested more than $400,000 with Colony Capital supposedly in a different bond in approximately 2010 that the investor's money was being moved into the Bond Program.]"*  The allegations found in this paragraph is not associated with any of the charging counts is irrelevant, immaterial, and unfairly prejudicial.  The bracketed wording should be removed from the Indictment.

1.h.    *"In furtherance of the scheme, the United States Mail was used to send to investors of [Colony Capital, and later] Arete, documents regarding their investments including welcome letters and account statements."*  From what the defense can tell, none of the mail matter associated with the charged counts involve Colony Capital investors or that company.  This bracketed wording should be removed from the Indictment.

5

6.      The purpose of Rule 7(b) as reflected in the Advisory Committee Notes to the Rule is to introduce "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."  Any reference to actions not specifically part of the charged counts should be removed from the Indictment so as not to prejudice.  Mr. Snisky against immaterial and/or irrelevant and prejudicial allegations.

WHEREFORE, Mr. Snisky moves to strike the identified surplusage in the Indictment pursuant to Rule of Criminal Procedure 7(d).

Respectfully submitted,

VIRGINIA GRADY
Federal Public Defender, Interim

s/ Robert W. Pepin_____
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado  80202
Telephone:     (303) 294-7002
Facsimile:     (303) 294-1192
Robert_Pepin@fd.org
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing

## MOTION TO STRIKE SURPLUSAGE IN INDICTMENT

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

> Pegeen Rhyne, Assistant U.S. Attorney
> pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

> Gary Snisky                                  *(Via U.S. Mail)*

> s/ Robert W. Pepin_____
> ROBERT W. PEPIN
> Assistant Federal Public Defender
> 633 - 17th Street, Suite 1000
> Denver, Colorado  80202
> Telephone:     (303) 294-7002
> Facsimile:      (303) 294-1192
> Robert_Pepin@fd.org
> *Attorney for Defendant*