# ATTACHMENT

*United States v. Snisky,*
Case No. 13-cr-00473-RM-1

Indictment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY SNISKY,

    Defendant.

---

**INDICTMENT**
18 U.S.C. § 1341
18 U.S.C. §§ 1957 & 2(b)
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

---

The Grand Jury charges that:

## COUNTS 1-13
## 18 U.S.C. § 1341

**The Scheme**

1. Beginning in or about 2010, and continuing to on or about January 17, 2013, in the State and District of Colorado and elsewhere, defendant GARY S. SNISKY ("SNISKY") knowingly devised and intended to devise a scheme to defraud and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as "the Scheme"). It was part of the Scheme that:

a. Between at least 2010 and sometime in 2011, defendant SNISKY operated in Colorado a company called Colony Capital, LLC ("Colony Capital"), which purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings.

b. Sometime in 2011, defendant SNISKY shut down Colony Capital and formed a company in Longmont, Colorado called Arete, LLC ("Arete"), which also purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings.

c. Beginning in approximately mid-2010, defendant SNISKY asked Richard Greeott ("Greeott"), who was doing information technology work for Colony Capital, to develop an algorithm for a fully-automated trading system for trading in the futures market (hereinafter referred to as the "Algorithm").

d. By the end of 2012, defendant SNISKY knew that Greeott was still developing the Algorithm and was merely testing it by trading in a simulated environment and by making small trades in the futures market. At all times relevant to this Indictment, the Algorithm was still in a developmental phase. At no time did defendant SNISKY, Greeott, or anyone else at Colony Capital or Arete make any real profit using the Algorithm.

e. Beginning in at least 2010 and continuing through at least January 17, 2013, defendant SNISKY intentionally falsely led investors, potential investors, and financial advisors to believe that the Algorithm was being used by Colony Capital, and later Arete, to profitably trade in the futures market in order to falsely bolster Colony Capital's, and later Arete's, appearance of success and overall financial

stability. Defendant SNISKY believed that this would make investors more likely to invest in any of Colony Capital's, and later Arete's, investment offerings, including, but not limited to, investing for the purpose of trading in the futures market.

f. Between approximately December 2010 and March 2012, defendant SNISKY received more than $300,000 in investor money that was supposed to be traded in the futures market. In approximately early 2010, Defendant Snisky also falsely told at least one investor, who had initially invested with Colony Capital supposedly in a different bond, that approximately $100,000 of that investor's money would be put into the futures trading program.

g. Between approximately July 2011 and January 2013, defendant SNISKY's primary focus was to offer investors, potential investors, and financial advisors the purported opportunity to invest money in Arete's "proprietary value model," which was falsely described as being based on using the investors' money to purchase Ginnie Mae bonds (hereinafter referred to as the "Bond Program"). Starting in approximately July 2011, defendant SNISKY offered a 10-year investment model for the Bond Program, which promised the investor a 10% upfront bonus and an annual return of 7%. Prior to April of 2012, defendant SNISKY began offering a 5-year investment model for the Bond Program, which promised a 6% annual return on the invested money.

h. Between approximately July 2011 and January 2013, defendant SNISKY received more than $4,000,000 in investor money that was supposed to be invested in the Bond Program. Defendant SNISKY also falsely told at least one investor who had invested more than $400,000 with Colony Capital supposedly in a different bond in

3

approximately 2010 that the investor's money was being moved into the Bond Program.

i. At all times relevant to this Indictment, defendant SNISKY did not purchase any Ginnie Mae bonds and did not invest investor money as promised.

j. In furtherance of the scheme, the United States Mail was used to send to investors of Colony Capital, and later Arete, documents regarding their investments, including welcome letters and account statements.

**EXECUTION OF THE SCHEME**

2. For the purpose of executing the scheme described above, on or about the dates listed below, defendant SNISKY placed, and caused another to place, in a post office and an authorized depository for mail matter within the State and District of Colorado the mail matter described below to be sent and delivered by the U.S. Postal Service:

| COUNT | DATE | Mail Matter |
|---|---|---|
| 1 | 10/26/12 | Document called "Contributor Information & Data" sent to D.A. and returned to sender Arete LLC as "Not Deliverable As Addressed" |
| 2 | 1/11/12 | Welcome letter and document called "Contributor Information & Data" sent to G.B. |
| 3 | 6/25/12 | Document called "Contributor Information & Data" sent to C.F. |
| 4 | 1/12/12 | Document called "Contributor Information & Data" sent to V.G. |
| 5 | 10/26/12 | Document called "Contributor Information & Data" sent to Gorham Living Trust |
| 6 | 1/13/12 | Document called "Contributor Information & Data" sent to F.M. |
| 7 | 10/25/12 | Document called "Contributor Information & Data" sent to F.M. |
| 8 | 1/12/12 | Document called "Contributor Information & Data" sent to K.M. |
| 9 | 1/11/12 | Document called "Contributor Information & Data" sent to J.M. |

| | | |
|---|---|---|
| 10 | 4/4/12 | Document called "Contributor Information & Data" sent to J.M. |
| 11 | 6/25/12 | Document called "Contributor Information & Data" sent to J.M. |
| 12 | 4/4/12 | Welcome letter sent to T.V. |
| 13 | 10/26/12 | Document called "Contributor Information & Data" sent to T.V. |

In violation of Title 18, United States Code, Section 1341.

## COUNTS 14-18
### 18 U.S.C. §§ 1957, 2(b)

3. On or about the dates set forth below, in the State and District of Colorado, defendant GARY SNISKY knowingly engaged in, and caused others to engage in, the following monetary transactions, which were by, through, or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, mail fraud in violation of 18 U.S.C. § 1341:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 14 | 11/17/11 | $35,426 | Withdrawal from US Bank Acct No. 103680540996 held by Arete LLC |
| 15 | 11/25/11 | $40,000 | Transfer of Check No.1013 made payable to "Greeott Enterprises" and written on US Bank Acct No. 103680540996 held by Arete LLC |
| 16 | 12/8/11 | $15,800 | Transfer of Check No.1016 made payable to "Artisan Shop" and written on US Bank Acct No. 103680540996 held by Arete LLC |
| 17 | 1/9/12 | $15,000 | Deposit of Check No.1023 made payable to Gary Snisky and written on US Bank Acct No. 103680540996 held by Arete LLC |
| 18 | 4/27/12 | $30,000 | Deposit of Cashier's Check No.278505194 made payable to Gary Snisky and remitted by Arete LLC |

In violation of Title 18, United States Code, Sections 1957 and 2(b).

**Forfeiture Allegation**

4. The allegations contained in Counts One through Eighteen of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. Upon conviction of the violations alleged in Counts One through Thirteen of this Indictment involving the commission of violations of 18 U.S.C. § 1341, defendant GARY SNISKY shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) any and all of the his right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense.

6. The property to be forfeited includes, but is not limited to:

> A money judgment in the amount of proceeds obtained by the scheme and by the defendant; less the amount of funds recovered from assets and property that have been forfeited, criminally or civilly.

7. Upon conviction of the violations alleged in Counts Fourteen through Eighteen of this Indictment involving violations of 18 U.S.C. § 1957, defendant GARY SNISKY shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) any and all of the defendant's right, title and interest in all property, real or personal, involved in such offense, or all property traceable to such property.

8. If any of the property described above, as a result of any act or omission of the defendant:

    a)    cannot be located upon the exercise of due diligence;
    b)    has been transferred or sold to, or deposited with, a third party;
    c)    has been placed beyond the jurisdiction of the Court;
    d)    has been substantially diminished in value; or

    e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

<u>Ink signature on file in Clerk's Office</u>
FOREPERSON

JOHN WALSH
UNITED STATES ATTORNEY
s/ Pegeen D. Rhyne
By: Pegeen D. Rhyne
Assistant United States Attorney
PEGEEN D. RHYNE
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
pegeen.rhyne@usdoj.gov

INFORMATION SHEET

DEFENDANT: Gary Snisky
YEAR OF BIRTH: 1966

ADDRESS: Longmont, Colorado

COMPLAINT FILED? _____ YES __x__ NO
  IF YES, PROIVDE MAGISTRATE CASE NUMBER _____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? _____ YES __x__ NO

OFFENSE: COUNTS 1-13: 18 U.S.C. §1341: Mail fraud
COUNT 14-18: 18 U.S.C. § 1957: Monetary Transaction in property derived from mail fraud

Notice of Forfeiture

LOCATION OF OFFENSE: Boulder County, Colorado

PENALTY: COUNTS 1-13: NMT 20 years imprisonment, NMT 5 years supervised release, a $250,000 fine, and a $100 special assessment.

COUNT 14-18: NMT 10 years imprisonment, NMT 3 years supervised release, a $250,000 fine, and a $100 special assessment.

AGENT: IRS Special Agent Ron Loecker (303) 621-5398
FBI Special Agent Kate Funk (303) 630-6811

AUTHORIZED BY: Pegeen D. Rhyne
       Assistant U.S. Attorney
ESTIMATED TIME OF TRIAL:
_____ five days or less

___X___ over five days

_____ other
THE GOVERNMENT **will** seek detention in this case.

OCDETF case: N/A