IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00473-RM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.       GARY SNISKY,

        Defendant.

---

### MOTION TO SUPPRESS STATEMENTS

---

COMES NOW the defendant, Gary Snisky, by and through counsel, Assistant Federal Public Defender Robert W. Pepin, and moves this Court for an Order suppressing any and all statements allegedly made by Mr. Snisky on January 17, 2013 which the government intends to introduce at trial in this matter.  In support of this motion, Mr. Snisky states as follows:

**The Factual Scenario**

1.      Mr. Snisky is charged by Indictment with mail fraud and conducting money transactions in property derived from mail fraud.

2.      Mr. Snisky maintained offices at 710 Tenacity, Longmont Colorado.  On January 17, 2013, in the early morning hours, multiple government agents swept down upon Mr. Snisky's offices and demanded that he and everyone else at the facility speak with them.  As agents controlled his offices, searched at will, confiscated that which they desired, and questioned his friends, Mr. Snisky was interrogated by two agents, FBI Special Agent Kate Funk and Postal Inspector Rob Barnett.  Mr. Snisky did not feel that he had a choice but to submit to questioning. The officer's demanded answers on two occasions that day.

3. The interrogation of Mr. Snisky does not appear to have been either video or audio recorded. There was no written *Miranda* advisement physically presented to, or signed by, Mr. Snisky. There does not appear to have been any oral advisement of Mr. Snisky pertaining to his *Miranda* rights.

4. Nor is there any record of an advisement that Mr. Snisky was not in custody, that he was free to go, that, in spite of the fact that multiple agents were controlling his place of business, seizing everything they could get their hands on, and demanding statements from everyone, he had any choices whatsoever.

5. The statements Mr. Snisky was alleged to have made that day (the only record being a report written by agents) were the result of custodial interrogation conducted without providing Mr. Snisky the benefit of any *Miranda* warning.

6. Mr. Snisky moves this Court to suppress the admission of any alleged statements by him into evidence because they were not voluntarily given by him, were without proper advisement to him of his constitutional rights and were given without a knowing, intelligent, and voluntary waiver of those rights. Moreover, the alleged statements were the products of threats and promises and taken in violation of Mr. Snisky's right to counsel guaranteed by the Sixth Amendment.

7. Because the interrogation in this case took place while Mr. Snisky was in custody, or its functional equivalent, the requirements of *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), apply. Because he was not given a complete, adequate advisement unencumbered by attempts to circumvent his exercise of his rights, any alleged waiver by Mr. Snisky was not voluntarily, knowingly, and intelligently made. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Whether an alleged

waiver of *Miranda* is voluntary, knowingly and intelligent is a legal question requiring independent factual determination. *Miller v. Fenton*, 474 U.S. 104, 110, 106 S.Ct. 445, 449, 88 L.Ed.2d 405 (1985) (habeas corpus case).

8. Before a valid waiver of a defendant's *Miranda* rights may be found, two requirements must be met:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free will and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it.

*Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140, 89 L.Ed.2d 410 (1986).

9. "Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights were waived. *Colorado v. Spring*, 479 U.S. 564, 573, 107 S.Ct. 851, 857, 93 L.Ed.2d 954 (1987) (quoting *Moran v. Burbine*).

10. "When a *Miranda* violation is alleged to have occurred, the burden of proof rests with the government to prove the validity of the waiver by a preponderance of the evidence." *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986); *United States v. Johnson,* 42 F.3d 1312, 1318 (10th Cir. 1994), *cert. denied*, 514 U.S. 1055 (1995). Indeed, the burden of making this showing of a valid waiver is a heavy one. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966). *See also Bond v. United States*, 397 F.2d 162, 165 (10th Cir. 1968), *cert. denied*, 393 U.S. 1035 (1969).

11. Statements made during a custodial interrogation with a faulty advisement of *Miranda* rights may render any statement given inadmissible. *United States v. DiGiacomo*, 579 F.2d 1211, 1215 (10th Cir. 1978).

12. Additionally, any waiver of counsel must be voluntary and a knowing and intelligent relinquishment of the right to counsel. Even after a valid *Miranda* waiver, questioning must cease if the defendant requests counsel. *See Edwards v. Arizona*, 451 U.S. 477, 482-85, 101 S.Ct. 1880, 1883-85, 68 L.Ed.2d 378, 385 (1981); *United States v. Scalf*, 708 F.2d 1540, 1543 (10th Cir. 1983). *See also United States v. Giles*, 967 F.2d 382, 385-86 (10th Cir. 1992); *United States v. Kelsey*, 951 F.2d 1196, 1198-99 (10th Cir. 1991).

13. Mr. Snisky's position is that the interrogation of him was custodial and took place in an atmosphere of coercion. Thus, his alleged statements to officers were rendered involuntary and inadmissible in Court.

14. "To establish a voluntary waiver of Fifth Amendment rights, the government must show (1) that the waiver was the product of free and deliberate choice rather than intimidation, coercion, and deception; and (2) that the waiver was made in full awareness of the nature of the right being waived and the consequences of waiving. [citation omitted]. Only if the totality of the circumstances surrounding the interrogation shows both an uncoerced choice and the requisite level of comprehension can a waiver be effective. [citations omitted]. To evaluate whether a statement or confession was coerced, we consider the characteristics of the defendant, the circumstances surrounding the statements, and the tactics employed by the police. [citing numerous cases]." *United States v. Toro-Pelaez,* 107 F.3d 819, 825-26 (10th Cir.), *cert. denied*, 118 S.Ct. 129 (1997).

15.     "If voluntariness is questioned, the Court has the constitutional duty to make a factual determination.  If the Court finds that by at least a preponderance of the evidence that the statement was voluntary, it may be used."  *United States v. Scott*, 592 F.2d 1139, 1142 (10th Cir. 1979) (citing *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)).  *See also Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).  Indeed, failure to hold the suppression hearing once voluntariness of a defendant's alleged statement is questioned, even if raised orally at mid-trial, is reversible error.  *United States v. Hart*, 729 F.2d 662, 666 (10th Cir. 1984), *cert. denied*, 469 U.S. 1161 (1985); *United States v. Janoe*, 720 F.2d 1156, 1163-65 (10th Cir. 1983), *cert. denied*, 465 U.S. 1036 (1984).  *See also* 18 U.S.C. § 3501(a).  Once the voluntariness of a defendant's alleged statement is raised, the government must prove through the presentation of evidence that the statement it seeks to admit was, at a minimum, voluntarily obtained, that it was the product of a defendant's free will, and was not the product of threats, promises, nor other more subtle forms of coercion.  *See United States v. Tingle*, 658 F.2d 1332, 1334-37 (9th Cir. 1981).

16.     A defendant's statement is involuntary "if the government's conduct causes the defendant's will to be overborne and 'his capacity for self-determination critically impaired.'" *United States v. McCullah*, 76 F.3d 1087, 1101 (10th Cir. 1996) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)), *cert. denied*, 117 S.Ct. 1699 (1997).

17.     Moreover, threats, promises or psychological pressure may render a statement involuntary.  *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770 (1963).

18.  The coercive circumstances of Mr. Snisky's interrogation render any statements involuntary and thus, inadmissible at trial.  "A coerced or involuntary statement, which violates a suspect's right under the Fifth Amendment is not admissible at trial for any purpose."  *United States v. Short*, 947 F.2d 1445, 1449 (10th Cir. 1991), *cert. denied*, 503 U.S. 989 (1992).

19.  Mr. Snisky also moves this court for suppression of these statements because they were the product of his illegal seizure, arrest, and improper and illegal prior interrogation. *Lanier v. South Carolina*, 474 U.S. 25, 26, 106 S.Ct. 297, 298, 88 L.Ed.2d 23 (1985); *Brown v. Illinois*, 422 U.S. 590, 602, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States*, 371 U.S. 471, 485-86, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963).

WHEREFORE, for the foregoing reasons, the defendant respectfully requests this Court to enter an Order suppressing any and all statements allegedly made by him which the government seeks to introduce at trial in the above-captioned matter.  Also, any evidence derived from the statements must be suppressed.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender, Interim


        s/ Robert W. Pepin
        ROBERT W. PEPIN
        Assistant Federal Public Defender
        633 - 17th Street, Suite 1000
        Denver, Colorado  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        robert_pepin@fd.org
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing

**MOTION TO SUPPRESS STATEMENTS**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant U.S. Attorney
        pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gary Snisky        *(Via U.S. Mail)*

    s/   Robert W. Pepin
    ROBERT W. PEPIN
    Assistant Federal Public Defender
    Attorney for Defendant
    633 - 17th Street, Suite 1000
    Denver, Colorado 80202
    (303) 294-7002
    (303) 294-1192
    Robert_Pepin@fd.org