IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    GARY SNISKY**,

        Defendant.
_____

**GOVERNMENT'S RESPONSE TO MOTION FOR *JAMES* HEARING (IN LIMINE DETERMINATION OF ADMISSIBILITY OF RULE 801(D)(2)(E) STATEMENTS) [# 43]**
_____

THE UNITED STATES OF AMERICA, by United States Attorney John F. Walsh, through Assistant United States Attorney Pegeen D. Rhyne, responds to defendant's Motion for *James* Hearing (In Limine Determination of Admissibility of Rule 801(d)(2)(E) Statements) [# 43], as follows:

The government may offer evidence at trial pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence and agrees that the Court should make pre-trial rulings related to the admissibility of statements pursuant to this rule. However, the government notes that, given that the core of this case relates to false statements, many statements will not be offered for the truth of the matter asserted and are, therefore, not hearsay. The foundational requirements of Rule 801(d)(2)(E) do not apply to such false statements made by co-conspirators. *See United States v. Lewis*, 594 F.3d 1270, 1284 (10th Cir. 2010).

With respect to co-conspirator statements offered pursuant to Rule 801(d)(2)(E),

the Tenth Circuit has expressed a concern about the risk of undue prejudice created if statements are admitted with the idea that they will later be "connected up" with evidence demonstrating the existence of a conspiracy, but such evidence is not admitted. *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). This concern has led the Tenth Circuit to prescribe a "preferred order of proof," which "simply refers to the requirement that the trial judge make his requisite factual determinations prior to allowing the co-conspirator hearsay statements to be heard by the jury." *United States v. Hernandez*, 829 F.2d 988, 994 n.6 (10th Cir. 1987). This requirement arises in part because those factual determinations are made in part by examination of the co-conspirator statements themselves. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *Hernandez*, 829 F.2d at 993. It is also clear that defendants have "no distinct right to a pre-trial hearing with respect to the conspiracy determination." *Id.* at 994. The important factor is not that the trial court hold a hearing *per se*, but that the trial court make its relevant factual determinations prior to the introduction of co-conspirator statements to the jury. *See Urena*, 27 F.3d at 1491; *Hernandez*, 829 F.2d at 993-94.

Based on the considerations outlined above, the government proposes to submit a *James* log detailing the various statements it intends to introduce and the evidence proving the existence of a conspiracy, including its dates of existence and its members. Presumably, defendant Snisky will then have an opportunity to file any objections. After receiving the pleadings from both parties, the Court will then be in a position to decide whether a further hearing is required or whether the Court is able to make the requisite determinations pursuant to Rule 104 of the Federal Rules of Evidence. This procedure

would allow the Court at least the possibility of avoiding a time-consuming "mini-trial" if it is able to rule on the pleadings.   See *United States v. Cheatham*, 500 F. Supp.2d 528, 536-37 (W.D. Pa. 2007).

                                                    JOHN F. WALSH
                                                    United States Attorney

                                                    By:*s/Pegeen D. Rhyne*
                                                    PEGEEN D. RHYNE
                                                    Assistant U.S. Attorney
                                                    1225 17th Street, Suite 700
                                                    Denver, Colorado 80202
                                                    (303) 454-0100
                                                    (303) 454-0409 (fax)
                                                    Pegeen.Rhyne@usdoj.gov
                                                    Attorney for Government

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of June, 2014, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION FOR *JAMES* HEARING (IN LIMINE DETERMINATION OF ADMISSIBILITY OF RULE 801(D)(2)(E) STATEMENTS) [# 43]** with the Clerk of the Court using the CM/ECF system which will send notification of the same to any and all counsel of record.

      By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Facsimile: 303-454-0409
E-mail: Solange.Reigel@usdoj.gov