IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    GARY SNISKY,**

        Defendant.

_____

**GOVERNMENT'S RESPONSE TO MOTION TO STRIKE SURPLUSAGE IN INDICTMENT [# 48]**
_____

THE UNITED STATES OF AMERICA, by United States Attorney John F. Walsh, through Assistant United States Attorney Pegeen D. Rhyne, hereby responds to the defendant's Motion to Strike Surplusage in Indictment [# 48]. This motion should be denied.

In the Indictment, the government specifies the scope of the charged mail fraud scheme as: (1) beginning in or about 2010, and continuing to on or about January 17, 2013; (2) including conduct related to both Colony Capital and Arete; and (3) including conduct related to false representations regarding both the futures trading market and the Ginnie Mae bond program. [# 2 at pp. 1-3].

In an apparent attempt to limit the government's proof at trial, the defendant argues that the charged mailings should define scope of the mail fraud scheme. [#48 at pp. 2-5]. The defendant misunderstands the nature of the mail fraud scheme, and his motion should be denied.

## MEMORANDUM OF LAW

The Court has the power to strike "surplusage" from the indictment. Fed. R. Crim. P. 7(d). At this point, however, the defendant's request is premature. The Court should wait to rule on a motion to strike surplusage until the close of the evidence but before the Indictment has been provided to the petit jury because the Court will then be in the best position to determine the relevance and prejudice of the challenged allegations. *United States v. McVeigh*, 940 F. Supp. 1571, 1584 (D. Colo. 1996).

In considering whether to grant a motion to strike surplusage, allegations are considered surplusage only if they are "not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990). This is an exacting standard which is rarely met. *United States v. Jackson*, 850 F. Supp. 1481, 1506 (D. Kan. 1994); 1 Charles Alan Wright, *Federal Practice & Procedure*, § 127 (3d ed. Supp. 2004). It is well established that allegations which are admissible and relevant to the charge and which the government hopes to properly prove at trial may not be stricken, regardless of how prejudicial the language is. *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990); *United States v. Edwards*, 72 F. Supp. 2d 664, 667 (M.D. La. 1999); *Jackson*, 850 F. Supp. at 1507.

Mail fraud crimes are broad in scope and are established by proof of a scheme to defraud and the use of mails to facilitate that scheme. *United States v. Janusz*, 135 F.3d 1319, 1323 (10th Cir. 1998); *United States v. Massey*, 48 F.3d 1560, 1566 (10th 1995); *Gusow v. United States*, 347 F.2d 755, 756 (10th Cir. 1965). The use of the mails need not relate to any particular aspect of the charged scheme. It is sufficient that they be for

the purpose of executing the charged scheme and incident to an essential part of the scheme.  *See Schmuck v. United States*, 489 U.S. 705, 715 (1989); *United States v. Weiss*, 630 F.3d 1263, 1269-70 (10th Cir. 2010); *see also United States v. Redcorn*, 528 F.3d 727, 738 (10th Cir. 2008) (same principle applied to wires in wire fraud scheme).

In his motion, defendant argues that the charged scheme must be narrowly defined by the charged mailings.  As set forth above, this is simply not the law.  Because the government intends to prove that defendant Snisky's offerings through Colony Capital and his false statements regarding his companies' success in the futures trading market as identified in the Indictment were part of the defendant's mail fraud scheme, this language should not be stricken from the Indictment.

JOHN F. WALSH
United States Attorney

By:*s/Pegeen D. Rhyne*
PEGEEN D. RHYNE
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
(303) 454-0100
(303) 454-0409 (fax)
Pegeen.Rhyne@usdoj.gov
Attorney for Government

3

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of June, 2014, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO STRIKE SURPLUSAGE IN INDICTMENT [# 48]** with the Clerk of the Court using the CM/ECF system which will send notification of the same to any and all counsel of record.

      By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Facsimile: 303-454-0409
E-mail: Solange.Reigel@usdoj.gov