IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    GARY SNISKY**,

        Defendant.

_____

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS - DUPLICITY [# 44]**
_____

        THE UNITED STATES OF AMERICA, by United States Attorney John F. Walsh, through Assistant United States Attorney Pegeen D. Rhyne, hereby files its response in opposition to Motion to Dismiss - Duplicity.  [Doc # 44].  Defendant Snisky's motion should be denied.

        In his motion, the defendant argues that Counts 1-13 in the Indictment are duplicitous because these mail fraud counts charge both "a scheme to defraud and a scheme to obtain money by false and fraudulent pretenses."  [# 44 at pg. 2].  The defendant further argues that this alleged duplicity error causes the Indictment to violate the defendant's Fifth Amendment rights because defendant claims that he is unable to discern which scheme was charged by the grand jury.  [# 44 at pg. 3].  Finally, the defendant argues that the Indictment violates his Sixth Amendment rights because it may give "improper notice of the charges against him, prejudice the defendant in sentencing, and limit the scope of the defendant's appeal."  [# 44 at pg. 4]  The defendant's

arguments do not have merit, and his motion to dismiss should be denied.

## Counts 1 Through 13 Are Properly Charged

Prosecutors regularly "charge conjunctively, in one count, the various means of committing a statutory offense, in order to avoid the pitfalls of duplicitous pleading." *Griffin v. United States*, 502 U.S. 46, 50 (1991). Offering support for this practice, the Supreme Court cited the following:

> A statute often makes punishable the doing of one thing *or* another, ... sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any of them.

*Id.* (emphasis in the original) (internal citations omitted); *see also United States v. Miller*, 471 U.S. 130, 136 (1985) ("The Court has long recognized that an indictment may charge... the commission of any one offense in several ways"). The Tenth Circuit has also long approved of this practice: "[W]e have held in numerous cases that if a statute embraces several separate and distinct acts as a crime, an ... indictment in the language of the statute alleging more than one of the statutory offenses is not duplicitous, if pleaded in the conjunctive." *Kitchens v. United States*, 272 F.2d 757, 761 (10th Cir. 1959) (collecting cases with this holding); *see also United States v. Crummer*, 151 F.2d 958, 963 (10th Cir. 1945); *Troutman v. United States*, 100 F.2d 628, 631 (1938).

In *Troutman*, the defendant argued that a count in the indictment was duplicitous because it charged "separate and distinct violations" of the Securities Act. *Troutman*, 100 F.2d at 631. The charging statute made it unlawful for any person in connection with the sale of a security in interstate commerce or by use of the mails (1) to employ a scheme to defraud; or (2) to obtain money or property by means of materially false statements or material omissions; or (3) to engage in any practice which would operate as a fraud or deceit upon the purchaser. *Id.* The indictment charged each of these three offenses in the conjunctive in a single count. *Id.* In rejecting the defendant's duplicity argument, the court stated:

> An indictment charging a statutory offense must follow the statute creating it; but where the statute denounces several acts as a crime, they may be charged in the conjunctive. An indictment drawn in such a manner is not duplicitous, and it suffices to prove any one or more of the charges. *Id.*

Similarly, in *Crummer*, the Tenth Circuit held that charging in a single mail fraud count a scheme to defraud and to obtain money by means of false representations was not duplicitous because they were simply two means of action and procedure to accomplish a single scheme. *Crummer,* 151 F.2d at 963.

Thus, in charging a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises in the mail fraud counts, the Indictment in this case complies with this well-established and judicially approved practice of charging multiple means of violating a statute in the conjunctive in a single count.

### *Cronic* Does Not Support Defendant's Duplicity Argument

In his attempt to attack the Indictment as duplicitous, the defendant has not cited a

single case that has held this charging practice to be duplicitous. Instead, he relies on *United States v. Cronic*, 900 F.2d 1511 (10th Cir. 1990), which does not address duplicity at all. On the contrary, the *Cronic* court noted, without any criticism, that the indictment charged the defendant in that case with "both a scheme to defraud and a scheme to obtain money by false or fraudulent pretenses, representations or promises." *Cronic*, 900 F.2d at 1514. However, the jury instructions only included an instruction regarding the scheme to obtain money and did not include any instruction regarding a scheme to defraud. *Id.* at 1514-15. As a result, the court found that the government had "saddled itself with the burden of establishing that money was obtained ... by means of false and fraudulent pretenses, representations, or promises." *Id.* at 1515. Factually, however, there was no evidence that the charged check kiting scheme included any false statement because the court found that the kited checks did not constitute false statements. *Id.* at 1515-17. Therefore, the court held that the government had not met its burden of proving the elements of the crime because it could not prove false statements were made. *Id.* at 1517.

While the *Cronic* case describes a scheme to defraud and a scheme to obtain money as "two separate offenses," it does so in the context of describing the evidentiary burden that the government was required to meet in order to prove each. *Id.* at 1513-1514. Nowhere in its opinion does the *Cronic* court suggest that, by using this "two separate offenses" language, it intended to overturn the long-standing Tenth Circuit and Supreme Court precedent that multiple acts may be charged in the same count without being duplicitous so long as they are charged in the conjunctive. Indeed, because

4

*Cronic* was not an *en banc* decision, it could not overrule this prior precedent even if that had been its intent. *See United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (under the doctrine of *stare decisis,* one Tenth Circuit panel cannot overturn the decision of another without *en banc* reconsideration or a superseding contrary decision by the Supreme Court). Nor does the Tenth Circuit have the authority to overturn or ignore the prior Supreme Court precedent regarding this charging practice.

Apparently recognizing this, in an unpublished opinion, the Tenth Circuit confirmed its approval of this long-standing charging practice despite the language used in *Cronic*: "[T]his court has determined that when both a scheme to defraud and to obtain money are charged ... in a single count and are connected in the conjunctive, they are not duplicitous, and it will suffice to prove any one or more of the charges." *United States v. LeFebvre*, 189 Fed. Appx. 767, 772 (10th Cir. 2006) (unpublished) *citing Troutman*, 100 F.2d at 631. The court rejected the defendant's duplicity argument and held that the prosecution was not required to elect between the scheme to defraud and the scheme to obtain money but instead could proceed at trial on both theories. *Id.* at 772-73; *see also United States v. Hassur*, 2002 WL 31682362, *2 (D. Kan. 2002) (unpublished) (*Cronic* makes clear that a defendant can be charged with a "scheme to defraud and a scheme to obtain money by false or fraudulent representation" so long as the jury is instructed on both and renders a unanimous verdict).

Accordingly, the Court should reject the defendant's duplicity argument and deny his motion.

### If the Court Has Concerns that Counts 1 Through 13 May be Duplicitous, A Unanimity Instruction Addresses Such Concerns

In the wake of *Cronic*, but prior to *LeFebvre*, the Tenth Circuit addressed several cases in which duplicity claims were asserted based on the language in *Cronic*. *See United States v. Fredette*, 315 F.3d 1235, 1242-43 (10th Cir. 2003); *United States v. Haber*, 251 F.3d 881, 887-89 (10th Cir. 2001); *United States v. Trammell*, 133 F.3d 1343, 1353-55 (10th Cir. 1998). In each of these cases, the Tenth Circuit specifically declined to address whether the fraud counts that included both a scheme to defraud and a scheme to obtain money by means of false representations were duplicitous. *Id.* Instead, in each case, the court affirmed the convictions because, even if the indictments were duplicitous, the error was harmless because the jury instructions included a unanimity instruction that cured any duplicity error. *Id.* While the government does not believe there is a duplicity error in the Indictment, it nonetheless intends to propose the following augmented unanimity instruction modeled after the one approved by the Tenth Circuit in *Trammell*;

> The government has alleged the defendant's actions constituted: (1) a scheme to defraud, and/or (2) a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises. In order to find defendant guilty of this offense, you must find the government has proven beyond a reasonable doubt that the defendant pursued either or both (1) a scheme to defraud, and/or (2) a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises. Furthermore, should you so decide, you must unanimously agree as to whether there was a scheme to defraud, whether there was a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, or both.

*See Trammell*, 133 F.3d at 1355. Accordingly, even if the Court has concerns about the duplicity claims raised by defendant, such concerns can be addressed be cured by giving this proposed instruction.[1]

### The Government Intends To Prove Both Theories At Trial

Additionally, the government hereby gives the defendant notice that it intends to prove at trial that the defendant engaged in a scheme to defraud <u>and</u> to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises. Accordingly, to the extent that the defendant argues that the Indictment gives him insufficient notice as to which charge he must defend against, defendant is hereby notified that he will need to defendant against both types of charged acts. *See LeFebvre*, 189 Fed. Appx. at 773 (defendant received ample notice that the government intended to offer evidence proving both a scheme to defraud and a scheme to obtain money by false pretenses).

### No Fifth Amendment Violation Has Occurred

The defendant's claim that the alleged duplicity error implicates his Fifth Amendment right to be tried only on charges made by the Grand Jury is perplexing. The defendant claims that "[w]here one count contains two offenses, it may be impossible to assure that each grand juror voted to indict on the same offense." [# 44 at pg. 3].

---

[1] Even if the Court finds that the mail fraud charges are duplicitous and that any resulting problem would not be cured by the proposed jury instruction, the remedy would not be to dismiss the charges in the indictment. The Tenth Circuit and leading commentators have repeatedly noted that the appropriate remedy for a duplicitous count which has not been submitted to a jury is to require the government to elect the upon which charge contained in that count it will rely. *Trammell*, 133 F.3d at 1354-55; *United States v. Bowline*, 593 F.2d 944, 947 (10th Cir. 1979); 1A Charles Alan Wright, *Federal Practice & Procedure* § 145 (5th ed. 2005); 24 *Moore's Federal Practice* § 608.04[5] (3d ed. 1998, 2005 Supp.).

However, given that the Indictment is charged in the conjunctive, a plain reading of the indictment indicates that grand jurors voted to indict the defendant on both the scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.  *See e.g. United States v. Muelbl*, 739 F.2d 1175, 1181 (7th Cir. 1984) (where indictment charged a conspiracy to distribute three types of drugs, "[c]leary the grand jury charged a conspiracy with regard to each drug," and there was no danger that a guilty verdict on any one of them would violate defendant's Fifth Amendment rights); *see also Miller*, 471 U.S. at 136 ("[a]s long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges ... other means of committing the same crime").  In this case, evidence in support of a scheme to both defraud and obtain money by false representations was presented to the grand jury, and there is no reason to doubt that the grand jury voted to indict on both.  Notably, the defendant cites no authority to support his argument that the charging language in Counts 1 through 13 raises doubts regarding what charges the grand jury approved.

\\\

\\\

## Conclusion

For the reasons set forth above, defendant's Motion to Dismiss should be denied.

        JOHN F. WALSH
        United States Attorney


        By:*s/Pegeen D. Rhyne*
        PEGEEN D. RHYNE
        Assistant U.S. Attorneys
        United States Attorney's Office
        1225 17th Street, Suite 700
        Denver, Colorado 80202
        (303) 454-0100
        (303) 454-0409 (fax)
        Pegeen.Rhyne@usdoj.gov
        Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2014, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO DISMISS - DUPLICITY [# 44]** with the Clerk of the Court using the CM/ECF system which will send notification of the same to any and all counsel of record.

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Facsimile: 303-454-0409
E-mail: Solange.Reigel@usdoj.gov