IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.    GARY SNISKY,**

       Defendant.

_____

### GOVERNMENT'S RESPONSE TO MOTION FOR A BILL OF PARTICULARS [# 49]
_____

THE UNITED STATES OF AMERICA, by United States Attorney John F. Walsh, through Assistant United States Attorney Pegeen D. Rhyne, hereby files its response in opposition to the defendant's Motion for a Bill of Particulars. [# 49]. Defendant's motion should be denied.

The defendant is charged with knowingly making, and causing others to make, a number of false statements and fraudulent omissions in connection with investment offerings through his companies Colony Capital and Arete.

To obtain a mail fraud conviction under Title18, United States Code, Section 1341, the government must allege and prove: (1) the existence of a scheme to defraud or to obtain money by means of false or fraudulent pretenses, representations, or promises; (2) the specific intent to defraud; and (3) the use of the United States mails to execute the scheme. *United States v. Kennedy*, 64 F.3d 1465, 1475 (10th Cir. 1995). These

elements, and the theory of the government's case, are set forth in the Indictment [# 2 at pp. 1-5], as required.  *See United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (bill of particulars is not necessary where the indictment sets for the required elements and the government's theory of the case).

The defendant claims that, because the Indictment does not specify the government's theory regarding how the alleged mailings "forwarded the execution of the alleged scheme to defraud," he is entitled to a bill of particulars.  [#49 at pp. 1-2].  From the discovery, it is clear that twelve of the thirteen mailings charged in the Indictment (Counts 1-11 & 13) included false account statements, entitled "Contributor Information & Data," which were sent to investors in order to falsely reassure them that their money had been invested as promised and was earning interest as promised.  The mailing charged in Count 12 is a welcome letter sent by Arete and Cornerstone Marketing Group to investor T.V.  The welcome letter congratulated T.V. on joining the investment, provided her with her Arete identification number, asked her to confirm her contact information, and explained what further communications she should expect to receive during her investment.  This letter reassured T.V. that she made a legitimate investment.  The mailing charged in Count 2 contained a similar welcome letter in addition to the account statement.

Because the Indictment and the discovery already provide the defendant with notice of the charges against him, the defendant is not entitled to a bill of particulars. "[T]he purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare a defense."  *United States v. Ivy*, 83 F.3d

1266, 1281 (10th Cir. 1996) (citations and internal quotation marks omitted). A bill of particulars is not warranted when the indictment sufficiently sets forth the elements of the charged offense. *See United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991); *United States v. Logan*, 241 F. Supp. 2d 1164, 1172 (D. Kan 2002). Moreover, "[a] bill of particulars may not be used to compel the [g]overnment to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (citation and internal quotation marks omitted).

Furthermore, a bill of particulars is unnecessary where the information is available from other sources such as discovery. *See Ivy,* 83 F.3d at 1282. In *Ivy*, the Tenth Circuit rejected the defendants' argument that the district court erred in denying their motion for a bill of particulars, stating,

> By providing complete discovery containing sufficient information to allow [defendants] to prepare their defense, the government gave [defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment. Once the government provided these tools, it was [defendants'] responsibility to use them in preparing their defense, regardless of whether the discovery was copious and the preparation for the defense was difficult.

*Ivy*, 83 F. 3d at 1282; *see also Gabriel*, 715 F.2d at 1449 (in properly denying bill of particulars, the district court pointed out that the government had fully disclosed all the documentary and physical evidence it intended to produce at trial); *Logan*, 241 F. Supp. 2d at 1173 (bill of particulars not required where the information the defendant seeks can be obtained in some other satisfactory form).

Given that the Indictment plainly states the required elements of the offenses and the government's theory regarding the mailings is clear from discovery, the defendant's Motion for a Bill of Particulars should be denied.

JOHN F. WALSH
United States Attorney

By:*s/Pegeen D. Rhyne*
PEGEEN D. RHYNE
Assistant U.S. Attorneys
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
(303) 454-0100
(303) 454-0409 (fax)
Pegeen.Rhyne@usdoj.gov
Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2014, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION FOR A BILL OF PARTICULARS [# 49]** with the Clerk of the Court using the CM/ECF system which will send notification of the same to any and all counsel of record.

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Facsimile: 303-454-0409
E-mail: Solange.Reigel@usdoj.gov