IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00473-RM

UNITED STATES OF AMERICA,

   Plaintiff,

v.

**1.  GARY SNISKY,**

   Defendant.
_____

**RESPONSE TO GOVERNMENT'S *JAMES* PROFFER**
_____

  COMES NOW Gary Sniksy, by and through his attorney Assistant Federal Public Defender Robert W. Pepin, and hereby submits the following objections to the Government's *James* proffer made pursuant to F.R.E. 801(d)(2)(E):

  1. Under Federal Rules of Evidence 801(d)(2)(E), statements by co-conspirators are properly admissible as non-hearsay at trial if the Court determines, by a preponderance of the evidence, that: (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994).  It is the burden of the government to prove each of the elements by a preponderance of the evidence and it is the trial court that determines admissibility.  *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987).  In deciding whether the prerequisites for admission of the co-conspirator statements have been satisfied, the Court may consider the co-conspirator statements sought to be admitted as evidence of the conspiracy.  *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1995).  The

Tenth Circuit has further held, however, that "there need ... be some independent evidence linking the defendant to the conspiracy."  *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987).

2.	The government has proffered five statements which it believes are admissible pursuant to Federal Rule of Evidence 801(d)(2)(E). They are:

**Statement # 1:  "Greeott explained that he used the algorithms to write a program which he managed";**

**Statement # 2:  "Rick Greeott was a computer programer operating a trading program";**

**Statement # 3:  "Rick Greeott told Steve Mccauley that they were actively trading funds using an algorithm which Greeott created";**

**Statement # 4:  "Greeott was writing an algorithm which would be used for trading";**

**Statement# 5:  "Greeott told Cheryl Paxton in an e-mail that Colony Capital would be changing its name to Arete, but that everything would remain the same"**

The identified statements are not admissible pursuant to F.R.E.801(d)(2)(E).

3.	Existence of a Conspiracy

The first element the Court must consider is the existence of a conspiracy.  "To prove a conspiracy, the Government must show: (1) two or more persons agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; and (4) the alleged co-conspirators were interdependent."  *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006).

Neither the statements themselves, nor the proffered information, nor a combination of those two sources establish that anyone agreed to violate the law. The proffered statements reveal an articulation of business oriented discussion and explanation, however, agreement to participate in the commission of a criminal act, or agreement to the intent or acts necessary to commit a criminal act does not reveal itself in the statement of facts put forth in Mr. Geerott's self preserving plea agreement. The government's factual proffer consists solely of the factual statement found in that plea agreement. Additionally, it appears that all of the proffered algorithm statements (#s 1-4) were true. Mr. Greeott did use a algorithms to write a program he managed, he was a computer programer operating a trading program, he was actively trading funds using an algorithm, and he was writing an algorithm which would be used for trading.

Statement # 5, featuring Cheryl Paxton quoting Richard Greeott, has Mr. Greeott talking about a business venture called Colony Capital, which is not the company (Arete) through which all of the alleged law violations are said to have occurred. The statement is also outside of the time period during which the alleged activities targeted in the indictment are said to have occurred. All mail fraud counts focus upon dates in 2012. Three of the money laundering counts involve dates in November and December, 2011, and, while Mr. Greeott is supposed to have made his statement to Ms. Paxton sometime in 2011, there is nothing tying the discussed money laundering count funds with Ms. Paxton or her alleged discussion with Mr. Greeott.

4.      The statements attributed to Greeott were not "in furtherance" of any conspiracy to commit a crime.

All of the charged counts involve mail fraud focusing upon a business venture during which invested monies were to be used to buy Ginnie Mae Bonds. The venture was not designed to put invested funds into the trading algorithm which is at the heart of proffered statements #1-4. Discussions of that algorithm were not used "in furtherance" of any conspiracy to commit a crime, first, because there was no conspiracy to commit a crime and, second, because if the charged counts do reveal real crime, the algorithm discussions of # 1-4 were not about those activities.

Additionally, Ms. Paxton's proffered statement # 5 was not about ("in furtherance of") those alleged crimes.

5.      Mr. Snisky objects to the admission of any of the five statements identified in the Government's proffer. They are not admissible pursuant F.R.E. 801(d)(2)(5).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert.Pepin@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2014 , I electronically filed the foregoing

**RESPONSE TO GOVERNMENT'S *JAMES* PROFFER**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant U.S. Attorney
        pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gary Snisky, Defendant
    (via mail)

        s/ Robert W. Pepin
        ROBERT W. PEPIN
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Robert.Pepin@fd.org
        Attorney for Defendant