**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GARY SNISKY,

    Defendant.

_____

**ORDER ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS**
_____

    THIS MATTER is before the Court on Defendant's Motion for *James* Hearing (ECF No. 43.)  The government initially responded by proposing that the matter be resolved by written submissions rather than an evidentiary hearing.  (ECF No. 53.)  Then, shortly before a previously set date for a hearing on all pending motions, the government submitted a written *James* proffer and *James* log.  (ECF No. 64.)  At the motions hearing on September 3, 2014, the Court directed Defendant to file any response or objection to the *James* proffer by September 22, 2014.  The Defendant has done so, objecting to admission of the statements contained in the *James* log.  (ECF No. 66.)

    The Court has reviewed the indictment and all relevant pleadings pertaining to the subject 801(d)(2)(E) statements.  The Court concludes that no hearing is required by law, *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987), and that the necessary determination may be made in this case on the basis on the written submissions.

The Court finds and concludes that it has adequate information before it to make a pre-trial determination of the admissibility of the proffered Rule 801(d)(2)(E) statements.  The Court finds and concludes, by a preponderance of the evidence, that the government has met its burden to establish that (i) a conspiracy existed, (ii) Defendant Snisky and Richard Greeott were both members of that conspiracy, and (iii) the proffered statements contained in the government's *James* log were made in the course of and in furtherance of that conspiracy.  The Court also finds and agrees with the government that a proper basis for determination that the statements were in furtherance of the conspiracy is as described in the log as the "Basis for Admission."

The Court rejects and overrules the objections/positions set forth by Defendant Snisky in his response to the *James* proffer.  Defendant primarily characterizes the conspiracy as falling short of one to violate the law.  The Court disagrees and notes that the same facts as set forth in the proffer were the basis of Mr. Greeott's plea to and conviction of conspiracy to commit mail fraud in 13-cr-00375-PAB.  Additionally, Defendant seeks to define narrowly the pertinent dates and relevant activity by focusing on the substantive mailings rather than the scheme as alleged in the indictment.  According to Defendant, assuming this view of the charges is adopted, the statements are not during or in furtherance of the conspiracy.  The Court already rejected this approach to the scheme in the context of other motions.  Other assertions made by Defendant do not alter the Court's determination that the government has met its burden on this issue.

Therefore, it is:

DETERMINED AND FOUND, by a preponderance, that a conspiracy existed, that Defendant Snisky and Richard Greeott were members of that conspiracy, and that the statements set forth in the government's *James* log were made in the course of and in furtherance of that conspiracy.

Accordingly, it is hereby:

ORDERED that the Motion for *James* Hearing is GRANTED to the extent that it seeks a pre-trial determination of the admissibility of Rule 801(d)(2)(E) statements, but DENIED to the extent it seeks an evidentiary or further hearing on the matter or seeks to preclude the government from introducing the statements described in the *James* log; and

FURTHER ORDERED that statements contained in the government's *James* log may be introduced and utilized at trial against Defendant Snisky.

DATED this 3rd day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge