IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    13-cr-00473-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.    GARY SNISKY,**

       Defendant.

___

**UNOPPOSED MOTION TO CONTINUE EXPERT DISCLOSURE
AND JURY TRIAL DATES**
___

       Gary Snisky, by and through his attorney, Robert W. Pepin, Assistant Federal Public Defender, moves this Court to continue the three week jury trial presently scheduled to begin on January 12, 2015.  Additionally, defense counsel moves for an extension of 45 days within which to disclose potential expert witnesses, should any be designated.  Government's counsel Assistant U.S. Attorney Pegeen Rhyne does not oppose this request.  The grounds for these motions are set forth below.

       1.    Defense counsel incorporates by reference **Unopposed Motion to Vacate Trial Date and Set a Status Conference (**Document # 20) and **Unopposed Motion to Continue Motions Filing and Jury Trial Dates** (Document # 38), both of which are attached for ease of that reference.

       2.    To date, defense counsel, the case investigator, a paralegal, and others have gained a working familiarity with the 16,000 pages of documents described in the two earlier motions.

As previously described, many of these documents are witness interviews and that sense of familiarity has been hard won via days upon days of assessment and meetings with Gary Snisky, the defendant, and consultation with various other sources.  The many witnesses, including an indicted, cooperating co-conspirator, purported unindicted co-conspirators, bank employees, registered financial advisors of one stripe or another, trust company employees, insurance or investment salespersons, various alleged victims and correspondents, people associated with various forms of "investment opportunities" involved in the activities swirling around the facts and circumstances of this case, including sales type people, are both local and far flung.  Counsel cannot, without revealing work product, describe contacts and/or efforts regarding contacts, which may have been made to date but counsel will state that all efforts regarding that  process are ongoing.

The Court has previously seen the names "Colony Capital" and "Arete" in filings by both the defense (Document #20)  and the government (Indictment and elsewhere).  However, those names reveal just the tip of the iceberg.  Bank accounts alone number at least 50, likely 40 plus of which seem to involve accounts associated in some way or another with circumstances the prosecution will be touching upon in their case.  The bank account names and associations provide a window into the complications the defense is wading through in order to provide Mr. Snisky with effective assistance of counsel.  Some accounts do bear the names "Arete" and "Colony Capital", but most don't.

There are, for example, in US Bank, accounts titled Group Summit,  LLC, Colony Capital,  LLC, Group CMG,  LLC, Stylus Group, LLC, and Arete, Inc.  In Compass Bank we find Alke, Inc, Group Summit, LLC, Cuilone, LLC, Arete, LTD, Salmon Master Trust, and Cyan

Master Trust.  In Key Bank there are accounts for Group CMG LLC, Group Summit LLC, ASQUARED, LLC joined by similarly alphabetically designated accounts through to LSQUARED, LLC, Cuilone, LLC, Alke, Inc., and others.  All of these accounts fit, in someway or another, with the facts and circumstances of this case.  Some are small, simple accounts, some are much more complicated.  Each account represents some sort of business activity; activity the government already has or will likely be arguing is representative of fraud.  Arete isn't just Arete, it intersects with Cornerstone Marketing Group and all of its people and issues; and Arete intersects with Stylus and all of its issues and people; and Arete intersects with Salmon, Cyan, etc.  Each argument that any action is fraud based must be met.  Understanding it all has been very challenging and has involved days of study and discussion with Mr. Snisky.  The defense continues its work but it has been time consuming and painfully slow.  It is also incomplete.

3. The defense has reviewed the physical evidence seized by the government during its searches of the Arete and Cornerstone Marketing Group offices.  Processing the materials observed, reviewed, and copied with Mr. Snisky continues.  The defense may need to go back to view the held evidence but that determination will have to be made during the continuing processing and preparations.

4. The defense has received the contents of the computers confiscated by the government during its investigation.  There have been in-house technical issues with getting those contents, apparently replete with e-mail traffic and documentary information, into a form which counsel and Mr. Snisky can view and assess.  That problem is being addressed, but as with all of this material, the processing will take additional time.

5.      The defense is very aware that it is under the gun to provide appropriate disclosure of potential expert testimony.  The defense is also aware that a two-week extension of such notification has already been granted at their request.  However, in spite of counsel's efforts to date, the defense believes that it is still 45 days out from determining two things.  Is there expert testimony which would be necessary for the defense to present in order to provide effective assistance of counsel to Mr. Snisky and, what would that expertise involve?  It appears to the defense that the answer to the first question, while not yet definite, could be yes; it may well be necessary to plan to present expert testimony.  Counsel cannot yet make that decision, without exposing Mr. Snisky to the risk that such a decision, not yet fully advised or developed, could be more harmful than not.

6.      The processing of the material and the defense with Mr. Snisky has been recently hampered by a positive development in Mr. Snisky's life.  After months of looking, he was able to find a job.  This is good news in that he and his family have been living off of the small income his wife brings home; anything helps.  However, the job, with Baker Hughs Incorporated working with drilling rigs, requires long days, often 12 hours long.  The schedule is generally 15 days on and six days off.  Mr. Snisky has been working for approximately six weeks.  In essence, he has started a desperately needed (and pre-trial supervision compliant) job which keeps him exhaustingly busy, just when defense counsel needs him most.  Had Mr. Snisky not found this job, the problems discussed above would not have been solved, however, the progress which can be made will be further hampered by his more limited availability.

7.	In his previous request for an ends of justice continuance, counsel said that he believed that he could not be prepared for trial before January 15, 2015.  The Court set the trial for January 12, 2015, and the defense has been doing its work with that as the target date. Generally, despite the work done to date and continuing efforts, Mr. Snisky will need at least another 60 days to prepare for trial.

8.	In support of this motion Mr. Snisky addresses the factors articulated in *United States v. West,* 828 F.2d 1468, 1469-70 (10th Cir. 1987).  This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams,* 511 F.3d 1044 (10th Cir. 2007):

> In *West* the 10th Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, it's witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the *West* factors Mr. Snisky states as follows:

    a.    The defense has exercised diligence.  Counsel above set forth the circumstances surrounding this case, the nature of the material and subject matter counsel is dealing with, the potential witnesses and their various placement around the country.  Counsel has been as diligent as possible considering the circumstances.  As described previously, discovery has been reviewed but it is understanding it, in context of unfamiliar business models, and the continued detailed input concerning all of it from Mr. Snisky, hampered now by restrictions upon the time of Mr. Snisky's availability, which is so very time consuming and difficult.  There are computer contents which have yet to be reviewed, although the hampering technical issues are being remedied.  The determination of what, if any, expert testimony may be necessary is a continuing issue.  More than simply diligence will be required to effectively represent Mr. Snisky at trial.

    b.    If a continuance is granted there is every reason to believe that technical information will be learned, potential witnesses found and interviewed, and other information will be collected.  The only present impediment is the time limitation.  Thus, there is a high likelihood that the continuance, if granted, would accomplish the purpose underlying Mr. Snisky's need for the continuance.  Counsel does know that there are witnesses who will not grant a defense interview, and others who will and have.  There are

      potential witnesses, as of yet unexplored who the defense will attempt to contact. There are numerous potential witnesses who may or may not be aligned with the Government. With sufficient time the defense will continue to assess and try to contact all necessary witnesses.

c.   The government does not object to the defense request of a continuance of the trial and there is no information suggesting that any government witnesses would be inconvenienced. The indictment followed a lengthy investigation, some of it including input from Mr. Snisky, but who was represented by an attorney, Elizabeth Krupa, who is obviously not the present attorney. That set of circumstances presents its own problems for present counsel. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance. Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem. As always, counsel is eager to cooperate with the Court to lessen the chance of inconvenience.

d.   The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. As described in the previous motions, the need for the continuance is described throughout this document. Without the requested continuance the defense will be unable to complete investigation and prepare the case. Counsel has not had the opportunity to complete his investigation and the preparation of

the case. Without the exclusion of at least 60 days period of time from the speedy trial calculations and a continuance of the trial, defense counsel will be unable to provide effective assistance of counsel and Mr. Snisky's right to a fair, effectively represented trial will be seriously damaged.

9. The ends of justice outweigh the best interest of the public and the defendant in a speedy trial and warrant the vacating and continuing of the trial date as provided in 18 U.S.C. § 3161(h)(7)(A), and/or;

10. Obviously, in its present form this motion focuses upon the ends of justice and not upon "complexity" i.e. the question of whether due to the nature of the prosecution and the technical expertise necessary to defend the case that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by 18 U.S.C. § 3161. Counsel is not asserting complexity because he does not yet know that it is complex, just that it is complicated and confusing. Should he determine, after getting further into the case, that he should additionally raise the issue of complexity, he will make further motion.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert_pepin@fd.org
Attorney for Defendant

8

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2014, I electronically filed the foregoing

**UNOPPOSED MOTION TO CONTINUE EXPERT DISCLOSURE
AND JURY TRIAL DATES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant United States Attorney
        pegeen.rhyne@usdoj.gov

    Tonya S. Andrews, Assistant United States Attorney
        tonya.andrews@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Gary Snisky     *(via U.S. mail)*

    s/ Robert W. Pepin
    ROBERT W. PEPIN
    Assistant Federal Public Defender
    633 - 17th Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Robert_pepin@fd.org
    Attorney for Defendant