IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00473-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GARY SNISKY,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT GARY SNISKY AND PRELIMINARY ORDER OF FORFEITURE OF A SUBSTITUTE ASSET**
_____

COMES NOW the United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Tonya S. Andrews, pursuant to 18 U.S.C. § 981(a)(1()(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter, before sentencing, a Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of $2,531,052.61[1], which constitutes proceeds obtained by the defendant as a result of the offenses of 18 U.S.C. § 1341 and 18 U.S.C. § 1957.

In support, the United States sets forth the following:

---

[1] The loss attributed to defendant Snisky is $5,226,965.93. To date, as a result of asset forfeiture proceedings, victims have already received restitution in the amount of $2,695,913.32. The difference between these amounts is the $2,531,052.61. The government expects some additional smaller payments to be made to victims through the asset forfeiture proceedings, and defendant Snisky's restitution obligation should be offset by any such future payments.

**I.    Procedural Background**

1. On November 19, 2013, the grand jury charged defendant Gary Snisky in Counts One through Thirteen with violations of 18 U.S.C. § 1341 and Counts Fourteen through Eighteen with violations of 18 U.S.C. § 1957. (Doc. 2).

2. The Indictment also sought forfeiture in the form of a personal money judgment against defendant Gary Snisky, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount of proceeds obtained by the scheme and by the defendant, less the amount of funds recovered from assets and property that have been forfeited, criminally or civilly, which represented the proceeds obtained as a result of the offenses charged in Counts One through Eighteen.

3. On February 5, 2015, the United States and defendant Gary Snisky entered into a Plea Agreement in this case. (Doc. 100). The Court accepted defendant Gary Snisky's plea of guilty on February 5, 2015. The Plea Agreement provided that defendant would plead guilty to Counts Two and Fourteen of the Indictment.

4. The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment in the amount of $2,531,052.61. Specifically, the defendant agrees that $5,226,965.93 constitutes proceeds from his counts of conviction, but that, to date, $2,695,913.32 has been forfeited and returned to victims through parallel proceedings. The United States and the defendant agree that an ample basis exists for an order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The United States also seeks to forfeit as a substitute asset, $45,000.00 in United States currency, to partially satisfy the Forfeiture Money Judgment pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure.

## II. Applicable Law

### A. Forfeiture Money Judgment

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to 18 U.S.C. §§ 1341 and 1957.[2]

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A).

It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B); *see also United States v. Schwartz*, Nos. 10-3773, 11-3523, 2012 WL 5359258, at *2 (6th Cir.

---

[2] Title 28, United States Code, section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18, United States Code, section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Wire Fraud in violation of 18 U.S.C. § 1343 is listed in 18 U.S.C. § 1961.

2012) (finding it was error to fail to enter a preliminary order of forfeiture and stating that it must be entered before sentencing); *United States v. Shakur*, 691 F. 3d 979 (8th Cir. 2012) (criminal forfeiture was reversed for a violation of procedural due process violation when no preliminary order of forfeiture was entered and noting that it must be entered before sentencing).

As set forth in the Plea Agreement, the defendant Gary Snisky and the United States agree that the United States has established $5,226,965.93 in proceeds were obtained by the defendant through commission of the offenses in Counts Two and Fourteen for which defendant Snisky has pled guilty. Specifically, from 2011 through 2013, defendant Snisky operated private equity firms, Colony Capital and Arete, that offered investment opportunities in bonds and futures trading. Defendant Snisky falsely led investors, potential investors, and financial advisors to believe that Colony Capital, and then later Arete, used an algorithm to profitably trade in the futures market. Defendant Snisky did not invest investor money in the futures market as promised. Also, between August 2011 and January 2013, defendant Snisky received approximately $4,180,540.81 in investor money that was supposed to be invested in Ginnie Mae bonds, which, however, was never invested in Ginnie Mae Bonds. Defendant Snisky caused false investment account statements to be mailed to investors falsely showing that their money had been invested as promised. Defendant Snisky is accountable for $5,226,965.93, which is the net loss to investors in the Bond Program and futures trading program. Accordingly, a forfeiture money judgment in the amount of $2,531,052.61, for most of which defendant Snisky will be held jointly and severally

liable with Richard Greeott who was convicted in connection with the mail fraud conspiracy, should be entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**B.    Substitute Assets**

Federal Rule of Criminal Procedure 32.2(e)(1) provides the framework for a court, to "at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . (B) is substitute property that qualifies for forfeiture under an applicable statute."  Fed. R. Crim. P. 32.2(e)(1)(B).

A forfeiture money judgment may be satisfied with substitute property.  *United States v. Bermudez*, 413 F.3d 304, 305-07 (2d Cir. 2005) (finding that the defendant's residence and bank account were subject to forfeiture as substitute assets to fulfill money judgment).  Specifically, upon the issuance of the forfeiture money judgment, the United States is entitled to seek forfeiture of any of the defendant's assets up to the amount of the money judgment in order to satisfy such judgment.  *Candeleria-Silva,* 166 F.3d at 42-43 (once the Government has obtained a money judgment, it may forfeit defendant's real property up to the amount of that judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

In this case, the United States has identified an additional asset not previously forfeited.  Specifically, $45,000.00 that Snisky paid to Don Rasmussen as an advance on commissions Mr. Rasmussen would have been paid to direct clients to Arete.  The affidavit of Deputy United States Marshal Adam McGovern states,  despite due

5

diligence, the United States has been unable to recover the entire amount of proceeds that Snisky received as a result of his criminal activity, or any property directly traceable to those proceeds. (Affidavit ¶ 8).  Moreover, based upon the remaining balance of the money judgment, the substitute asset of $45,000.00 in United States currency will be remitted to the Clerk of the Court in partial satisfaction of the defendant's money judgment and restitution, which is larger than the $45,000.00 substitute asset.

Furthermore, the "court must enter [preliminary] order without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A).  Any third party who may have an interest in the property will have the opportunity to file a petition and their interest will be addressed in the ancillary proceeding.  Fed. R. Crim. P. 32.2(b)(2)(A), (c)(1), and (e)(2)(B); *see United States v. Andrews,* 530 F.3d 1232, 1236 (10th Cir. 2008) (the rights of third parties are deferred until the ancillary proceeding).
Thus, the United States is also seeking to forfeit defendant Snisky's interest in the above-described asset at this time.

WHEREFORE, the United States moves this Court to enter the Forfeiture Money Judgment and Preliminary Order of Forfeiture of Substitute Assets tendered herewith, for the reasons set forth above.

DATED this 6th day of May, 2015.

                Respectfully submitted,

                JOHN F. WALSH
                United States Attorney

By:   s/ *Tonya S. Andrews*
       Tonya S. Andrews
       Assistant United States Attorney
       1225 Seventeenth Street, Ste. 700
       Denver, Colorado 80202
       Telephone: (303) 454-0100
       E-mail: tonya.andrews@usdoj.gov
       *Attorney for the United States*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

                s/ Raisa Vilensky
                FSA Data Analyst
                Office of the U.S. Attorney