## AFFIDAVIT IN SUPPORT OF MOTION FOR SUBSTITUTE ASSETS

I, Adam McGovern, being duly sworn, depose and state the following:

1. I am currently a Deputy United States Marshal with the United States Marshals Service (USMS) and have been so employed since June, 1996. Upon becoming employed with the USMS, I successfully completed the 16-week USMS Basic Deputy Course. During my employment, I have been involved in the investigation of wanted fugitives, non-compliant sex offenders, suspected terrorism subjects and various other violations of Federal and State laws. I have participated in surveillance operations, undercover operations, and the arrest of subjects related to the aforementioned violations. I have also participated in the seizure of real property and other assets subject to forfeiture. Currently, I am assigned to the District of Colorado as a Financial Investigator. These duties include the review of financial records, along with the identification and seizure of assets procured through illegal means.

2. This investigation involved an individual by the name of Gary SNISKY, who pled guilty in United States v. Gary SNISKY, Case No. 13-CR-00473-RM, to Mail Fraud, in violation of 18 U.S.C. § 1341, and to Money Laundering, in violation of 18 U.S.C. § 1957 as charged in Counts Two and Fourteen of the indictment. As part of his Plea Agreement, SNISKY agreed to the entry of a preliminary order of forfeiture for a personal money judgment in the amount of $2,531,052.61. Specifically, the defendant agrees that $5,226,965.93 constitutes proceeds from his counts of conviction, but that, to date, $2,695,913.32 has been forfeited and returned to victims through parallel proceedings. The forfeiture money judgment provided that the United States is entitled, pursuant to 21 U.S.C. § 853(p), to seek substitute assets in satisfaction of such money judgment.

3. This affidavit is made in support of the forfeiture of the following property as substitute assets:

    (a) $45,000.00 received by the Government from Don Rasmussen.

4. In his Plea Agreement, SNISKY agreed that beginning in or around 2010, through January 2013, he was involved in Mail Fraud, in violation of 18 U.S.C. § 1341, and also Money Laundering, in violation of 18 U.S.C. § 1957.

5. From 2011 through 2013, defendant Snisky operated private equity firms, Colony Capital and Arete, that offered investment opportunities in bonds and futures trading. Defendant Snisky falsely led investors, potential investors, and financial advisors to believe that Colony Capital, and then later Arete, used an algorithm to profitably trade in the futures market. Defendant Snisky did not invest investor money in the futures market as promised. Also, between 2009 and January 2013, defendant

Snisky received approximately $5,226,965.93 in investor money that was supposed to be invested in Ginnie Mae bonds, which however, was never invested in Ginnie Mae Bonds. Defendant Snisky caused false investment account statements to be mailed to investors falsely showing that their money had been invested as promised.

6. In furtherance of this scheme, SNISKY attempted to enlist Don Rasmussen to steer clients toward Arete. Rasmussen operated We Care Tax and Wealth Management,LLC,. As part of this agreement, SNISKY paid Rasmussen $45,000 as an advance on commissions he would be paid to direct clients to Arete. However, Rasmussen was concerned with SNISKY's program, and did not direct any of his clients to Arete. Rasmussen has agreed to return the $45,000 he received as payment from SNISKY.

7. In his Plea Agreement, SNISKY agreed to the entry of a forfeiture money judgment in the amount of $2,531,052.61, representing the proceeds obtained as a result of the mail fraud. In his Plea Agreement, SNISKY also agreed to the forfeiture of substitute assets in the event that proceeds tied directly to the conspiracy could not be located upon the exercise of due diligence.

8. Despite due diligence, the United States has been unable to recover the entire $5,226,965.93 in gross proceeds that SNISKY received as a result of his criminal activity, or any property directly traceable to the proceeds. As such, the United States now seeks, in partial satisfaction of the forfeiture money judgment, the following asset attributed to SNISKY:

(a) $45,000.00 received by the Government from Don Rasmussen.

9. As of February 27, 2015, the value of the aforementioned property is less than $2,531,052.00, and therefore, will not exceed the amount owed to the United States in SNISKY's forfeiture money judgment.

10. Pursuant to 18 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

Adam McGovern, Deputy
United States Marshals Service