IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE

Courtroom Deputy: Cathy Pearson  
Court Reporter: Tammy Hoffschildt  
Probation Officer: n/a  

Date: June 18, 2015  
Interpreter: n/a

**CASE NO.   13-cr-00473-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Pegeen Rhyne |
|         Plaintiff, | |
| v. | |
| 1.  GARY SNISKY, | Robert Pepin |
|         Defendant. | |

### COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION:**     12:58 p.m.
Appearances of counsel.   Defendant is present and on bond.

Defendant entered his plea on February 5, 2015, to Counts 2 and 14 of the Indictment. The Court formally accepts the Plea Agreement at this hearing.

The Government orally moves for the third point for acceptance of responsibility.

**ORDERED:**  The Government's oral motion for the third point for acceptance of responsibility is GRANTED.

Discussion held regarding pending motions and objections.

1:08 p.m.   Government's witness, Holly Andersen, is sworn and examined by Ms. Rhyne.
Plaintiff's Exhibits 2 and 3 are identified.

1:17 p.m.   Cross-examination of Holly Andersen by Mr. Pepin.

1:23 p.m.       Witness excused.

Kate Kingery makes statements to the Court.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of Defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

**ORDERED:**  Defendant's Motion for Statutory Sentence and/or Downward Departure (Doc. 115) is DENIED.

Court states its findings and conclusions.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Gary Snisky, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **84 months** for each count, to be served concurrently.

Court RECOMMENDS that the Bureau of Prisons place Defendant at an appropriate level facility in the vicinity of White Plains, NY.

Discussion held regarding permission for Defendant to travel in order to move his family to White Plains, NY.   Mr. Pepin is granted leave to file a written motion regarding travel.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years** for each count, to be served concurrently.

**ORDERED:  Mandatory Conditions** of Supervised Release that:
- (**X**)    Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.
- (**X**)    Defendant shall not commit another federal, state or local crime.
- (**X**)    Defendant shall not illegally possess controlled substances.
- (**X**)    Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**)    Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**)    Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and

|     |     |
| --- | --- |
|     | at least two periodic drug tests thereafter for use of a controlled substance. |
| (**X**) | Defendant shall cooperate in the collection of a DNA sample from Defendant as directed by the probation officer. |
| (**X**) | Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by Defendant. |

**ORDERED:** **Special Conditions** of Supervised Release that:
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless Defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) If Defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to Defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.
- (**X**) All employment for Defendant shall be approved in advance by the supervising probation officer. Defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, Defendant shall provide the probation officer with the names of all business entities and their registered agents. Defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. Defendant shall not cause or induce others to register business entities on his behalf. For any approved business activity, Defendant shall maintain business records. Defendant shall provide all requested documentation and records to the probation officer regarding any of his/ her business activities as requested by the probation officer.
- (**X**) Defendant shall maintain separate personal and business finances and shall not comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution, and/or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, and/or fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless Defendant is in compliance with the installment payment schedule.

**ORDERED:** Defendant shall pay **$200** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed, because defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** in the total amount of $2,531,032.22, in the amounts indicated in the presentence report, to be paid immediately.

**ORDERED:** Restitution is ordered joint and several with Richard Greeott, Case Number 13-cr-00375-PAB, in the amount of $2,179,938.76.

**ORDERED:** Each victim shall receive an approximately proportional payment based on the victim's share of the total loss.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Discussion held regarding the Forfeiture Money Judgment as to Gary Snisky and Preliminary Order of Forfeiture of Substitute Asset (Doc. 111). The Court affirms that order and incorporates the order as part of the Judgment.

**ORDERED:** The interest requirement for the restitution is WAIVED, because does not have the ability to pay interest.

Defendant advised of right to appeal.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED**: Bond is continued.

**ORDERED:** Defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation.

**Court in recess:** 2:40 p.m.
Hearing concluded.
Total time: 1:42