## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## JUDGE RAYMOND P. MOORE

| | |
|---|---|
| Courtroom Deputy:   Cathy Pearson | Date: June 18, 2015 |
| Court Reporter:   Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer: n/a | |

## CASE NO.   13-cr-00473-RM

Parties                                                                    Counsel

UNITED STATES OF AMERICA,                                  Pegeen Rhyne

          Plaintiff,

v.

1.   GARY SNISKY,                                                   Robert Pepin

          Defendant.

## COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION:      12:58 p.m.**
Appearances of counsel.    Defendant is present and on bond.

Defendant entered his plea on February 5, 2015, to Counts 2 and 14 of the Indictment. The Court formally accepts the Plea Agreement at this hearing.

The Government orally moves for the third point for acceptance of responsibility.

**ORDERED:**   The Government's oral motion for the third point for acceptance of responsibility is GRANTED.

Discussion held regarding pending motions and objections.

1:08 p.m.      Government's witness, Holly Andersen, is sworn and examined by Ms. Rhyne.
               Plaintiff's Exhibits 2 and 3 are identified.

1:17 p.m.      Cross-examination of Holly Andersen by Mr. Pepin.

1:23 p.m.      Witness excused.

Kate Kingery makes statements to the Court.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of Defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

**ORDERED:**  Defendant's Motion for Statutory Sentence and/or Downward Departure (Doc. 115) is DENIED.

Court states its findings and conclusions.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Gary Snisky, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **84 months** for each count, to be served concurrently.

Court RECOMMENDS that the Bureau of Prisons place Defendant at an appropriate level facility in the vicinity of White Plains, NY.

Discussion held regarding permission for Defendant to travel in order to move his family to White Plains, NY.   Mr. Pepin is granted leave to file a written motion regarding travel.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years** for each count, to be served concurrently.

**ORDERED:  Mandatory Conditions** of Supervised Release that:
- (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.
- (**X**)   Defendant shall not commit another federal, state or local crime.
- (**X**)   Defendant shall not illegally possess controlled substances.
- (**X**)   Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**)   Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**)   Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and

at least two periodic drug tests thereafter for use of a controlled substance.

(**X**)   Defendant shall cooperate in the collection of a DNA sample from Defendant as directed by the probation officer.

(**X**)   Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by Defendant.

**ORDERED:**   **Special Conditions** of Supervised Release that:

(**X**)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless Defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

(**X**)   As directed by the probation officer, Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

(**X**)   If Defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to Defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

(**X**)   All employment for Defendant shall be approved in advance by the supervising probation officer. Defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, Defendant shall provide the probation officer with the names of all business entities and their registered agents. Defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. Defendant shall not cause or induce others to register business entities on his behalf. For any approved business activity, Defendant shall maintain business records. Defendant shall provide all requested documentation and records to the probation officer regarding any of his/ her business activities as requested by the probation officer.

(**X**)   Defendant shall maintain separate personal and business finances and shall not comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

(**X**)   Defendant shall comply with the terms and conditions for payment of the special assessment, restitution, and/or fine imposed by this judgment.

(**X**)   Defendant shall pay any **special assessment, restitution, and/or fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

(**X**)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless Defendant is in compliance with the installment payment schedule.

**ORDERED:**   Defendant shall pay **$200** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**   **No fine** is imposed, because defendant has no ability to pay a fine.

**ORDERED:**   Defendant shall make **restitution** in the total amount of $2,531,032.22, in the amounts indicated in the presentence report, to be paid immediately.

**ORDERED:**   Restitution is ordered joint and several with Richard Greeott, Case Number 13-cr-00375-PAB, in the amount of $2,179,938.76.

**ORDERED:**   Each victim shall receive an approximately proportional payment based on the victim's share of the total loss.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Discussion held regarding the Forfeiture Money Judgment as to Gary Snisky and Preliminary Order of Forfeiture of Substitute Asset (Doc. 111).   The Court affirms that order and incorporates the order as part of the Judgment.

**ORDERED:**   The interest requirement for the restitution is WAIVED, because does not have the ability to pay interest.

Defendant advised of right to appeal.

**ORDERED:**   Any notice of appeal must be filed within 14 days.

**ORDERED**:   Bond is continued.

**ORDERED:**   Defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation.

**Court in recess:     2:40 p.m.**
Hearing concluded.
Total time:          1:42

✎AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
        Sheet 1

# UNITED STATES DISTRICT COURT

District of            COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| GARY SNISKY | |

Case Number:        13-cr-00473-RM-01

USM Number:       40166-013

Robert William Pepin, AFPD
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to Counts    2 and 14 of the Indictment

☐ pleaded nolo contendere to Count(s) _____
which was accepted by the Court.

☐ was found guilty on Count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 01/11/12 | 2 |
| 18 U.S.C. §§ 1957 and 2(b) | Monetary Transactions in Property Derived from Mail Fraud | 11/17/11 | 14 |

     The defendant is sentenced as provided in pages 2 through    11    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☒ Counts    remaining of the Indictment    ☐ is    ☒ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 18, 2015
Date of Imposition of Judgment

_Signature of Judge_

Raymond P. Moore, U.S. District Judge
Name and Title of Judge

June 25, 2015
Date

AO 245B    (Rev. 11/14 D/CO) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of ____11____

DEFENDANT:          GARY SNISKY
CASE NUMBER:        13-cr-00473-RM-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
   eighty-four months per count, to be served concurrently.

[X]  The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be designated to a facility near the vicinity of White Plains, New York.

[ ]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:

   [ ]  at _____  [ ] a.m.  [ ] p.m.  on  _____ .

   [ ]  as notified by the United States Marshal.

[X]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [X]  before 12 p.m. noon  __within 15 days of designation.__

   [ ]  as notified by the United States Marshal.

   [X]  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____  to  _____

at _____ , with a certified copy of this judgment.


                                                _____
                                                           UNITED STATES MARSHAL

                                         By  _____
                                                        DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page    3    of    11

DEFENDANT:        GARY SNISKY
CASE NUMBER:      13-cr-00473-RM-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years per count, concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[X]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)  the defendant shall provide access to any requested financial information.

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___11___

DEFENDANT:          GARY SNISKY
CASE NUMBER:        13-cr-00473-RM-01

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2.  As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3.  If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

4.  All employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on her behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of her business activities as requested by the probation officer.

5.  The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  | Judgment — Page 5 of 11 |
|---|---|

DEFENDANT:       GARY SNISKY

CASE NUMBER:    13-cr-00473-RM-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Count 2 | $ 100.00 | $ 0.00 | $ 2,531,032.22 |
| Count 14 | $ 100.00 | $ 0.00 | $ 0.00 |
| **TOTALS** | $ 200.00 | $ 0.00 | $ 2,531,032.22 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah Alvarado | $145,085.59 | $70,254.47 | |
| Jerome Beland | $209,277.50 | $101,337.98 | |
| Kristy Benites | $623,000.00 | $301,673.91 | |
| Paul Buroker | $10,090.50 | $4,886.10 | |
| Kathyrn Carmack | $33,909.00 | $16,419.68 | |
| Jack Chadwick | $50,000.00 | $24,211.39 | |
| Tamara Fisher | $22,500.67 | $10,895.45 | |
| Marcia Fortuna | $97,000.00 | $47,570.09 | |
| Charmaine Funk | $53,067.93 | $25,696.97 | |
| Vittoria Giovannucci | $53,042.40 | $25,684.60 | |
| Ann Gorham | $35,000.00 | $16,947.60 | |
| **TOTALS** | $ 5,226,965.54 | $ 2,531,032.22 | |

☐   Restitution amount ordered pursuant to plea agreement $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
            Sheet 5B — Criminal Monetary Penalties

Judgment — Page   6   of   11

DEFENDANT:         GARY SNISKY
CASE NUMBER:     13-cr-00473-RM-01

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Mary Hall | $56,000.00 | $27,116.76 | |
| Mark Evans Hart | $142,242.00 | $72,267.12 | |
| David Kettner | $61,727.24 | $29,890.84 | |
| Edmund J. Kieras | $104,092.00 | $50,404.24 | |
| Kathryn Kingery | $198,164.99 | $95,956.99 | |
| Stan Kingery | $48,912.44 | $23,684.76 | |
| Jonathan Lakey | $250,000.00 | $121,056.94 | |
| Paula Langseth | $74,393.48 | $36,023.39 | |
| Delores Legrand | $34,824.55 | $16,863.01 | |
| Legrand Revocable Trust | $106,000.00 | $51,328.14 | |
| Faith A. Macauley | $20,899.36 | $10,120.05 | |
| Steve Macauley | $36,242.44 | $17,549.50 | |
| Arla Menzel | $35,695.75 | $17,284.87 | |
| Kelvin Menzel | $210,700.27 | $102,026.92 | |
| Mark and Kathle Messelt | $329,896.29 | $159,744.95 | |
| James Mini | $308,964.03 | $149,608.97 | |
| Cheryl Paxton | $475,058.47 | $230,036.53 | |
| Karie Peters | $31,023.69 | $15,022.52 | |
| Troy H. Peters | $13,559.64 | $6,565.95 | |
| Colleen Ryan | $30,240.04 | $14,643.07 | |
| Lawrence Ryan | $260,587.08 | $126,183.50 | |
| The Larry Ryan Family Trust | $50,000.00 | $24,211.39 | |
| Anne Savage | $205,532.56 | $99,524.57 | |
| Gerald and Marc Schutte | $48,500.00 | $23,485.05 | |
| Sharyn Smith | $83,000.00 | $39,590.91 | |
| Neil J and Trac Vaile | $220,000.00 | $106,530.11 | |
| Duane Voorman | $194,000.00 | $93,940.19 | |
| Eileen Warpness | $74,268.83 | $35,963.03 | |
| Eleanor Weems | $100,000.00 | $48,422.78 | |
| Carol Hasty Weirs | $83,447.00 | $40,407.36 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___11___

DEFENDANT:          GARY SNISKY
CASE NUMBER:        13-cr-00473-RM-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

    The special assessment and restitution obligation are due immediately. Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payments will be calculated as at least 10 percent of the defendant's gross monthly income.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    13-cr-00375-PAB-01, Richard Greeott, $2,179,938.76

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following Court cost(s):
☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

    A money judgment in the amount of $2,531,052.31 as reflected in the Plea Agreement and in Doc. No. 111, which includes a forfeiture of substitute asset in the amount of $45,000 U.S. currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO 245B  (Rev.11/14 D/CO) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

Judgment—Page __8__ of __11__

DEFENDANT:      GARY SNISKY
CASE NUMBER:   13-cr-00473-RM-01

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  [X]   **The Court adopts the presentence investigation report without change.**

B  [ ]   **The Court adopts the presentence investigation report with the following changes.**
    (Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
    (Use page 4 if necessary.)

    1  [ ]  **Chapter Two of the U.S.S.G. Manual** determinations by Court (including changes to base offense level, or specific offense characteristics):

    2  [ ]  **Chapter Three of the U.S.S.G. Manual** determinations by Court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple Counts, or acceptance of responsibility):

    3  [ ]  **Chapter Four of the U.S.S.G. Manual** determinations by Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

    4  [ ]  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  [ ]   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  [X]  No Count of conviction carries a mandatory minimum sentence.

B  [ ]  Mandatory minimum sentence imposed.

C  [ ]  One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

    [ ]  findings of fact in this case

    [ ]  substantial assistance (18 U.S.C. § 3553(e))

    [ ]  the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: __28__
Criminal History Category: __I__
Imprisonment Range: __78__ to __97__ months
Supervised Release Range: __1__ to __3__ years per count.
Fine Range: $ __12,500__ to $ __125,000__
[X]  Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 2) — Statement of Reasons

| | | Judgment—Page ___9___ of ___11___ |

DEFENDANT:        GARY SNISKY
CASE NUMBER:      13-cr-00473-RM-01

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A    [X]    The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.

B    [ ]    The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)

C    [ ]    The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D    [ ]    The Court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A    **The sentence imposed departs** (Check only one.):
   [ ] below the advisory guideline range
   [ ] above the advisory guideline range

B    **Departure based on** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
   [ ] 5K1.1 plea agreement based on the defendant's substantial assistance
   [ ] 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
   [ ] binding plea agreement for departure accepted by the Court
   [ ] plea agreement for departure, which the Court finds to be reasonable
   [ ] plea agreement that states that the government will not oppose a defense departure motion.

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
   [ ] 5K1.1 government motion based on the defendant's substantial assistance
   [ ] 5K3.1 government motion based on Early Disposition or "Fast-track" program
   [ ] government motion for departure
   [ ] defense motion for departure to which the government did not object
   [ ] defense motion for departure to which the government objected

3    **Other**
   [ ] Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| [ ] 4A1.3 | Criminal History Inadequacy | [ ] 5K2.1 | Death | [ ] 5K2.11 | Lesser Harm |
| [ ] 5H1.1 | Age | [ ] 5K2.2 | Physical Injury | [ ] 5K2.12 | Coercion and Duress |
| [ ] 5H1.2 | Education and Vocational Skills | [ ] 5K2.3 | Extreme Psychological Injury | [ ] 5K2.13 | Diminished Capacity |
| [ ] 5H1.3 | Mental and Emotional Condition | [ ] 5K2.4 | Abduction or Unlawful Restraint | [ ] 5K2.14 | Public Welfare |
| [ ] 5H1.4 | Physical Condition | [ ] 5K2.5 | Property Damage or Loss | [ ] 5K2.16 | Voluntary Disclosure of Offense |
| [ ] 5H1.5 | Employment Record | [ ] 5K2.6 | Weapon or Dangerous Weapon | [ ] 5K2.17 | High-Capacity, Semiautomatic Weapon |
| [ ] 5H1.6 | Family Ties and Responsibilities | [ ] 5K2.7 | Disruption of Government Function | [ ] 5K2.18 | Violent Street Gang |
| [ ] 5H1.11 | Military Record, Charitable Service, Good Works | [ ] 5K2.8 | Extreme Conduct | [ ] 5K2.20 | Aberrant Behavior |
| | | [ ] 5K2.9 | Criminal Purpose | [ ] 5K2.21 | Dismissed and Uncharged Conduct |
| [ ] 5K2.0 | Aggravating or Mitigating Circumstances | [ ] 5K2.10 | Victim's Conduct | [ ] 5K2.22 | Age or Health of Sex Offenders |
| | | | | [ ] 5K2.23 | Discharged Terms of Imprisonment |
| | | | | [ ] | Other guideline basis (e.g., 2B1.1 commentary) |

D    **Explain the facts justifying the departure.**  (Use page 4 if necessary.)

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
           Attachment (Page 3) — Statement of Reasons

|  |  | Judgment—Page | 10 | of | 11 |

DEFENDANT:       GARY SNISKY
CASE NUMBER:     13-cr-00473-RM-01

# STATEMENT OF REASONS

## VI    COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range

☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline system

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary.)

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
           Attachment (Page 4) — Statement of Reasons

| | Judgment—Page 11 of 11 |
|---|---|

DEFENDANT:        GARY SNISKY
CASE NUMBER:      13-cr-00473-RM-01

# STATEMENT OF REASONS

## VII   COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution:   $2,531,032.22

C Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons.  (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

✎AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

District of           COLORADO

|  | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| UNITED STATES OF AMERICA | (For Offenses Committed On or After November 1, 1987) |
| **V.** | *(Changes Identified with Asterisks (*))* |
| **GARY SNISKY** | |

Case Number:        13-cr-00473-RM-01

USM Number:        40166-013

**Robert William Pepin, AFPD**
Defendant's Attorney

**Date of Original Judgment:** June 25, 2015

**Reason for Amendment:** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36).

## THE DEFENDANT:

[X] pleaded guilty to Counts    2 and 14 of the Indictment

[ ] pleaded nolo contendere to Count(s)_____
    which was accepted by the Court.

[ ] was found guilty on Count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 01/11/12 | 2 |
| 18 U.S.C. §§ 1957 and 2(b) | Monetary Transactions in Property Derived from Mail Fraud | 11/17/11 | 14 |

    The defendant is sentenced as provided in pages 2 through ____11____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on Count(s)_____

[X] Counts    remaining of the Indictment      [ ] is    [X] are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 18, 2015
Date of Imposition of Judgment

Signature of Judge

Raymond P. Moore, U.S. District Judge
Name and Title of Judge

July 8, 2015
Date

AO 245B    (Rev. 11/14 D/CO) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page    2    of    11

**DEFENDANT:**     **GARY SNISKY**
**CASE NUMBER:**    **13-cr-00473-RM-01**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **eighty-four months per count, to be served concurrently.**

[X]   The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be designated to a facility near the vicinity of White Plains, New York.**

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____    [ ] a.m. [ ] p.m.   on _____ .

    [ ] as notified by the United States Marshal.

[X]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [X] before 12 p.m. noon      within 15 days of designation.

    [ ] as notified by the United States Marshal.

    [X] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
                UNITED STATES MARSHAL

By _____
             DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __11__

DEFENDANT:     **GARY SNISKY**
CASE NUMBER:   **13-cr-00473-RM-01**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years per count, concurrently.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[X]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall provide access to any requested financial information.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | | | Judgment—Page | 4 | of | 11 |

**DEFENDANT:** GARY SNISKY
**CASE NUMBER:** 13-cr-00473-RM-01

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2.  As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3.  If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

4.  All employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on her behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of her business activities as requested by the probation officer.

5.  The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

AO 245B      (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __11__

DEFENDANT:        GARY SNISKY
CASE NUMBER:      13-cr-00473-RM-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Count 2 | $ 100.00 | $ 0.00 | $ 2,531,032.22 |
| Count 14 | $ 100.00 | $ 0.00 | $ 0.00 |
| TOTALS | $ 200.00 | $ 0.00 | $ 2,531,032.22 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah Alvarado | $145,085.59 | $70,254.47 | |
| Jerome Beland | $209,277.50 | $101,337.98 | |
| Kristy Benites | $623,000.00 | $301,673.91 | |
| Paul Buroker | $10,090.50 | $4,886.10 | |
| Kathyrn Carmack | $33,909.00 | $16,419.68 | |
| Jack Chadwick | $50,000.00 | $24,211.39 | |
| Tamara Fisher | $22,500.67 | $10,895.45 | |
| Marcia Fortuna | $97,000.00 | $47,570.09 | |
| Charmaine Funk | $53,067.93 | $25,696.97 | |
| Vittoria Giovannucci | $53,042.40 | $25,684.60 | |
| Ann Gorham | $35,000.00 | $16,947.60 | |
| TOTALS | $ 5,226,965.54 | $ 2,531,032.22 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for    ☐ fine   ☒ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

DEFENDANT:          GARY SNISKY
CASE NUMBER:        13-cr-00473-RM-01

## ADDITIONAL RESTITUTION PAYEES*

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Mary Hall | $56,000.00 | $27,116.76 | |
| Mark Evans Hart | $142,242.00 | $72,267.12 | |
| David Kettner | $61,727.24 | $29,890.04* | |
| Edmund J. Kieras | $104,092.00 | $50,404.24 | |
| Kathryn Kingery | $198,164.99 | $95,956.99 | |
| Stan Kingery | $48,912.44 | $23,684.76 | |
| Jonathan Lakey | $250,000.00 | $121,056.94 | |
| Paula Langseth | $74,393.48 | $36,023.39 | |
| Delores Legrand | $34,824.55 | $16,863.01 | |
| Legrand Revocable Trust | $106,000.00 | $51,328.14 | |
| Faith A. Macauley | $20,899.36 | $10,120.05 | |
| Steve Macauley | $36,242.44 | $17,549.50 | |
| Arla Menzel | $35,695.75 | $17,284.87 | |
| Kelvin Menzel | $210,700.27 | $102,026.92 | |
| Mark and Kathle Messelt | $329,896.29 | $159,744.95 | |
| James Mini | $308,964.03 | $149,608.97 | |
| Cheryl Paxton | $475,058.47 | $230,036.53 | |
| Karie Peters | $31,023.69 | $15,022.52 | |
| Troy H. Peters | $13,559.64 | $6,565.95 | |
| Colleen Ryan | $30,240.04 | $14,643.07 | |
| Lawrence Ryan | $260,587.08 | $126,183.50 | |
| The Larry Ryan Family Trust | $50,000.00 | $24,211.39 | |
| Anne Savage | $205,532.56 | $99,524.57 | |
| Gerald and Marc Schutte | $48,500.00 | $23,485.05 | |
| Sharyn Smith | $83,000.00 | $39,590.91 | |
| Neil J and Trac Vaile | $220,000.00 | $106,530.11 | |
| Duane Voorman | $194,000.00 | $93,940.19 | |
| Eileen Warpness | $74,268.83 | $35,963.03 | |
| Eleanor Weems | $100,000.00 | $48,422.78 | |
| Carol Hasty Weirs | $83,447.00 | $40,407.36 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
      Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __11__

**DEFENDANT:**    **GARY SNISKY**
**CASE NUMBER:**    **13-cr-00473-RM-01**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of _____ due immediately, balance due

        ☐  not later  _____ , or
        ☐  in accordance   ☐ C,  ☐ D,  ☐  E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined   ☐ C,   ☐ D, or  ☒ F below); or

C  ☐  Payment in _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from
    imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

    The special assessment and restitution obligation are due immediately. Any unpaid restitution balance upon release from
    incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly
    installment payments will be calculated as at least 10 percent of the defendant's gross monthly income.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    13-cr-00375-PAB-01, Richard Greeott, $2,179,938.76

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following Court
    cost(s):
☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

    A money judgment in the amount of $2,531,052.31 and as reflected in the Plea Agreement and in Doc. No. 111, which includes
    a forfeiture of substitute asset in the amount of $45,000 U.S. currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO
245B      (Rev.11/14 D/CO) Criminal Judgment
          Attachment (Page I) — Statement of Reasons

Judgment—Page ___8___ of ___11___

DEFENDANT:       **GARY SNISKY**
CASE NUMBER:     **13-cr-00473-RM-01**

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

   A  [X]  **The Court adopts the presentence investigation report without change.**

   B  [ ]  **The Court adopts the presentence investigation report with the following changes.**

          (Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if
          (Use page 4 if necessary.)

      1   [ ]  Chapter Two of the U.S.S.G. Manual determinations by Court (including changes to base offense level, or specific offense
               characteristics):

      2   [ ]  Chapter Three of the U.S.S.G. Manual determinations by Court (including changes to victim-related adjustments,  role in the offense,
               obstruction of justice, multiple Counts, or acceptance of responsibility):

      3   [ ]  Chapter Four of the U.S.S.G. Manual determinations by Court (including changes to criminal history category or scores, career
               offender, or criminal livelihood determinations):

      4   [ ]  Additional Comments or Findings (including comments or factual findings concerning certain information in the
               presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
               or programming decisions):

   C  [ ]  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)**

   A  [X]  No Count of conviction carries a mandatory minimum sentence.

   B  [ ]  Mandatory minimum sentence imposed.

   C  [ ]  One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
            sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum
            does not apply based on

            [ ]  findings of fact in this case

            [ ]  substantial assistance (18 U.S.C. § 3553(e))

            [ ]  the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

   Total Offense Level:  __28__
   Criminal History Category:  __I__
   Imprisonment Range:  __78__ to __97__ months
   Supervised Release  __1__ to __3__ years per count.
   Fine Range:  __12,500__ to $ __125,000__
   [X]  Fine waived or below the guideline range because of inability to pay.

AO 245B   (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 2) — Statement of Reasons

Judgment—Page ___9___ of ___11___

| DEFENDANT: | **GARY SNISKY** |
| CASE NUMBER: | **13-cr-00473-RM-01** |

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)**

A   ☒   The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.

B   ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use page 4 if necessary.)

C   ☐   The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D   ☐   The Court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)**

A   The sentence imposed departs (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   Departure based on (Check all that apply.):

1   Plea Agreement (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the Court
☐ plea agreement for departure, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   Other
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 Criminal History Inadequacy | ☐ | 5K2.1 Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 Age | ☐ | 5K2.2 Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 Education and Vocational Skills | ☐ | 5K2.3 Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 Mental and Emotional Condition | ☐ | 5K2.4 Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 Physical Condition | ☐ | 5K2.5 Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 Employment Record | ☐ | 5K2.6 Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic |
| ☐ | 5H1.6 Family Ties and Responsibilities | ☐ | 5K2.7 Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 Military Record, Charitable Service, Good Works | ☐ | 5K2.8 Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | ☐ | 5K2.9 Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 Aggravating or Mitigating | ☐ | 5K2.10 Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   Explain the facts justifying the departure.  (Use page 4 if necessary.)

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
           Attachment (Page 3) — Statement of Reasons

| | Judgment—Page __10__ of __11__ |
|---|---|

DEFENDANT:        GARY SNISKY
CASE NUMBER:      13-cr-00473-RM-01

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
   (Check all that apply.)

   **A**   The sentence imposed is (Check only one.):
       ☐ below the advisory guideline range

       ☐ above the advisory guideline range

   **B**   Sentence imposed pursuant to (Check all that apply.):

       **1**      Plea Agreement (Check all that apply and check reason(s) below.):
           ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
           ☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
           ☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory
             system

       **2**      Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
           ☐ government motion for a sentence outside of the advisory guideline system
           ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
           ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

       **3**      Other
           ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (

   **C**   Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)

       ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

       ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

       ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

       ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

       ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective
         manner
         (18 U.S.C. § 3553(a)(2)(D))

       ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

       ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   **D**   Explain the facts justifying a sentence outside the advisory guideline system.  (Use page 4 if necessary.)

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 4) — Statement of Reasons

|  | Judgment—Page 11 of 11 |

DEFENDANT:        GARY SNISKY
CASE NUMBER:      13-cr-00473-RM-01

# STATEMENT OF REASONS

## VII   COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B  Total Amount of       $2,531,032.22

C  Restitution not ordered (Check only one.):

1 ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐   Restitution is not ordered for other reasons.  (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-CR-00473-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GARY SNISKY,

       Defendant.

---

## NOTICE OF APPEAL

     Gary Snisky, by and through his attorney, Assistant Federal Public Defender Robert W. Pepin, hereby files this notice of appeal to the Tenth Circuit Court of Appeals, and appeals the Judgment in a Criminal Case that was entered on June 25, 2015 and the Amended Judgment in a Criminal Case that was entered on July 8, 2015.

                              Respectfully Submitted,

                              VIRGINIA L. GRADY
                              Federal Public Defender

                              *s/Robert W. Pepin*
                              Robert W. Pepin
                              Assistant Federal Public Defender
                              633 17th Street, Suite 1000
                              Denver, CO 80202
                              Telephone: (303) 294-7002
                              Fax: (303) 294-1192
                              Robert_Pepin@fd.org
                              Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2015, I electronically filed the foregoing

## NOTICE OF APPEAL

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant United States Attorney
        Pegeen.thyne@usdoj.gov

    Tonya S. Andrews, Assistant United States Attorney
        Tonya.andrews@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Gary Snisky (via U.S. mail)

                        _s/Robert W. Pepin_
                        Robert W. Pepin
                        Assistant Federal Public Defender
                        633 17th Street, Suite 1000
                        Denver, CO 80202
                        Telephone: (303) 294-7002
                        Fax: (303) 294-1192
                        Robert_Pepin@fd.org
                        Attorney for Defendant