UNITED STATES OF AMERICA
Before The
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 79169/ October 27, 2016

INVESTMENT ADVISORS ACT OF 1940
Release No. 4560/ October 27, 2016

ADMINISTRATIVE PROCEEDING
File No. 3-17645

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**NOV 21 2016**

JEFFREY P. COLWELL
CLERK

In The Matter Of,

    GARY C. SNISKY,

Respondent.

RESPONDENT, GARY C. SNISKY,
ACTING PRO SE, RESPECTFULLY
HEREBY FILES HIS REPLY TO
THE ORDER INSTITUTING
PROCEEDINGS PURSUANT TO
SECTION 15(b) OF THE
SECURITIES EXCHANGE ACT OF
1934 AND SECTION 203(f) AND
NOTICE OF HEARING

I.

Respondent objects to Subsection I. Paragraph 1 as in there is no violation to the Securities and Exchange Commission Pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange") and Section 203(f) of the Investment Advisors Act of 1940 ("Advisors Act").

II.

The issues alleged for consideration by the Division of Enforcement are answered as follows:

1.   Subsection II Paragraph 1 Respondent was not the sole owner and sole managing member of Arete, Ltd., A/K/A Sky Peak Capital

-1-

("Arete"), a Cheyenn Wyoming based investment advisors registered with the Commission and Respondent was not the sole managing member of a number of pooled investment vehicles used by Arete. Brenda Ridley, a NASD series 26 supervisory license representative, was a managing partner of Arete Ltd. On or about January 7th, 2013, the Securities and Exchange Commission accepted Arete Ltd., its business filings, granting status as a registered investment advisory company. Arete Ltd., has not commenced any business or solicited any business to date. Arete Ltd. did not solicit funds, did not interact with any clients, or other financial representatives, and did not have any investments held under management.

2.   Respondent objects to Subsection II Paragraph 2. Respondent has never been served with any documentation leading to permanently enjoining him from future violation of Section 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"). Section 10(b) and 15(a) of the Exchange Act and Rule 106-5 thereunder, sections 206(1), 206(2) and 206(4) of the Advisors Act, Rule 206(4)-8 thereunder, and Section 7(a) of the Investment Company Act of 1940, in the civil action entitled <u>Securities and Exchange Commission v. Gary C. Snisky</u>, Case Number 13-cv-3149, in the United States District Court for the District of Colorado, or any notice of that Judgement. Therefore any final judgement is null and void pursuant to the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. In

-2-

addition, Mr. Greeott, a managing partner of Arete LLC, utilized the services of a third party company that specialized in the organization and filing of the Prospectuses with the S.E.C. and its Edgar Database, as per Regulation D Rule(s) 501 and 505, specifically for the exemption status. Mr. Greeott directed and signed for the filing of such documentation, Arete paid for the services, and the filings are on the Edgar Database and located on the S.E.C. Website.

Moreover, the Act defines an Investment Advisor as "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation..." Respondent did not perform such actions.

3. Respondent rejects Subsection II. Paragraph 3 as it is based on a standing that is erroneous and a false statement and again is a Due Process Violation as answered in number 2 above. That being said, Respondent respectfully refers to the § 2255 argument as filed: <u>United States v. Snisky</u>, Case Number 1:13-cr-00473-RM-1, Doc. No. 162. 28 U.S.C. § 2255, United States District Court For The District of Colorado.

The § 2255 argument clearly states that the Respondent and his partner, Mr. Greeott, owned Arete LLC equally and for the purpose of creating Prospectuses for Cornerstone Marketing Group ("CMG"), as directed by CMG president David Sorrells. Arete LLC

and CMG had agreed upon a Memorandum of Understanding ("MOU") that outlines the business relationship between CMG and Arete LLC. This included Arete LLC creating a trading model and to assist in writing Prospectuses specifically for CMG. The singed MOU created a contract between CMG and Arete LLC, not Arete LLC and CMG's clients. Arete LLC had no verification of who CMG's clients were, what investments CMG clients held, or how much value the clients maintained under management with CMG. Arete LLC performed as directed by CMG and did not interact with CMG clients. CMG was the organizing entity with ultimate authority over the content of the Prospectuses, including control for content and to whom and how to communicate it. Neither Arete LLC nor Respondent managed any broker, agent, or individual investor of CMG. Respondent did not meet with, provide materials, or procure funds from these individuals.

~~Further, Respondent rejects meeting with 40 individual~~ investors through a fraudulent scheme. Respondent and Arete LLC did not have 10 or more victims, but rather less than ten including CMG and its designee Entrust. Arete LLC was clear in stating "we are sharing information as we do not solicit or sell anything. 'If you would like further information please contact your licensed representative that you have a previous relationship with.'" The Prospectuses have this clearly stated at the top of the first page.

The District Court of Colorado stated "... that involved only

three participants, but used services of many outsiders, could be considered extensive," and the Court continues "... do I find on the basis of the evidence before me that, in fact, this is otherwise extensive, and my answer is no." (Sentencing Transcript, June 18, 2015, Pg. 22, LNS 10-15). Respondent's Due Process is prejudiced and rendered constitutionally deficient as the Sixth Amendment to the United States Constitution guarantees the right to confront the 40 adverse witnesses through cross-examination, which would allow Respondent to ask who and where did Respondent meet with, what materials did Respondent provide, and how did Respondent procure funds from these individuals.

Respondent rejects the alleged creation of a fraudulent scheme. Respondent believed he was taking the necessary and correct actions to fulfill the Prospectuses through Respondent's good faith efforts. The facts include: (1) Arete LLC opened the proper accounts to purchase the bond; (2) Arete LLC wire transferred the money to the trade station accounts; (3) Arete LLC filed proper S.E.C. registration and Edgar Database documents; (4) Arete LLC opened bank accounts to receive and distribute the bond coupon payments; and (5) Arete LLC was accepted as a S.E.C. Registered Investment Advisor. Under anti-fraud statutes, false representations or statements or omissions of material facts do not amount to fraud unless done with fraudulent intent. "... it is not fraudulent if carried out in good faith." United States v. Litvak, 808 F.3d 160, No. 14-2902-CR (2nd Cir. 2015). "Then

specify facts, not merely in general words of the statute, but with such reasonable particularity as will apprise the respondent, with reasonable certainty, of the nature of the accusation as will enable the Court to say the facts stated are sufficient in law to support a conviction." Nader v. United States at 20-24, 119 S. Ct. 1827, (1999).

On or about December 12, 2012, treasury agent Mr. Loeker called Tradestation Securities and had Arete LLC's business accounts closed without Respondent's knowledge. These accounts were to purchase the bonds in furtherance of the Prospectuses and its Regulation D filing that would expire in June of 2013. Mr. Loeker caused the accounts to be closed and the bonds to go unpurchased.

In addition, Respondent rejects Subsection II Paragraph 3 that Respondent misappropriated approximately $2.8 million in funds. Actual loss has been incorrectly calculated. The Commission states $3.8 million was raised and prior to the writing of the plea agreement the Government claims it recovered an approximate value of $2,695,913 (Plea Agreement filed 2/5/2015, Case No. 1:13-cr-00473RM, U.S.D.C. Colorado, Page 2, Footnote 1). Given these Government recovered funds and additional funds not applied after the February 5, 2015 Plea Agreement, including: (1) The sale of real property totaling $550,000; (2) Government and S.E.C. recovered funds from the Zeek rewards totaling $423,000 (See S.E.C. v. Rex Venture Group, No. 3:12-cr-519 5th Circuit); (3)

$43,000 repaid by Dawn Rassmussen at sentencing (Sentencing Transcript, Pg. 63, LNS 19-24); all three facts totaling $1,008,000 and equaling a total recovery of some $3,703,914. When deducted from the Commission's value of $3.8m, lessens the Respondent's alleged misappropriated value equal to $96,087.

### III.

Respondent rejects Subsection III Paragraphs A-D as no Judgement exists as stated above in Subsection II Paragraph II. Any Judgement herein are banned by the Doctrine of Latches as being without standing pursuant to non service of any documents on Respondent for which a Judgement could accrue.

### IV.

Respondent has answered the allegations contained in this Order within twenty (20) days after service of this Order, as provided by Rule 220 of the Commission's Rules of Practice, 17 C.F.R. § 201.20. Respondent signed and received such Order on November 4, 2016 and Respondent files answer to these allegation on this 15th Day of November 2016.

Respectfully Submitted,

Gary C. Snisky
Inmate. No. 40166-013
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

-7-

## CERTIFICATE OF SERVICE

I, Gary C. Snisky, Respondent Pro Se, hereby certify that I mailed a copy of the foregoing via U.S. Post First Class on this 15th Day of November 2016, to:

Honorable Brenda P. Murray
Chief Administrative Law Judge
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-2557

Polly Atkinson, Esq.
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961

Gary C. Snisky

No. 40166-013
Fort Dix - FCI /5851
P.o. Box 2000
Fort Dix, N.J. 08640

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19th STREET, ROOM A105
DENVER, COLORADO 80294-3589



Trenton P&DC NJ 086—
WED 16 NOV 2016PM