IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 1 2017

JEFFREY P. COLWELL
CLERK

UNITED STATES OF AMERICA,

     Plaintiff - Respondent,

v.

GARY C. SNISKY,

     Defendant - Movant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.: 13-cr-00473-RM-1

Honorable Judge:
Raymond P. Moore

Supplemental Brief Based On New Authority

    Now comes the Petitioner, Gary C. Snisky, Pro-Se, and files this supplemental brief to apprise this Honorable Court of New Authority released after the prior filing of the Petitioner's petition for Writ of Habeas Corpus (or Motion for §2255).

    In Molina-Martinez v. United States, 136 S.CT. 1338, 1344, (2016), The United States Supreme Court found that a sentencing procedure which begins with an incorrectly calculated Guidelines Level is infected with "Plain" error, and requires resentencing even where there is no objection to the Guidelines Calculation.

    In Molina-Martinez, the District Court has an error in calculating the defendant's sentencing Guideline Range that was higher than the Guidelines Range that was applicable to the defendant's conduct, as determined. Defense Counsel did not object to the scoring error at the time of sentencing, ID. Mr. Molina-Martinez was sentenced by the District Court under an incorrect Guidelines range, whether or not the defendant's ultimate sentence fell within the correct range, the error itself could, and most often would, be sufficient to show a reasonable probability of a different outcome absent the error. The U.S.S.G. central role in sentencing means that an error related to the Guidelines can be particularly serious. Therefore, a District Court that improperly calculates a defendant's Guideline Range has committed a

1

significant procedural error (that some principle explains the ruling that a retrospective increase in the Guidelines Range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation).

On Appeal, the Fifth Circuit agreed that the District Court used the incorrect Guidelines, but concluded that because Defense Counsel made no objection, the issue was un-preserved and the defendant failed to meet the requirement that the error affected his substantial rights, Molina-Martinez, 136 S.Ct. 13344-45 (April 20th, 2016).The Fifth Circuit agreed that the District Court used an incorrect Guidelines Range but found that Molina-Martinez could not satisfy Rule 52(b)'s requirement that the error affects his substantial rights. The Court reasoned that a defendant whose sentence falls within what would have been the correct Guidelines Range must, on Appeal, identify "additional evidence" showing that use of the incorrect Guidelines Range in fact affected his sentence.

The United States Supreme Court Reversed the Fifth Circuit's Decision and held that "When a defendant is sentenced under an incorrect Guideline Range-- whether or not the defendant's ultimate sentence falls within the correct range--the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Id. at 1345. The Supreme Court explained that even if the District Court, as a matter of course, uses the Guidelines Range to instruct them regarding the appropriate balance of relevant federal sentencing factors to explain the decision and anchors the Court's discretion in selecting an appropriate sentence. The District Court follows, then, that in most cases the Guidelines Range will affect the sentence. When that is so, the defendant being sentenced under incorrect Guidelines Range should be able to rely on the fact to show a reasonable probability that the District Court would have imposed a different sentence under the correct range. That Probability is all that is needed to establish an effect on substantial rights for purposes of obtaining relief under Rule52(b). "This (Supreme Court) decision today simply states that Courts requiring additional evidence in cases, like this one,..." continuing, "Absent unusual circumstances, he will not be required to show more," Id. 194 L.3d 2d 458

Thus, a mistake in calculating the recommended Guidelines Range is sufficient to show that the error affected the defendant's substantial rights

during sentencing, and the mistake constitutes "Plain" error, even absent an objection tot he Guidelines Calculation, Id., at 1348.

The decision in Molina-Martinez is directly applicable to this case because Gary C. Snisky was also sentenced based on incorrect Guidelines without objection by Defense Counsel. On advice of his Defense Counsel, Petitioner Pled Guilty to a Rule 11 Agreement that set a loss amount of $2.531 million. Petitioner's Guideline Range was based on those calculations and set at 78-97 months.

The District Court applied the Loss Amount Sentencing Guideline Enhancement and the Petitioner's Guideline Range was significantly increased by the loss enhancement. The Guideline Calculation is incorrect in that the Petitioner was entitled to a reduction of the loss amount by: (1) Government Recovered Funds of $2,695,914.32; (2) The Sale of Real Estate Property at $550,000 dollars (710 Tenacity Dr. Longmont, Colorado 80504); (3) SEC Recovered Funds from ZeekRewards/Rex Venture Group by $423,000 dollars (See SEC v. Rex Venture Group, No. 3:12-CR-519, 5th Cir. & Belsome et al v. Rex Venture Group/AKA Zeekrewards.com, No. 12-2173, 5th Cir.); and (4) $45,000 dollars repaid by Dawn Rassmussen.

Consequently, all four facts totaling a sum of $3,713,914.32 million, which should have been Credited against the alleged victim loss, as per U.S.S.G. Section 2B 1.1 E(i)(ii), "Credits Against Loss." When this value of $3,713,914.32 is deducted from the Securities and Exchange Commission's findings of Actual Value, attributed to Petitioner - as evident in the SEC's Settlement Offer - of $3.8 million (see Exhibit "A" P2, ¶3B - Please Note: The Movant did declined to accept the Offer due to multiple Factual Mistakes) the level of offense lessens from Level 25 to Level 13 and the loss amount to $87,000 dollars. The Petitioner's loss calculation, as determined in the Securities and Exchange Commission's default Judgement Case No.13-cv-03149-LTB, is $4,180,540.81. When this value is deducted from the $3.7m the level of offense lessens from Level 25 to Level 19 and a loss amount to $466,626.49.

Further, the Defendant's intended loss was "that the defendant purposely sought to inflict" according to the U.S.S.G. 2B 1.1 (3)(A)(ii). Paying commissions to CMG per CMG's terms, investing in Real Estate, investing in ZeekRewards per CMG's request, are not funds intended for loss.

The aforesaid miscalculation of losses resulted in Petitioner's base sentencing level of "7" being enhanced by 18-Levels. The correct Guideline Range based on the Securities and Exchange Commission's Settlement Offer computation should have been

12-18 months, an offense level 13 (7 Base plus 6). The Default Judgement value computation should have been a Guideline range of 30-37 months, an offense level 19 (7 Base plus 12).

Under Molina-Martinez, Petitioner is not required to prove any additional facts or provide additional evidence to show that the sentencing error -- where the District Court applied incorrect Guidelines -- affected his Substantial Rights, even though his Defense Counsel stipulated to the incorrect Sentencing Guidelines.

Similarly, where Defense Counsel stipulated to an incorrect amount of restitution, the Court retains the power to set aside the restitution order. The Petitioner asks that this restitution ordered by this Honorable Court be related to the offense charged, and be within the statutory powers of the Court, and restitution that is outside the statutory authority of the Court will be set aside as "Plain" error even if the amount of restitution was stipulated to in the Plea Agreement.


**RELIEF REQUESTED:**

The Petitioner, Gary C. Snisky, Pro-Se, requests his Honorable Court to grant his petition for Habeas Corpus, and the relief requested therein.

Dated February 15, 2017

Respectfully submitted,

Gary C. Snisky, Pro-Se
Fed. No. 40166-013
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

*Exhibit A*

# UNITED STATES OF AMERICA
### Before the
## SECURITIES AND EXCHANGE COMMISSION

**ADMINISTRATIVE PROCEEDING**
**File No. 3-17645**

| | | |
|---|---|---|
| **In the Matter of** | : | |
| | : | |
| **Gary C. Snisky** | : | **OFFER OF SETTLEMENT** |
| | : | **OF GARY C. SNISKY** |
| **Respondent.** | : | |
| | : | |
| _____: | | |

## I.

Gary C. Snisky ("Snisky" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in connection with public administrative proceedings instituted against him by the Commission, pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act").

## II.

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except that rejection of the Offer does not affect the continued validity of the waivers pursuant to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)] with respect to any discussions concerning the rejection of the Offer.

## III.

On the basis of the foregoing, the Respondent hereby:

A. Admits the jurisdiction of the Commission over him and over the matters set forth in the Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), and the findings contained in paragraph B.2 below:

B.   Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party consents to the entry of an Order by the Commission containing the following findings and remedial sanctions set forth below:

1.   Snisky was an owner and the sole managing member of Arete, Ltd., a/k/a/ Sky Peak Capital ("Arete"), a Cheyenne, Wyoming based investment adviser registered with the Commission and the sole managing member of a number of pooled investment vehicles used by Arete.

2.   On August 12, 2016, a final judgment was entered against Snisky, permanently enjoining him from future violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Exchange Act and Rule 10b-5 thereunder, Sections 206(1), 206(2), and 206(4) of the Advisers Act, Rule 206(4)-8 thereunder, and Section 7(a) of the Investment Company Act of 1940, in the civil action entitled *Securities and Exchange Commission v. Gary C. Snisky*, Case Number 13-CV-3149, in the United States District Court for the District of Colorado.

3.   The Commission's complaint alleged that, primarily targeting elderly annuity holders, Snisky and Arete conducted an offering fraud scheme that fraudulently raised at least $3.8 million from more than 40 investors in Colorado and seven other states from August 2011 through January 2013.   In connection with this fraudulent scheme Snisky made misrepresentations to investors and misappropriated approximately $2.8 million of investor funds.

## IV.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission imposing the following remedial sanctions:

Pursuant to Section 15(b)(6) of the Exchange Act and Section 203(f) of the Advisers Act, Respondent Snisky be barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and

Pursuant to Section 15(b)(6) of the Exchange Act Respondent Snisky be barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following:  (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order;

and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

**V.**

By submitting this Offer, Respondent hereby waives, subject to the acceptance of the offer, the rights specified in Rule 240(c)(4) [17 C.F.R. §201.240(c)(4)] of the Commission's Rules of Practice. Specifically, Respondent waives:

(1) All hearings pursuant to the statutory provisions under which the proceeding is to be or has been instituted;
(2) The filing of proposed findings of fact and conclusions of law;
(3) Proceedings before, and an initial decision by, a hearing officer;
(4) All post-hearing procedures; and
(5) Judicial Review by any court.

In addition, by submitting this offer, Respondent waives the rights specified in Rule 240(c)(5) [17 C.F.R. § 201.240(c)(5)] of the Commission's Rules of Practice. Specifically, Respondent waives:

(1) Any and all provisions of the Commission's Rules of Practice or other requirements of law that may be construed to prevent or disqualify any member of the Commission's staff from participating in the preparation of, or advising the Commission as to, any order, opinion, finding of fact, or conclusion of law that may be entered pursuant to this Offer; and

(2) Any right to claim bias or prejudgment by the Commission based on the consideration of or discussions concerning settlement of all or any part of this proceeding.

Respondent also hereby waives service of the Order.

**VI.**

Respondent understands and agrees to comply with the terms of 17 C.F.R § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Respondent's agreement to comply with the terms of Section 202.5(e), Respondent acknowledges the conviction for related conduct described in paragraph B4. above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or creating the impression that the Order is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Respondent does not admit the findings of the Order, or that the Offer contains no admission of the findings; and (iii) upon the filing of this Offer of Settlement, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this

3

agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

## VII.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

## VIII.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Respondent to defend against this action.  For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

## IX.

Respondent states that he has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit to this Offer.

_____ Day of _____

_____
Gary C. Snisky

4

## AFFIDAVIT

I **HEREBY CERTIFY** that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury as per 28 U.S.C.S. Section 1746.

Gary C. Snisky, Pro-Se

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY,** under penalties of perjury, that on February 15, 2017, I served the accompanying Petitioner's "Supplemental Brief Based On New Authority" on the parties listed below. This service was made by delivering envelopes containing the Brief to an Official of the Fort Dix Correctional Institution for placement in the Institution's Legal Mail System, Pre-Paid, with First Class Postage affixed to the envelopes:

Clerk For The Court
Alfred A. Arraj Bldg.
Hon. Judge Raymond P. Moore
United States District Court For Colorado
901 19th Street, Room A105
Denver, CO. 80294-3589

&

Robert M. Russel
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202

Gary C. Snisky, Pro-Se
Fed. Reg. #40166-013
FCI Fort Dix 5851
P.O. Box 2000
Joint Base MDL, NJ 08640

ary C. Snisky
d. Reg. No. 40166-013
d Fort Dix, Bldg. 5851
.O. Box 2000
oint Base MDL, New Jersey, 08640

Clerk of the Court
Alfred A. Arraj Bldg.
Hon. Judge Raymond P. Moore
United States District Court for Colorado
901 19th Street, Room A105
Denver, CO 80294-3589

egal Mail/Special Mail - OPEN ONLY IN THE PRESENCE OF THE INMATE
8 CFR Sec. 540.19