**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 13-cr-00473-RM-1
Civil Action No. 16-cv-01044-RM

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

1. GARY SNIKSY,

      Defendant-Movant.

---

## ORDER DENYING MOTION TO VACATE

---

This matter is before the Court on Defendant-Movant ("movant") Gary Snisky's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (§ 2255 Motion) (Doc. # 155[1]).   The United States responded to the § 2255 Motion (Doc. # 161), and Mr. Snisky filed a reply (Doc. # 165).   For the reasons stated below, the § 2255 Motion is denied.

## I.   BACKGROUND

In November 2013, Mr. Snisky was indicted on thirteen counts of mail fraud under 18 U.S.C. § 1341, and five counts of money laundering under 18 U.S.C. § 1957.   (Doc.   # 2 at 1-6).   The indictment also contained a forfeiture allegation.   (*Id*. at 6-7).   Mr. Snisky subsequently agreed to plead guilty to one count of mail fraud (Count 2) and one count of money laundering (Count 14).   (Doc. # 100 at 1, ¶ 1).

---

[1]All docket references in this Order will be to the criminal case.

The parties stipulated to the following relevant facts in the plea agreement:

Between 2009 and sometime in 2011, Mr. Snisky operated a private equity firm, Colony Capital, LLC, which offered moderate to high returns in exchange for investment opportunities in bonds, futures trading, and other offerings.   In 2011, Mr. Snisky shut down Colony Capital and formed a company called Arete, LLC, which also purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings.   (*Id.* at 7-8).

Beginning in 2010, Mr. Snisky falsely led investors, potential investors, and financial investors to believe that an algorithm developed by movant's co-defendant, Richard Greeott, was being used by Colony Capital, and later Arete, to profitably trade in the futures market in order to falsely bolster Colony Capital's, and later Arete's, appearance of success and overall financial stability.   (*Id.* at 8-9).   Movant determined that investors were more likely to invest in Colony Capital's, and later Arete's, multiple investment offerings if they believed that the companies were more financially profitable than they actually were.   (*Id.*).   However, at no time did Mr. Greeott, Mr. Snisky, or anyone else at Colony Capital or Arete trade a significant amount of money or make any real profit using Mr. Greeott's algorithm, which was still in a development phase.   (*Id.*).

Between July 2011 and March 2012, Mr. Snisky received investments totaling $321,346.26 for a trading program for the futures market that he falsely claimed to investors was successful and proprietary.   The vast majority of the investments were not traded in the futures market as promised.   (*Id.* at 9-11).

Between August and January 2013, Movant received a net of approximately $4,180,540.81 in investor money based on false statements to investors that the money would be invested in Ginnie Mae bonds.   Although Mr. Snisky did not use any investor money to purchase bonds, he

2

caused false investment account statements to be mailed to investors in the bond program falsely

showing that their money had been invested and was earning a profit, as promised.   (*Id.* at 11-13).

In November 2011, Mr. Snisky withdrew $35,426 from a bank account held by Arete LLC

and caused the money to be transferred to an account in the name of Jewel Properties.   The entire

amount was proceeds from the mail fraud.   (*Id.* at 13).

In the plea agreement, movant agreed that the loss attributed to him for sentencing

guideline purposes was $5,226,965.93 (*id.* at 2, n.1),[2] and to the entry of a preliminary order of

forfeiture for a personal money judgment in the amount of $2,531,052.61.[3]   (*Id.* at 3, ¶ 7; 16, ¶ 19).

Mr. Snisky also stipulated to the following sentencing enhancements under the United States

Sentencing Guidelines (USSG or Guidelines):

- An 18-level enhancement under §2B1.1(b)(1)(J) "because the loss was more than
  $2,500,000 but less than $7,000,000." (*Id.* at 14, ¶ 19).

- A 2-level enhancement under USSG §2B1.1(b)(2)(A)(i) "because there
  were more than 10 victims." (*Id.*).

- A 2-level enhancement under USSG §2B1.1(b)(10) "for sophisticated
  means." (*Id.*).

- A 4-level enhancement under USSG §3B1.1(a) for being an "'organizer
  or leader' of a criminal activity that was 'otherwise extensive.'" (*Id.*).

Mr. Snisky agreed not to contest these sentencing factors in exchange for the

government's recommendation that he receive an additional one-level reduction for acceptance of

responsibility under USSG 3E1.1(b).   (*Id.* at 2, ¶ 4).

---

2  The amount of $5,226,965.93 reflected the "net loss to investors in the Bond Program and the future trading program," including the losses to investors "who invested in an earlier bond program, but were told their money was later rolled into the Bond Program and the futures trading program."   (Doc. # 100 at 13).

3  The restitution amount was lower than the loss amount because the government had already seized money and assets through asset forfeiture and had returned that money to the victims. (Doc. # 100 at 2, n.1).

The presentence report (PSR) assigned Mr. Snisky a base offense level of seven, under USSG §2B1.1.   (Doc. # 119 [sealed] at 7).   The PSR determined that that the total loss to the victims resulting from the mail fraud was $5,226,965.54,[4] which resulted in an 18-level enhancement under USSG §2B1.1(b)(1)(J).   (*Id.*).   Mr. Snisky was further assessed the stipulated two-point sentencing enhancements for an offense involving more than 10 victims and sophisticated means.   (*Id.* at 8).   Although the PSR agreed with the parties' stipulation in the plea agreement that movant was an organizer or leader of the criminal activity, it rejected the four-level enhancement under USSG § 3B1.1(a), concluding that Mr. Snisky's criminal activity was not "otherwise extensive."   (*Id.* at 8 n.3).   Instead, Mr. Snisky was assessed a two-point enhancement under USSG § 3B1.1(c) for being a leader.   (*Id.*).   He was awarded a three-point reduction for acceptance of responsibility under USSG §3E1.1(a) and (b).   (*Id.* at 8).   The PSR calculated a total offense level of 28, resulting in an advisory guideline range of 78 to 97 months.   (*Id.* at 9, 21).   The Court adopted the findings in the PSR and sentenced Mr. Snisky to 84 months in prison. (6/18/2015 Sentencing Hr. Tr., Doc. # 150, at 58).

Mr. Snisky's direct appeal to the Tenth Circuit Court of Appeals was dismissed upon his own motion.   (Doc. # 154.)

On May 6, 2016, Mr. Snisky filed a § 2255 motion (Doc. # 155), along with a supporting Memorandum (Doc. # 156) in which he asserts the following claims:[5]  (1) counsel's ineffectiveness rendered his guilty plea involuntary (claim six); (2) his sentence must be vacated because it was substantially unreasonable given the significant disparity between the sentences

---

4  That sum differed from the amount listed in the plea agreement, but only by 39 cents.
5  In the plea agreement, Mr. Snisky waived his right to challenge his prosecution, conviction or sentence in a collateral attack, except that he reserved the right to seek relief under § 2255 for claims of ineffective assistance of counsel and prosecutorial misconduct.   (Doc. # 100 at 3, ¶ 6).

4

imposed on him and his co-defendant; and, counsel was ineffective in failing to show that he and his co-defendant were "equal partners at Arete LLC" (claim two); (3) defense counsel's assistance at sentencing was constitutionally deficient because counsel failed to: (a) challenge the government's loss calculation, which resulted in an 18-level enhancement under USSG §2B1.1(b)(1)(J) (claim one); (b) argue that movant did not engage with 10 or more victims, which resulted in his receiving an additional 2-level enhancement under USSG §2B1.1(b)(2)(a)(i) (claim three); (c) challenge the two-level enhancement for "sophisticated means" imposed under USSG §2B1.1(b)(10) (claim four); and, (d) counsel failed to challenge the government's determination that movant was an organizer or leader, which resulted in a two-level enhancement under USSG §3B1.1(c) (claim five); (4) counsel's conduct at the plea and sentencing stages was constitutionally ineffective (claim seven); and (5) counsel was ineffective in failing to challenge the prosecutor's misconduct (claim eight).

## II. <u>ANALYSIS</u>

### A. LEGAL STANDARDS

#### 1. Pro se litigant

Mr. Snisky is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   "If a district court can 'reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999)).   However, a *pro se* litigant's "conclusory allegations without

5

supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 2. Sixth Amendment

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI.   The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel" and has set forth two components to assess whether a particular counsel's representation was constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, the movant must show that "counsel's representation fell below an objective standard of reasonableness."   *Id*. at 687-88. This is no easy proposition, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."   *Id*. at 690.   A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Id*.   Under the second prong of the *Strickland* inquiry, the movant must identify acts or omissions made by the attorney that resulted in prejudice to the movant.   *Strickland*, 486 U.S. at 692-93.   A movant is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id*. at 694.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id.*

The *Strickland* standard applies when a movant challenges a guilty plea based on ineffective assistance of counsel.   *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).   *See also United States v. Hamilton,* 510 F.3d 1209, 1215 (10th Cir. 2007).   Where a movant was represented by

counsel during the plea process and enters his plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 369 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).   To establish prejudice in the context of a guilty plea, a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.   The "mere allegation that [movant] would have insisted on trial but for his counsel's errors . . . is ultimately insufficient to entitle him to relief."   *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).

To demonstrate prejudice in the sentencing context, the movant must show a reasonable probability that his counsel's allegedly deficient performance resulted in an increased sentence. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001).

The Court may reject an ineffective assistance claim under either, or both prongs, of the *Strickland* inquiry.   *See Smith v. Robbins*, 528 U.S. 259, 286 at n. 14 (2000).

## B.  APPLICATION

### 1.  Claims that counsel rendered ineffective assistance in connection with the plea agreement (claim six and part of claim seven)

#### a.   claim six

Mr. Snisky asserts in claim six that counsel's ineffectiveness rendered his guilty plea involuntary.   (Doc. # 156 at 16).   Specifically, he contends that counsel: was "ill prepared or uninterested" in the governing law; failed to disclose to movant that he was not prepared for trial due to the recent death of his parents; and, that counsel coerced Mr. Snisky to accept a plea agreement by making a false representation that counsel would submit mitigating evidence to refute the facts stipulated in the plea agreement at sentencing.   (*Id.*).   Movant asserts that if

counsel had not "advised and assured [him] that the facts were in dispute," he would not have taken the plea agreement.   (*Id.*).

Movant's allegations that counsel was unprepared for trial and that counsel's performance was affected adversely by events in his personal life lack any supporting factual details. Conclusory allegations are insufficient to establish that counsel was constitutionally ineffective. *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994).

Mr. Snisky's assertion that defense counsel "coerced" him into pleading guilty by misrepresenting that counsel would submit mitigating evidence to refute the facts to which movant stipulated in the plea agreement is directly contradicted by movant's statements to the Court in connection with the entry of his guilty plea.

Mr. Snisky filed a "Statement in Advance of Plea of Guilty," in which he acknowledged and certified, among other things, that: (1) the nature and elements of the charges, as well as the possible penalties, had been explained to him by his attorney; (2) by pleading guilty he was waiving his right to a trial and to present witnesses and evidence in his defense; (3) he had discussed the case and his guilty plea with his attorney; (4) other than the promises made by the government in the plea agreement, no promises had been made by anyone to induce or persuade him to enter a guilty plea; (5) no representations had been made to him as to what the sentence would be except those explicitly detailed in the plea agreement; (6) he was satisfied with his attorney and believed he had been represented effectively and competently; and, (7) he had no mental reservations about his decision to plead guilty. (Doc. # 101 at ¶¶1, 3, 12-13, 16, 22, 24-27).

In the plea agreement, Mr. Snisky stipulated to the factual basis for the plea and to the sentencing enhancements specified therein.   (Doc. # 100 at 7-13, 14).   Movant further agreed

8

that "[i]n entering this agreement, neither the government or defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement." (*Id.* at 17, ¶23).

At the beginning of the change of plea hearing, Mr. Snisky took an oath to answer the Court's questions truthfully. (*See* 2/5/15 Change of Plea Hrg. Tr., Doc. # 149, at 2-3). During the ensuing colloquy, movant, who is a college graduate, averred that: (1) he had agreed not to dispute the sentencing calculations in the plea agreement (*id.* at 10-11); (2) he had read and reviewed the "Stipulation of Facts" with his lawyer, and he admitted that these facts were true (*id.* at 14-15); (3) he had reviewed the elements of each offense with his lawyer and understood the charges and possible penalties (*id.* at 12-13, 19); (4) he was pleading guilty of his own free will and was in fact guilty (*id.* at 24); and, (5) he was fully satisfied with the advice and representation of his lawyer. (*Id.* at 5). Based on movant's declarations at the change of plea hearing, as well as the Plea Agreement and movant's Statement in Advance of Plea of Guilty, the Court found and concluded that Mr. Snisky's guilty plea was entered knowingly and voluntarily. (*Id.* at 25).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, when a defendant pleads guilty, his "statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge*, 431 U.S. at 74). A defendant's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Consequently, "the 'truth and accuracy' of a defendant's statements during the Rule 11 proceeding

9

'should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.'"   *United States v.* Weeks, 653 F.3d 1188, 1205 (10th Cir. 2011) (quoting *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975)).

Mr. Snisky's belated assertions that counsel coerced him into pleading guilty by not disclosing beforehand that the government was required to prove the amount of actual loss, and that counsel promised to contest the factual bases for the plea or the sentence enhancements, are simply not credible in light of the statements movant made to the Court, on the record.   *See United States v. Alvarez*, No. 01-6160, 29 F. App'x. 497, 498 (10th Cir. 2002) (unpublished) (defendant's conclusory allegations about being pressured into pleading guilty were properly rejected in light of statements that defendant made during the plea hearing); *see also Lasiter v. Thomas,* 89 F.3d 699, 703-04 (10th Cir.1996) (rejecting petitioner's challenge to the validity of his guilty plea where statements petitioner made on the record refuted his claim).

Moreover, Mr. Snisky's argument in his Reply—that the plea agreement expressly reserved his right to dispute the facts set forth in the plea agreement—is incorrect.   The relevant provisions of the plea agreement, under Stipulation of Facts, state:

> 15. The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.   That basis is set forth below. . . . To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

> 16. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts <u>which do not contradict facts to which the parties have stipulated</u> and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

(Doc. # 100 at 7, ¶ 16) (Emphasis supplied).

The plea agreement does not identify any specific facts that were in dispute at the time the

agreement was executed, nor does the agreement recognize any dispute about a particular sentence enhancement.   (*See id.* at 14, ¶19).   Thus, the terms of the plea agreement provide no support for Mr. Snisky's ineffective assistance claim.

Claim six is denied.

### b.  claim seven

Mr. Snisky asserts in claim seven that defense counsel was ineffective failing to present certain evidence to the government during plea negotiations to show that movant's misrepresentations to investors were made in good faith, rather than with specific intent to defraud. (Doc. # 156 at 16).

The evidence cited by Mr. Snisky in his § 2255 motion does not refute the stipulated facts in the plea agreement that he lied and made misrepresentations to investors (*see* Doc. # 100 at 9-12).   Mr. Snisky admitted to the Court at the change of plea hearing that the stipulated facts were true.   These facts foreclosed any possible "good faith" defense.   *See United States v. Chavis*, 461 F.3d 1201, 1209 (10th Cir. 2006) (to justify a good-faith instruction, the defendant must be able to rebut all evidence of false and misleading conduct, all failures to disclose that which should have been disclosed, and all matters that deceive and were intended to deceive).   As such, movant cannot demonstrate that counsel's failure to challenge the government's proof of his culpable mental state was objectively unreasonable.   Moreover, movant has not shown that, had counsel presented the "good faith" evidence, he would have foregone a guilty plea and proceeded to trial.

Mr. Snisky's allegation in claim seven that defense counsel's provided ineffective assistance in plea negotiations is denied.

2. **Claims that counsel was ineffective in failing to challenge offense-level characteristics**

Mr. Snisky claims that counsel was ineffective in failing to: (a) challenge the government's loss calculation, which resulted in an 18-level enhancement under USSG 2B1.1(b)(1)(J) (claim one); (b) argue that movant did not engage with 10 or more victims under USSG 2B1.1(b)(2)(a)(i), which resulted in his receiving an additional 2-level enhancement (claim three); (c) challenge the two-level enhancement for "sophisticated means" imposed under USSG §2B1.1(b)(10) (claim four); and, (d) that counsel failed to challenge the government's determination that movant was an organizer or leader, which resulted in a two-level enhancement under USSG § 3B1.1(c) (claim five).

The problem with Mr. Snisky's collateral attack is that he stipulated in the plea agreement to all of the sentence enhancements that he now claims counsel should have challenged. (*See* Doc. # 100 at 14, ¶ 19).   Movant also stipulated to the loss amount for which he would be held accountable.   (*Id.* at 13).   Because Mr. Snisky is bound by the terms of his plea agreement, which he reaffirmed at the change of plea hearing, defense counsel was not ineffective in failing to challenge the stipulated sentencing enhancements. *See*, *e.g., Schlichting v. United States,* No. 08-3289, 355 F. App'x 84, 84-85 (8th Cir. Dec. 7, 2009) (unpublished) (counsel was not ineffective in failing to challenge sentence enhancements to which the defendant had stipulated to in the plea agreement) (citing *United States v. His Law*, 85 F.3d 379, 379 (8th Cir.1996) (a criminal defendant is bound by the stipulations in his plea agreement)); *United States v. Newman*, 148 F.3d 871, 878 (7th Cir. 1998) (concluding that movant had waived any claim challenging the amount of the loss associated with his offense conduct as much lower than the amount to which he

12

had stipulated to in the plea agreement).   *See also Emery v. Johnson*, 139 F.3d 191, 198

(5th Cir.1997) (counsel's failure to make a meritless objection cannot be grounds for

ineffective assistance of counsel).

Mr. Snisky received the benefit of the plea agreement in the award of an additional

one-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(b) (*see* Doc. # 100

at 2, ¶ 4), and in the dismissal of the remaining 16 counts of the indictment (*id.* at 4, ¶ 8).   Having

received those benefits, movant cannot now have invalidated the sentence enhancements to which

he expressly stipulated under the guise of an ineffective-assistance-of-counsel claim.   *Accord*

*United States v. Scott*, No. 01-7124, 41 F. App'x 372, 376 (10th Cir. May 30, 2002) (unpublished)

(rejecting the defendant's claim that counsel was ineffective in failing to challenge the calculation

of his sentence where defendant was sentenced pursuant to the terms of a negotiated plea

agreement in which the government had agreed to drop three of the counts against him in return for

his sentencing stipulations).

Claims one, three, four and five are denied.

### 3.   Claims that counsel was ineffective at sentencing

#### a.   claim two

Mr. Snisky claims that his counsel was ineffective in failing to show that movant and his

co-defendant, Mr. Greeott, were "equal partners of Arete LLC," which resulted in movant

receiving a disparate sentence.[6]   (Doc. # 156 at 9-10).   Movant also argues that the Court

committed plain error in creating "unwarranted disparity between sentences imposed upon him

and his co-defendant."   (*Id.* at 9).

---

6 Mr. Greeott was charged in Case No. 13-cr-00375-PAB with conspiracy to commit mail fraud and monetary
transaction in property derived from mail fraud.   (Doc. # 1).   He was convicted pursuant to his guilty plea and
sentenced to six months in prison.   (Doc. # 33).

With regard to Mr. Snisky's claim of sentencing error, "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal."   Se*e United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).   Movant filed a direct appeal, but dismissed it voluntarily.   (*See* Doc. ## 139, 154).   Therefore, his claim is procedurally defaulted and movant is barred from raising it in this § 2255 proceeding absent a showing of cause to excuse his procedural default and resulting prejudice, or that a fundamental miscarriage of justice will occur if his claim is not addressed.   *United States v. McGaughy*, 675 F.3d 1149, 1159 (10th Cir. 2012). Mr. Snisky has not made either showing here.

Mr. Snisky does not fare any better with his ineffective assistance allegations.   It is well-established in the Tenth Circuit that two co-defendants may be sentenced disparately "'where the disparity is explicable by the facts on the record.'" *United States v. Maden*, 114 F.3d 155, 159 (10th Cir. 1997) (quoting *United States. v. Garza*, 1 F.3d 1098, 1101 (10th Cir.1993)).   At sentencing, the Court asked the prosecutor to explain what factors distinguished Mr. Greeott's conduct from Mr. Snisky's conduct.   (*See* 6/18/15 Sentencing Hr. Tr. at 34).   The prosecutor responded that: (1) Mr. Greeott received the government's recommendation for a downward departure under USSG § 5K1.1 based on his substantial assistance in cooperating against Mr. Snisky; (2) Mr. Greeott played a minimal role in the offense, facts to which Mr. Snisky and Mr. Greeott stipulated to in their respective plea agreements; (3) Mr. Snisky designed and controlled the fraud; (4) Mr. Snisky profited from the offense on a much larger scale; and, (5) two of the victims predated Mr. Greeott's involvement.   (*See* 6/18/15 Sentencing Hr. Tr. at 34-37; *see also* Case No. 13-cr-00375-PAB (Doc. # 12 at 8-13 (plea agreement); Doc. # 28 (PSR); Doc.   # 32 (minute entry for sentencing proceedings)).

14

The record reflects that the offense conduct of the two men differed significantly. Therefore, even if defense counsel had argued at sentencing that Mr. Snisky and Mr. Greeott were equal partners in Arete, LLC, movant has not shown a reasonable probability that he would have received a lower sentence.  *See United States v. Soto,* 660 F.3d 1264, 1270 (10th Cir. 2011) (rejecting sentencing disparity argument because co-defendant's lower sentence was explained by his cooperation with the government).  *Accord United States v. Bridges*, No. 02-3106, 68 F. App'x 896, 899 n.1 (10th Cir. June 19, 2003) (unpublished) (noting that "sentencing disparities resulting from different plea agreements by co-defendants are a legitimate exercise of prosecutorial discretion.")

Claim two is denied.

### b.  claim seven

Mr. Snisky argues in claim seven that counsel was ineffective at sentencing in failing to: present a compelling argument in support of mitigation; object when the prosecution labeled him a recidivist; and, in conceding that Mr. Snisky should receive a greater sentence than the six-month sentence imposed on his co-defendant.   (Doc. # 156 at 17).

The Court rejects Mr. Snisky's claim based on counsel's alleged failure to present a compelling argument in support of mitigation.   Before sentencing, defense counsel filed an 18-page motion for downward departure or variant sentence.   (Doc. # 115).   In the motion, counsel made detailed arguments as to why movant should be sentenced to probation instead of a term of imprisonment, based on what counsel described as movant's substantial contributions to the public, his community, his church and his family.    (*Id.*).   The fact that the Court was not persuaded by counsel's arguments and denied the motion (*see* 6/18/15 Sentencing Hr. Tr. at 54)

does not mean that counsel's performance in moving for a variant sentence was constitutionally ineffective.   Mr. Snisky fails to identify what additional "mitigating" evidence counsel should have presented to the Court that would not have contradicted the facts to which he stipulated in the plea agreement.   Again, conclusory assertions that counsel's performance was constitutionally deficient cannot support a Sixth Amendment claim.   *See Fisher*, 38 F.3d at 1147.

The Court is likewise not persuaded by Mr. Snisky's other contentions in conjunction with his claim that counsel was ineffective at sentencing.   Contrary to movant's assertion, counsel did take issue with the prosecution's characterization of him as a recidivist.   (*See* 6/18/2015 Sentencing Hr. Tr. at 32-33, 38-39).   Moreover, Applicant was not prejudiced by the prosecutor's remark, given the Court's rejection of the recidivist label because "[t]here is no evidence before [the Court] that what occurred in California was a fraud."   (*Id.* at 33).

 Mr. Snisky further challenges counsel's comment at the sentencing hearing that he was not expecting the Court to impose a sentence lower than the six-month sentence received by movant's co-defendant because movant had a greater role in the offense.   (*See* 6/18/2015 Sentencing Hr. Tr. at 37-38).   However, counsel argued for a mitigated sentence (*id.* at 38-48), and the prosecutor explained the basis for variant sentencing at the hearing (*id.* at 34-37).   Given Mr. Snisky's stipulations in the plea agreement, he cannot demonstrate that, had counsel not commented about the expectation of receiving at least a six-month sentence, movant would have been sentenced to less than the 84 months imposed by the Court.   Consequently, his ineffective assistance claim fails.   *See Glover*, 531 U.S. at 203-04.

The allegations in claim seven challenging the effectiveness of counsel's representation at sentencing are denied.

16

**4.  Claim that counsel was ineffective in failing to challenge government misconduct**

Finally, Mr. Snisky alleges in claim eight that defense counsel was ineffective in failing to challenge the following alleged governmental misconduct:   (1) one or more government agents closed an Arete LLC business account that would have been used to pay for the bonds, but then charged Mr. Snisky for failing to buy the bonds; (2) one or more government agents directed an individual to entrap Mr. Snisky into purchasing certain investments with client funds; and, (3) the prosecutor failed to disclose the exculpatory evidence that Mr. Snisky and Mr. Greeott were partners, despite the fact that their partnership status was reflected in State and SEC filings, as well as in the signed operating agreement for Arete LLC.   (Doc. # 156 at 18).

The Court agrees with the government that Mr. Snisky's first two allegations appear to fault counsel for failing to raise an entrapment defense.   However, to raise an entrapment defense, defense counsel would have been required to show both "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988).   *See also United States v. Young,* 954 F.2d 614, 616 (10th Cir.1992).   Movant's allegations do not suggest that he was induced into committing mail fraud and money laundering or that he was not predisposed to commit those offenses. Indeed, the facts to which Mr. Snisky stipulated in the plea agreement refute any claim that he was induced.   In the absence of evidence to support an entrapment defense, counsel was not ineffective in failing to pursue it.   *See United States v. Spencer*, No. 08-4171, 315 F. App'x 674, 676 (10th Cir. Feb. 27, 2009) (unpublished) (rejecting defendant's claim that his attorney should have pursued an entrapment defense instead of advising him to plead guilty, where the facts did not suggest an entrapment defense); *Slusher v. Furlong*, No. 01-1192, 29 F. App'x 490, 494-95

17

(10th Cir. Jan. 4, 2002) (unpublished) (counsel's failure to investigate a state law entrapment defense did not prejudice defendant where the evidence would not have supported a viable claim).

In his third allegation, Mr. Snisky asserts that defense counsel should have objected to the prosecution's alleged failure to disclose exculpatory evidence – i.e. that Mr. Greeott was an equal partner with Mr. Snisky, and not an independent contractor, as he was portrayed by the prosecution. However, any challenge raised by counsel under *Brady v. Maryland*, 373 U.S. 83 (1963) would have failed. Mr. Greeott's status as an equal partner was presumably a fact known to Mr. Snisky. *See Knighton v. Mullin*, 293 F.3d 1165, 1175 (10th Cir. 2002) (recognizing that the government does not suppress evidence that is already known and available to the defendant prior to trial) (internal citation omitted). Further, the information was not exculpatory. Mr. Snisky stipulated in the plea agreement that he was the organizer or leader of the scheme and that Mr. Greeott was an independent contractor. (Doc. # 100 at 8, 14). And, as previously discussed, the prosecutor explained at the sentencing hearing why Mr. Snisky was more culpable. (*See* 6/18/15 Sentencing Hr. Tr. at 34-37). The Court thus finds that defense counsel's failure to raise a *Brady* challenge was not constitutionally deficient performance, nor was Mr. Snisky prejudiced at sentencing as a result.

Claim eight is denied in its entirety.

### 5.  Request for an Evidentiary Hearing

Mr. Snisky requests that the Court grant him an evidentiary hearing on his claims.

The Court may dispense with an evidentiary hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rules Governing Section 2255 Proceedings, Rule 8(a) (authorizing judge to

determine whether an evidentiary hearing is warranted). The standard for obtaining a hearing is "higher than notice pleading." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004).   To meet this standard, a movant must make "specific and particularized" allegations, "which, if proved, would entitle him to relief." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995). Moreover, a movant in a § 2255 proceeding is entitled to a hearing only when there is a disputed factual issue.   *United States v. Gallegos*, No. 11-8084, 459 F. App'x 714, 716-17 (10th Cir. 2012) (unpublished).   The Court is not required to hold an evidentiary hearing "without a firm idea of what the testimony will encompass and how it will support a movant's claim."   *Cervini*, 379 F.3d at 994.

Here, for the reasons discussed above, the record conclusively shows that Mr. Snisky is not entitled to relief on any of his claims.   In addition, movant's claims do not present any material disputed factual issues.   *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting evidence."); *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (holding that no evidentiary hearing was required where "there were no relevant disputed issues of fact that needed to be resolved"). Consequently, the Court finds no need to conduct an evidentiary hearing.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."   Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court

erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Mr. Snisky has not made a substantial showing of the denial of a constitutional right.   Therefore, a certificate of appealability is denied.

### III. <u>CONCLUSION</u>

Mr. Snisky has failed to demonstrate that his defense counsel was constitutionally ineffective in connection with his guilty plea or the sentencing proceeding, or that he is otherwise entitled to collateral relief.   Therefore, it is

ORDERED that Mr. Snisky's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 155) is DENIED.   It is

FURTHER ORDERED that, under 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

DATED May 10, 2017, at Denver, Colorado.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge