APPEAL,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: 1:13−cr−00473−RM−1

Case title: USA v. Snisky

Related Case: 1:16−cv−01044−RM

Date Filed: 11/19/2013

Date Terminated: 06/18/2015

Assigned to: Judge Raymond P. Moore

Appeals court case number: 15−1243

**Defendant (1)**

| | | |
|---|---|---|
| **Gary Snisky** <br> *TERMINATED: 06/18/2015* | represented by | **Gary Snisky** <br> 40166–013 <br> FORT DIX <br> FEDERAL CORRECTIONAL INSTITUTION <br> Inmate Mail/Parcels <br> EAST: P.O. BOX 2000 – WEST: P.O. BOX 7000 <br> FORT DIX, NJ 08640 <br> PRO SE |

**Robert William Pepin**
Office of the Federal Public Defender
633 Seventeenth Street
#1000
Denver, CO 80202
303−294−7002
Fax: 303−294−1192
Email: Robert_Pepin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**La Fonda R. (Former FPD) Traore**
Office of the Federal Public Defender–Denver
633 Seventeenth Street
Suite 1000
Denver, CO 80202
303−294−7002
Email: cox_ecf@fd.org
*TERMINATED: 01/02/2014*
*Designation: Public Defender or Community Defender Appointment*

**Peter J. Krumholz**

Hale Westfall, LLP
1600 Stout Street
Suite 500
Denver, CO 80202
720–904–6007
Fax: 720–904–6006
Email: pkrumholz@halewestfall.com
*ATTORNEY TO BE NOTICED*
*Designation: 10th Circuit Special Designation*

| **Pending Counts** | **Disposition** |
|---|---|
| Mail fraud (2) | 84 months, to be served concurrently with Count 14; Total special assessment fee of $200 ($100 each count); total restitution of $2,531,032.22 (no interest). |
| Monetary Transaction in property derived from mail fraud (14) | 84 months, to be served concurrently with Count 2; Total special assessment fee of $200 ($100 each count); total restitution of $2,531,032.22 (no interest). |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| Mail fraud (1) | Dismissed. |
| Mail fraud (3–13) | Dismissed. |
| Monetary Transaction in property derived from mail fraud (15–18) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| USA | represented by | **Pegeen Denise Rhyne** |
|---|---|---|
| | | U.S. Attorney's Office–Denver |
| | | 1801 California Street |
| | | Suite 1600 |

Denver, CO 80202
303–454–0323
Fax: 303-454–0409
Email: pegeen.rhyne@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Celeste Brianne Rangel**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0206
Fax: 303-454–0403
Email: celeste.rangel@usdoj.gov
*TERMINATED: 01/13/2015*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Robert Mark Russel**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303-454–0404
Email: Robert.Russel@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Tonya Shotwell Andrews**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303-454–0402
Email: Tonya.Andrews@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/19/2013 | 1 | | RESTRICTED DOCUMENT – Level 4 (trlee, ) (Entered: 11/19/2013) |
| 11/19/2013 | 2 | | Indictment and Penalty sheet for defendant – RESTRICTED DOCUMENT – Level 3. (Attachments: # 1 Exhibit) (trlee, ) Modified on 11/21/2013 to UNRESTRICT pursuant to arrest of defendant. (nmmsl, ). (Entered: 11/19/2013) |
| 11/19/2013 | 3 | | Arrest Warrant for defendant – RESTRICTED DOCUMENT – Level 3. (trlee, ) Modified on 11/21/2013 to UNRESTRICT pursuant to arrest of |

| | | | |
|---|---|---|---|
| | | | defendant. (nmmsl, ). (Entered: 11/19/2013) |
| 11/21/2013 | 4 | | Arrest of Gary Snisky, Initial Appearance set for 11/21/2013 02:00 PM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (Text Only Entry)(nmmsl, ) (Entered: 11/21/2013) |
| 11/21/2013 | 5 | | NOTICE OF ATTORNEY APPEARANCE Tonya Shotwell Andrews appearing for USA. (Andrews, Tonya) (Entered: 11/21/2013) |
| 11/21/2013 | 6 | | MINUTE ENTRY for proceedings held before Magistrate Judge Michael E. Hegarty: Initial Appearance as to Gary Snisky held on 11/21/2013. Defendant present in custody. Defendant advised. Defendant states he has retained Liz Krupa to represent him but does not think he will be able to keep her. Federal Public Defender appointed. Arraignment, Discovery, and Detention Hearing set for 11/26/2013 2:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Defendant remanded (Total time: 5 minutes, Hearing time: 2:10–2:15)<br><br>**APPEARANCES**: Pegeen Rhyne on behalf of the Government, Michelle Sinaka on behalf of Pretrial Services. FTR: CRIMINAL PM –– Courtroom A–501. (mehcd) Text Only Entry (Entered: 11/21/2013) |
| 11/21/2013 | 7 | | CJA 23 Financial Affidavit by Gary Snisky. (lag) (Entered: 11/21/2013) |
| 11/22/2013 | 8 | | NOTICE OF ATTORNEY APPEARANCE: La Fonda R. Traore *Assistant Federal Public Defender* appearing for Gary Snisky (Traore, La Fonda) (Entered: 11/22/2013) |
| 11/26/2013 | 9 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Arraignment, Discovery, and Detention Hearing as to Gary Snisky held on 11/26/2013. Defendant present in custody with counsel. Plea of NOT GUILTY entered by Gary Snisky on all counts. Discovery Memorandum executed. Government counsel calls Special Agent Kate E. Funk as witness to testify. Direct and cross examination. Government and Defense counsel argue detention. ORDERED: $25,000 Property Bond set as to Gary Snisky (1). Bond conditions reviewed. The court notes that the full amount must be posted. Defendant remanded, to be brought back to court when conditions have been met. (Total time: 1 hour, 9 minutes, Hearing time: 2:34 – 3:43)<br><br>**APPEARANCES**: Pegeen Rhyne on behalf of the Government, La Fonda Traore on behalf of the Defendant, Michelle Sinaka on behalf of Pretrial Services. FTR: Courtroom A402 – C. Covington. (ccovi) Text Only Entry. (Entered: 11/27/2013) |
| 11/26/2013 | 10 | | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 2–3 weeks as to Gary Snisky by Magistrate Judge Craig B. Shaffer on 11/26/13. (ccovi) (Main Document 10 replaced on 12/2/2013 to correct the District Judge indicated on Page 1) (ccovi) (Entered: 11/29/2013) |
| 12/02/2013 | 11 | | MINUTE ORDER as to Gary Snisky. Counsel shall appear in Chambers no later than close of business on Wednesday, December 4, 2013 to set the trial dates and deadlines in this matter.SO ORDERED BY Judge Raymond P. Moore on 12/2/2013. (Text Only Entry ) (rmsec ) (Entered: 12/02/2013) |

| | | | |
|---|---|---|---|
| 12/03/2013 | 12 | | MINUTE ORDER as to Gary Snisky by Magistrate Judge Craig B. Shaffer on 12/03/2013. Bond Hearing set for 12/4/2013 10:00 AM in Courtroom C201 before Magistrate Judge Kathleen M. Tafoya. Text Only Entry (skl) (Entered: 12/03/2013) |
| 12/04/2013 | 13 | | ORDER Setting Trial Dates and Deadlines as to Gary Snisky: Motions due by 12/10/2013. Responses due by 12/17/2013. Trial Preparation Conference set for 1/14/2014 at 04:00 PM in Courtroom A 601 before Judge Raymond P. Moore. A three week Jury Trial is set to commence on 1/27/2014 at 9:00 AM in Courtroom A 601 before Judge Raymond P. Moore. by Judge Raymond P. Moore on 12/4/2013. (trlee, ) (Entered: 12/04/2013) |
| 12/04/2013 | 14 | | Receipt for Surrender of Passport as to Gary Snisky Passport Number 220060029 issued by USA (sphil, ) (Entered: 12/04/2013) |
| 12/04/2013 | 15 | | COURTROOM MINUTES for Bond Hearing as to Gary Snisky held on 12/4/2013 before Magistrate Judge Kathleen M. Tafoya. Defendant present in custody without counsel. $25,000 secured property bond set as to Gary Snisky (1). Bond security received. Defendant advised of conditions of bond and remanded for processing and release. (Total time: 13 mins, Hearing time: 10:09–10:22) <br><br> **APPEARANCES**: Carlos Escobedo on behalf of pretrial. FTR: S. Grimm. (sgrim) Text Only Entry Modified on 12/4/2013 to clean up text.(sgrim) (Entered: 12/04/2013) |
| 12/04/2013 | 16 | | Bond Entered as to Gary Snisky in amount of $ $25,000, secured by property. (sgrim) (Entered: 12/04/2013) |
| 12/04/2013 | 17 | | ORDER Setting Conditions of Release as to Gary Snisky (1) $25,000 secured by property, by Magistrate Judge Kathleen M. Tafoya on 12/4/13. (sgrim) (Entered: 12/04/2013) |
| 12/06/2013 | 18 | | RESTRICTED BAIL REPORT – Level 4: as to Gary Snisky. (aarag, ) (Entered: 12/06/2013) |
| 12/10/2013 | 19 | | STIPULATION *for PROTECTIVE ORDER* by USA as to Gary Snisky (Rhyne, Pegeen) (Additional attachment(s) added on 12/10/2013: # 1 Certificate of Service) (nmmsl, ). (Entered: 12/10/2013) |
| 12/10/2013 | 20 | | Unopposed MOTION to Vacate *Trial Date and to Set a Status Conference* by Gary Snisky. (Traore, La Fonda) (Entered: 12/10/2013) |
| 12/12/2013 | 21 | | MOTION to Disclose Grand Jury Material to Defendant by USA as to Gary Snisky. (Attachments: # 1 Proposed Order (PDF Only))(Rhyne, Pegeen) (Entered: 12/12/2013) |
| 12/13/2013 | 22 | | ORDER granting 21 Motion to Disclose Grand Jury Material as to Gary Snisky (1). by Judge Raymond P. Moore on 12/13/2013. (trlee, ) (Entered: 12/13/2013) |
| 12/16/2013 | 23 | | MINUTE ORDER as to Gary Snisky. Combined Status Conference and Hearing on Motion for Speedy Trial Exclusions set for 12/30/2013 at 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 12/16/2013. (Text Only Entry ) (rmsec ) (Entered: 12/16/2013) |

| 12/17/2013 | 24 | | MINUTE ORDER as to Gary Snisky. With respect to the Combined Status Conference and Hearing set for 12/30/2013 at 9:00 AM (by text entry appearing at ECF No. 23), defendant's appearance is required. SO ORDERED by Judge Raymond P. Moore on 12/17/2013. (Text Only Entry ) (rmsec ) (Entered: 12/17/2013) |
| 12/30/2013 | 25 | | PROTECTIVE ORDER as to Gary Snisky. by Judge Raymond P. Moore on 12/30/2013. (trlee, ) Modified on 12/30/2013 to correct typo (trlee, ). (Entered: 12/30/2013) |
| 12/30/2013 | 26 | | MINUTE ENTRY for Status Conference as to Gary Snisky held on 12/30/2013 before Judge Raymond P. Moore. Defendant present on bond. The Court grants 20 Motion to Vacate as to Gary Snisky. Counsel shall contact the chambers of Judge Raymond P. Moore to obtain new trial preparation conference and trial dates. Motions due by 3/22/2014. Responses due by 4/8/2014. Defendant continues on bond. Court Reporter: Tammy Hoffschildt. (rmcd) (Entered: 12/30/2013) |
| 12/30/2013 | 27 | | ORDER resetting trial dates as to Gary Snisky. Trial Preparation Conference set for 5/29/2014 at 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore. A three week Jury Trial is set to commence on 6/9/2014 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore. by Judge Raymond P. Moore on 12/30/2013. (trlee, ) (Entered: 12/30/2013) |
| 12/31/2013 | 28 | | NOTICE OF ATTORNEY APPEARANCE: Robert William Pepin appearing for Gary SniskyAttorney Robert William Pepin added to party Gary Snisky(pty:dft) (Pepin, Robert) (Entered: 12/31/2013) |
| 12/31/2013 | 29 | | MOTION to Withdraw as Attorney by LaFonda Traore by Gary Snisky. (Traore, La Fonda) (Entered: 12/31/2013) |
| 01/02/2014 | 30 | | ORDER granting 29 Motion to Withdraw as Attorney. La Fonda R. Traore withdrawn from case as to Gary Snisky (1). SO ORDERED by Judge Raymond P. Moore on 1/2/2014. (Text Only Entry ) (rmsec ) (Entered: 01/02/2014) |
| 01/07/2014 | 31 | | Utility Setting/Resetting Deadlines/Hearings as to Gary Snisky: Three week Jury Trial set to commence on 6/9/2014 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore. Text Only Entry (trlee, ) (Entered: 01/07/2014) |
| 02/05/2014 | 32 | | TRANSCRIPT of Arraignment/Discovery/Detention Hearing as to Gary Snisky held on November 25, 2013 before Magistrate Judge Shaffer. Pages: 1–59.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased |

| | | | |
|---|---|---|---|
| | | | through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 5/9/2014. (Avery Woods Reporting, ) (Entered: 02/05/2014) |
| 03/04/2014 | 33 | | MOTION for Order *to Allow Re−Subordination of Security Previously Posted as Condition of Bond* by Gary Snisky. (Attachments: # 1 Appraisal Attachment)(Pepin, Robert) (Entered: 03/04/2014) |
| 03/04/2014 | 34 | | MEMORANDUM regarding 33 MOTION for Order to Allow Re−Subordination of Security Previously Posted as Condition of Bond filed by Gary Snisky. Motion referred to Magistrate Judge Kathleen M. Tafoya. Entered by Judge Raymond P. Moore on 3/4/2014. (Text Only Entry) (rmsec ) (Entered: 03/04/2014) |
| 03/05/2014 | 35 | | MINUTE ORDER as to Gary Snisky re 33 MOTION for Order to Allow Re−Subordination of Security Previously Posted as Condition of Bond filed by Gary Snisky. Government is to respond by 3/11/2014. By Magistrate Judge Kathleen M. Tafoya on 3/5/2014. Text Only Entry (trlee, ) (Entered: 03/05/2014) |
| 03/12/2014 | 36 | | RESPONSE to Motion by USA as to Gary Snisky re 33 MOTION for Order *to Allow Re−Subordination of Security Previously Posted as Condition of Bond* (Rhyne, Pegeen) (Entered: 03/12/2014) |
| 03/13/2014 | 37 | | ORDER granting 33 MOTION TO ALLOW RE−SUBORDINATION OF SECURITY PREVIOUSLY POSTED AS CONDITION OF BOND as to Gary Snisky. The Clerk of Court is authorized to execute the subordination agreement and/or other necessary documents which will be tendered by defense counsel in connection with the re−financing of the first mortgage against the securing property. The documents tendered to the court for signature are for the purpose of continuing the security for defendant's bond against the property, notwithstanding the new first mortgage. Evidence of the re−financing and the security for the bond under the new loan will be filed within 60 days of this Order. Entered by Magistrate Judge Kathleen M. Tafoya on 03/13/2014. Text Only Entry (kmt, ) (Entered: 03/13/2014) |
| 03/21/2014 | 38 | | Unopposed MOTION to Continue *Motions Filing and Jury Trial Dates* by Gary Snisky. (Pepin, Robert) (Entered: 03/21/2014) |
| 03/21/2014 | 39 | | ORDER Setting Hearing on 38 Unopposed MOTION to Continue *Motions Filing and Jury Trial Dates*, as to Gary Snisky, for 4/4/2014 01:00 PM in Courtroom A 601 before Judge Raymond P. Moore. By Judge Raymond P. Moore on 3/21/14. (dkals, ) (Entered: 03/21/2014) |
| 03/28/2014 | 40 | | MINUTE ORDER as to Gary Snisky. Due to a conflict in the Court's calendar, the Motion Hearing currently set for 4/4/2014 at 01:00 PM is VACATED and RESCHEDULED for 4/4/2014 at 01:30 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 3/28/2014. (Text Only Entry ) (rmsec ) (Entered: 03/28/2014) |
| 04/04/2014 | 41 | | MINUTE ENTRY for Motion Hearing as to Gary Snisky held on 4/4/2014 before Judge Raymond P. Moore. Defendant present on bond. The Court grants 38 Motion to Continue as to Gary Snisky. Motions due by 5/30/2014. Responses due by 6/20/2014. Current trial and trial preparation conference dates are vacated. Three−week Jury Trial reset for 1/12/2015 09:00 AM in |

| | | | |
|---|---|---|---|
| | | | Courtroom A 601 before Judge Raymond P. Moore. Defendant continues on bond. Court Reporter: Tammy Hoffschildt. (nrich) (Entered: 04/07/2014) |
| 04/08/2014 | 42 | | MINUTE ORDER as to Gary Snisky. Trial Preparation Conference set for 12/11/2014 at 01:30 PM in Courtroom A 601 before Judge Raymond P. Moore. The parties shall be prepared to address the following issues: jury selection; sequestration of witnesses; timing of presentation of witnesses and evidence; anticipated evidentiary issues; any stipulations as to fact or law; and any other issue affecting the duration or course of the trial. SO ORDERED by Judge Raymond P. Moore on 4/8/2014. (Text Only Entry ) (rmsec ) (Entered: 04/08/2014) |
| 05/30/2014 | 43 | | MOTION for James Hearing *(In Limine Determination of Admissibility of Rule 801(d)(2)(E) Statements)* by Gary Snisky. (Attachments: # 1 Information Attachment, # 2 Motion Attachment)(Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 44 | | MOTION to Dismiss – *Duplicity* by Gary Snisky. (Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 45 | | MOTION for Disclosure *of Rule 806 Impeachment Evidence* by Gary Snisky. (Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 46 | | MOTION for Disclosure *of Experts* by Gary Snisky. (Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 47 | | MOTION for Disclosure of 404(b) Evidence by Gary Snisky. (Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 48 | | MOTION to Strike *Surplusage in Indictment* by Gary Snisky. (Attachments: # 1 Indictment Attachment)(Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 49 | | MOTION for Bill of Particulars by Gary Snisky. (Pepin, Robert) (Entered: 05/30/2014) |
| 05/30/2014 | 50 | | MOTION to Suppress *Statements* by Gary Snisky. (Pepin, Robert) (Entered: 05/30/2014) |
| 06/17/2014 | 51 | | MOTION for Extension of Time to File Response/Reply as to 43 MOTION for James Hearing *(In Limine Determination of Admissibility of Rule 801(d)(2)(E) Statements)*, 48 MOTION to Strike *Surplusage in Indictment*, 45 MOTION for Disclosure *of Rule 806 Impeachment Evidence*, 46 MOTION for Disclosure *of Experts*, 49 MOTION for Bill of Particulars , 47 MOTION for Disclosure of 404(b) Evidence , 50 MOTION to Suppress *Statements*, 44 MOTION to Dismiss – *Duplicity* by USA as to Gary Snisky. (Attachments: # 1 Proposed Order (PDF Only))(Rhyne, Pegeen) (Entered: 06/17/2014) |
| 06/18/2014 | 52 | | ORDER granting 51 Motion for Extension of Time to File Response/Reply as to Gary Snisky (1). SO ORDERED by Judge Raymond P. Moore on 6/18/2014. Text Only Entry (rmsec ) (Entered: 06/18/2014) |
| 06/23/2014 | 53 | | RESPONSE to Motion by USA as to Gary Snisky re 43 MOTION for James Hearing *(In Limine Determination of Admissibility of Rule 801(d)(2)(E) Statements)* (Rhyne, Pegeen) (Entered: 06/23/2014) |

| | | | |
|---|---|---|---|
| 06/23/2014 | 54 | | RESPONSE to Motion by USA as to Gary Snisky re 45 MOTION for Disclosure *of Rule 806 Impeachment Evidence* (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 06/23/2014 | 55 | | RESPONSE to Motion by USA as to Gary Snisky re 48 MOTION to Strike *Surplusage in Indictment* (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 06/23/2014 | 56 | | RESPONSE to Motion by USA as to Gary Snisky re 50 MOTION to Suppress *Statements* (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 06/23/2014 | 57 | | RESPONSE to Motion by USA as to Gary Snisky re 44 MOTION to Dismiss – *Duplicity* (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 06/23/2014 | 58 | | RESPONSE to Motion by USA as to Gary Snisky re 46 MOTION for Disclosure *of Experts* (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 06/23/2014 | 59 | | RESPONSE to Motion by USA as to Gary Snisky re 47 MOTION for Disclosure of 404(b) Evidence (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 06/23/2014 | 60 | | RESPONSE to Motion by USA as to Gary Snisky re 49 MOTION for Bill of Particulars (Rhyne, Pegeen) (Entered: 06/23/2014) |
| 07/03/2014 | 61 | | MINUTE ORDER as to Gary Snisky. Motions Hearing set for 8/21/2014 at 02:00 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 7/3/2014. (Text Only Entry) (rmsec ) (Entered: 07/03/2014) |
| 08/05/2014 | 62 | | MINUTE ORDER as to Gary Snisky. This matter comes before the Court sua sponte. Due to an unforseen conflict in the Court's calendar, the Motion Hearing currently set for August 21, 2014 at 2:00 PM is VACATED and RESCHEDULED to September 3, 2014 at 9:30 AM in Courtroom A–601, on the sixth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. SO ORDERED by Judge Raymond P. Moore. (Text Only Entry ) (rmsec ) (Entered: 08/05/2014) |
| 08/28/2014 | 63 | | Notice of Rule 404b by USA as to Gary Snisky (Attachments: # 1 Exhibit One)(Rhyne, Pegeen) (Entered: 08/28/2014) |
| 08/29/2014 | 64 | | Government's Proffer by USA as to Gary Snisky (Attachments: # 1 Exhibit Attachment One)(Rhyne, Pegeen) (Entered: 08/29/2014) |
| 09/03/2014 | 65 | | COURTROOM MINUTES for proceedings held before Judge Raymond P. Moore: Motion Hearing as to Gary Snisky held on 9/3/2014, taking under advisement 43 Motion for James Hearing, denying without prejudice 44 Motion to Dismiss, granting 45 Motion for Disclosure, granting 46 Motion for Expert Disclosure, denying as moot 47 Motion for 404(b) Evidence, denying without prejudice 48 Motion to Strike, denying 49 Motion for Bill of Particulars, denying 50 Motion to Suppress. Court Reporter: Tammy Hoffschildt. (cpear) (Entered: 09/03/2014) |
| 09/22/2014 | 66 | | RESPONSE by Gary Snisky re: 64 Govt's Proffer filed by USA (Pepin, Robert) (Entered: 09/22/2014) |
| 09/29/2014 | 67 | | TRANSCRIPT of Motions Hearing as to Gary Snisky held on September 3, 2014 before Judge Moore. Pages: 1–119. <br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this** |

9

| | | | |
|---|---|---|---|
| | | | **filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.<br>**<br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 1/2/2015. (thoff, ) (Entered: 09/29/2014) |
| 10/03/2014 | 68 | | ORDER granting in part and denying in part 43 Motion for James Hearing as to Gary Snisky (1). GRANTED to the extent that it seeks a pre–trial determination of the admissibility of Rule 801(d)(2)(E) statements, but DENIED to the extent it seeks an evidentiary or further hearing on the matter or seeks to preclude the government from introducing the statements described in the James log. By Judge Raymond P. Moore on 10/3/2014. (trlee, ) (Entered: 10/03/2014) |
| 10/07/2014 | 69 | | FPD MOTION for Issuance of Subpoena in Forma Pauperis by Gary Snisky. (Attachments: # 1 Order, # 2 Attachment 1, # 3 Attachment 2, # 4 Attachment 3)(Pepin, Robert) (Entered: 10/07/2014) |
| 10/08/2014 | 70 | | RESTRICTED DOCUMENT – Level 2 (trlee, ) (Entered: 10/08/2014) |
| 10/08/2014 | 71 | | ORDER granting 69 Motion. By Judge Raymond P. Moore on 10/8/2014. Text entry only. (trlee, ) (Entered: 10/08/2014) |
| 10/10/2014 | 72 | | Unopposed MOTION for Order *for Extension of Time within which to Provide Notice of Intent to Present Expert Testimony* by Gary Snisky. (Pepin, Robert) (Entered: 10/10/2014) |
| 10/10/2014 | 73 | | ORDER granting 72 Motion for Order as to Gary Snisky. SO ORDERED by Judge Raymond P. Moore on 10/10/2014. (Text Only Entry ) (rmsec ) (Entered: 10/10/2014) |
| 10/27/2014 | 74 | | MOTION to Travel by Gary Snisky. (Pepin, Robert) (Entered: 10/27/2014) |
| 10/27/2014 | 75 | | MEMORANDUM regarding 74 MOTION to Travel filed by Gary Snisky. Motion referred to Magistrate Judge Craig B. Shaffer. By Judge Raymond P. Moore on 10/27/2014. Text Only Entry (cpear) (Entered: 10/27/2014) |
| 10/27/2014 | 76 | | MINUTE ORDER as to Gary Snisky re 74 MOTION to Travel filed by Gary Snisky, pursuant to request from chambers on 10/27/14. Motion Hearing set for 10/28/2014 at 03:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry (nmarb, ) (Entered: 10/27/2014) |
| 10/28/2014 | 77 | | MOTION to Continue */Reschedule Hearing Re Motion to Travel* by Gary Snisky. (Pepin, Robert) (Entered: 10/28/2014) |
| 10/28/2014 | 78 | | Unopposed MOTION to Continue *Expert Disclosure and Jury Trial Dates* by Gary Snisky. (Attachments: # 1 Document 20, # 2 Document 38)(Pepin, Robert) (Entered: 10/28/2014) |
| 10/28/2014 | 79 | | MEMORANDUM regarding 77 MOTION to Continue *Reschedule Hearing Re Motion to Travel* filed by Gary Snisky. Motion referred to Magistrate |

| | | | |
|---|---|---|---|
| | | | Judge Craig B. Shaffer. By Judge Raymond P. Moore on 10/28/2014. Text Only Entry (cpear) (Entered: 10/28/2014) |
| 10/28/2014 | 80 | | ORDER granting 77 Motion to Continue as to Gary Snisky (1). Motion Hearing set for 10/28/14 is VACATED and RESET for 11/3/2014 at 02:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry (amont) (Entered: 10/29/2014) |
| 10/30/2014 | 81 | | MINUTE ORDER as to Gary Snisky. Motion Hearing on Unopposed Motion to Continue Expert Disclosure and Jury Trial Dates (ECF No. 78) is set for 11/3/2014 at 03:00 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 10/30/2014. (Text Only Entry ) (rmsec ) (Entered: 10/30/2014) |
| 10/31/2014 | 82 | | Utility Setting/Resetting Deadlines/Hearings as to Gary Snisky: Motion Hearing re: MOTION 74 to Allow Travel was inadvertently terminated and is still set for 11/3/2014 02:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry (amont) (Entered: 10/31/2014) |
| 11/03/2014 | 83 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: denying 74 Motion to Travel as to Gary Snisky (1); Motion Hearing as to Gary Snisky held on 11/3/2014 re 74 MOTION to Travel filed by Gary Snisky ; Defendant present on bond. Defendants bond continued. (Total time: 19 minutes, Hearing time: 2:20–2:39 p.m.)<br><br>**APPEARANCES**: Pegeen Rhyne on behalf of the Government, Robert Pepin on behalf of the defendant, Jordan Buescher on behalf of probation. FTR: CRIMINAL DUTY PM. (amont) Text Only Entry (Entered: 11/03/2014) |
| 11/03/2014 | 84 | | COURTROOM MINUTES for proceedings held before Judge Raymond P. Moore: Motion Hearing as to Gary Snisky held on 11/3/2014, granting 78 Unopposed Motion to Continue Expert Disclosure and Jury Trial Dates as to Gary Snisky. Expert disclosures due by 12/15/2014. Three–week Jury Trial reset for 3/2/2015 at 9:00 AM in Courtroom A 601 before Judge Raymond P. Moore. Trial Preparation Conference reset for 2/24/2015 at 9:00 AM in Courtroom A 601 before Judge Raymond P. Moore. Court Reporter: Tammy Hoffschildt. (cpear) (Entered: 11/03/2014) |
| 11/03/2014 | 85 | | ORDER regarding continuance of trial subpoenas as to Gary Snisky, by Judge Raymond P. Moore on 11/3/2014. (tscha, ) (Entered: 11/04/2014) |
| 11/04/2014 | 86 | | NOTICE OF ATTORNEY APPEARANCE Celeste Brianne Rangel appearing for USA. Attorney Celeste Brianne Rangel added to party USA(pty:pla) (Rangel, Celeste) (Entered: 11/04/2014) |
| 11/14/2014 | 87 | | MINUTE ORDER as to Gary Snisky. This matter comes before the Court sua sponte. Due to an unforeseen conflict in the Court's calendar, the Trial Preparation Conference currently set for 2/24/2015 at 9:00 AM is RESET for 2/12/2015 at 01:00 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 11/14/2014. (Text Only Entry ) (rmsec ) (Entered: 11/14/2014) |
| 11/21/2014 | 88 | | FPD MOTION for Issuance of Subpoena in Forma Pauperis by Gary Snisky. (Attachments: # 1 Proposed Order (PDF Only), # 2 SDT)(Pepin, Robert) |

| | | | |
|---|---|---|---|
| | | | (Entered: 11/21/2014) |
| 11/24/2014 | 89 | | RESTRICTED DOCUMENT – Level 2 (tscha, ) (Entered: 11/24/2014) |
| 11/24/2014 | 90 | | ORDER granting 88 restricted level 2. By Judge Raymond P. Moore on 11/24/2014. Text Only Entry (tscha, ) (Entered: 11/24/2014) |
| 12/23/2014 | 91 | | FPD MOTION for Issuance of Subpoena in Forma Pauperis by Gary Snisky. (Attachments: # 1 Proposed Order (PDF Only), # 2 Subpoena)(Pepin, Robert) (Entered: 12/23/2014) |
| 12/23/2014 | 92 | | RESTRICTED DOCUMENT – Level 3 (tscha, ) (Entered: 12/23/2014) |
| 12/23/2014 | 93 | | ORDER granting 91 . By Judge Raymond P. Moore on 12/23/2014. Text Only Entry, see also 92 (tscha, ) (Entered: 12/23/2014) |
| 01/13/2015 | 94 | | MOTION to Withdraw as Attorney by Celeste Rangel by USA as to Gary Snisky. (Attachments: # 1 Proposed Order (PDF Only))(Rangel, Celeste) (Entered: 01/13/2015) |
| 01/13/2015 | 95 | | ORDER granting 94 Motion to Withdraw as Attorney. Celeste Brianne Rangel withdrawn from case as to Gary Snisky. SO ORDERED by Judge Raymond P. Moore on 1/13/2015. (Text Only Entry ) (rmsec ) (Entered: 01/13/2015) |
| 01/27/2015 | 96 | | NOTICE of Disposition by Gary Snisky (Pepin, Robert) (Entered: 01/27/2015) |
| 01/28/2015 | 97 | | ORDER Setting Hearing as to Gary Snisky re 96 Notice of Disposition. Change of Plea Hearing set for 2/5/2015 05:00 PM in Courtroom A 601 before Judge Raymond P. Moore. By Judge Raymond P. Moore on 1/28/2015. (tscha, ) (Entered: 01/28/2015) |
| 02/04/2015 | 98 | | RESTRICTED BAIL STATUS REPORT– Level 4: as to Gary Snisky. (tscha, ) (Entered: 02/04/2015) |
| 02/05/2015 | 99 | | COURTROOM MINUTES for proceedings held before Judge Raymond P. Moore: Change of Plea Hearing as to Gary Snisky held on 2/5/2015. Guilty plea entered by Gary Snisky to Counts 2 and 14 of the Indictment. Court Reporter: Tammy Hoffschildt. (cpear) (Entered: 02/06/2015) |
| 02/05/2015 | 100 | | PLEA AGREEMENT as to Gary Snisky. (cpear) (Entered: 02/06/2015) |
| 02/05/2015 | 101 | | STATEMENT IN ADVANCE OF PLEA OF GUILTY by Defendant Gary Snisky. (cpear) (Entered: 02/06/2015) |
| 02/05/2015 | 103 | | AMENDED COURTROOM MINUTES for proceedings held before Judge Raymond P. Moore: Docket entry 102 Courtroom Minutes is amended only to reflect that Gary Snisky was present and **on bond**. Court Reporter: Tammy Hoffschildt. (cpear) (Entered: 02/06/2015) |
| 02/06/2015 | 102 | | MINUTE ORDER as to Gary Snisky. Sentencing set for 6/18/2015 at 01:00 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 2/6/2015. (Text Only Entry ) (rmsec ) (Entered: 02/06/2015) |
| 04/02/2015 | 104 | | SENTENCING STATEMENT by USA as to Gary Snisky (Rhyne, Pegeen) |

12

| | | | |
|---|---|---|---|
| | | | (Entered: 04/02/2015) |
| 05/06/2015 | 105 | | MOTION for Forfeiture of Property *FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT GARY SNISKY AND PRELIMINARY ORDER OF FORFEITURE OF A SUBSTITUTE ASSET* by USA as to Gary Snisky. (Attachments: # 1 Affidavit, # 2 Proposed Order (PDF Only))(Andrews, Tonya) (Entered: 05/06/2015) |
| 05/19/2015 | 106 | | RESTRICTED PRESENCE REPORT first disclosure for attorney review as to Gary Snisky (srich, ) (Entered: 05/19/2015) |
| 06/01/2015 | 107 | | MOTION for Leave to Restrict by Gary Snisky. (Pepin, Robert) (Entered: 06/01/2015) |
| 06/01/2015 | 108 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Pepin, Robert) (Entered: 06/01/2015) |
| 06/01/2015 | 109 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Attachments: # 1 Attachment A)(Pepin, Robert) (Entered: 06/01/2015) |
| 06/02/2015 | 110 | | ORDER granting 107 Motion for Leave to Restrict as to Gary Snisky (1). SO ORDERED by Judge Raymond P. Moore on 6/2/2015. (Text Only Entry) (rmsec ) (Entered: 06/02/2015) |
| 06/02/2015 | 111 | | Forfeiture Money Judgment as to Gary Snisky and Preliminary Order of Forfeiture of Substitute Asset. By Judge Raymond P. Moore on 06/02/2015. (athom, ) (Entered: 06/02/2015) |
| 06/04/2015 | 112 | | MOTION for Leave to File Excess Pages by Gary Snisky. (Pepin, Robert) (Entered: 06/04/2015) |
| 06/04/2015 | 113 | | MOTION for Leave to Restrict by Gary Snisky. (Pepin, Robert) (Entered: 06/04/2015) |
| 06/04/2015 | 114 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Pepin, Robert) (Entered: 06/04/2015) |
| 06/04/2015 | 115 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C, # 4 Attachment D)(Pepin, Robert) (Entered: 06/04/2015) |
| 06/05/2015 | 116 | | ORDER granting 112 Motion for Leave to File Excess Pages as to Gary Snisky (1). SO ORDERED by Judge Raymond P. Moore on 6/5/2015. (Text Only Entry ) (rmsec ) (Entered: 06/05/2015) |
| 06/05/2015 | 117 | | ORDER granting 113 Motion for Leave to Restrict as to Gary Snisky (1). SO ORDERED by Judge Raymond P. Moore on 6/5/2015. (Text Only Entry ) (rmsec ) (Entered: 06/05/2015) |
| 06/08/2015 | 118 | | RESPONSE by USA as to Gary Snisky *in Opposition to Defendant's Motion for Statutory Sentence and/or Downward Departure [DOC # 115]* (Rhyne, Pegeen) (Entered: 06/08/2015) |
| 06/09/2015 | 119 | | RESTRICTED PRESENCE REPORT as to Gary Snisky (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(srich, ) (Entered: 06/09/2015) |

13

| 06/09/2015 | 120 | | RESTRICTED ADDENDUM to Presentence Report 119 as to Gary Snisky (Attachments: # 1 Exhibit A)(srich, ) (Entered: 06/09/2015) |
|---|---|---|---|
| 06/15/2015 | 121 | | MOTION for Leave to Restrict by Gary Snisky. (Pepin, Robert) (Entered: 06/15/2015) |
| 06/15/2015 | 122 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Pepin, Robert) (Entered: 06/15/2015) |
| 06/15/2015 | 123 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Attachments: # 1 Attachments)(Pepin, Robert) (Entered: 06/15/2015) |
| 06/16/2015 | 124 | | ORDER: 121 Motion for Leave to Restrict as to Gary Snisky is granted. Docket entries 122 and 123 will be maintained at Restriction Level 1. SO ORDERED by Judge Raymond P. Moore on 6/16/2015. Text Only Entry (cpear) (Entered: 06/16/2015) |
| 06/17/2015 | 125 | | MOTION for Leave to Restrict by Gary Snisky. (Pepin, Robert) (Entered: 06/17/2015) |
| 06/17/2015 | 126 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Pepin, Robert) (Entered: 06/17/2015) |
| 06/17/2015 | 127 | | RESTRICTED DOCUMENT – Level 1: by Gary Snisky. (Attachments: # 1 Attachments)(Pepin, Robert) (Entered: 06/17/2015) |
| 06/18/2015 | 128 | | ORDER granting 125 Motion for Leave to Restrict as to Gary Snisky (1). SO ORDERED by Judge Raymond P. Moore on 6/18/2015. (Text Only Entry ) (rmsec ) (Entered: 06/18/2015) |
| 06/18/2015 | 129 | | MINUTE ORDER as to Gary Snisky. The Government is directed to file a motion to dismiss the remaining counts of the Indictment by 12:00 PM on Monday, June 22, 2015. SO ORDERED by Judge Raymond P. Moore on 6/18/2015. (Text Only Entry ) (rmsec ) (Entered: 06/18/2015) |
| 06/18/2015 | 130 | | MOTION to Dismiss Counts *1, 3−13, and 15−18* by USA as to Gary Snisky. (Rhyne, Pegeen) (Entered: 06/18/2015) |
| 06/18/2015 | 131 | | MOTION for Order *to Allow Gary Snisky to Surrender to the Federal Bureau of Prisons No Earlier Than August 1, 2015* by Gary Snisky. (Pepin, Robert) (Entered: 06/18/2015) |
| 06/18/2015 | 132 | | COURTROOM MINUTES for proceedings held before Judge Raymond P. Moore: Sentencing held on 6/18/2015 as to defendant Gary Snisky. Defendant sentenced as reflected on the record. Government's oral motion for third point for acceptance of responsibility is GRANTED. 115 Defendant's Motion for Statutory Sentence and/or Downward Departure is DENIED. Court Reporter: Tammy Hoffschildt. (cpear) (Entered: 06/19/2015) |
| 06/18/2015 | 135 | | JUDGMENT as to defendant Gary Snisky. Counts 1, 15−18, 3−13: Dismissed. Count 2: 84 months, to be served concurrently with Count 14; 3 years supervised release, to be served concurrently with Count 14; Total special assessment fee of $200 ($100 each count); total restitution of $2,531,032.22 (no interest). Count 14: 84 months, to be served concurrently with Count 2; 3 years supervised release, to be served concurrently with |

| | | | |
|---|---|---|---|
| | | | Count 2; Total special assessment fee of $200 ($100 each count); total restitution of $2,531,032.22 (no interest). Entered by Judge Raymond P. Moore on 6/18/2015. (cpear) Modified on 6/26/2015 to correct text (cpear). (Entered: 06/26/2015) |
| 06/19/2015 | 133 | | ORDER denying 131 Motion for Order as to Gary Snisky (1). The Court has reviewed Mr. Snisky's motion to delay surrender in this matter. The motion is DENIED. SO ORDERED by Judge Raymond P. Moore on 6/19/2015. (Text Only Entry) (rmsec ) (Entered: 06/19/2015) |
| 06/19/2015 | 134 | | ORDER re 130 Motion to Dismiss Counts as to Gary Snisky. Counts 1, 3 through 13 and 15 through 18 of theIndictment are dismissed. By Judge Raymond P. Moore on 06/19/2015. (athom, ) (Entered: 06/19/2015) |
| 07/06/2015 | 136 | | NOTICE re 111 Order on Motion for Forfeiture of Property by USA as to Gary Snisky (Andrews, Tonya) (Entered: 07/06/2015) |
| 07/08/2015 | 137 | | ORDER to Surrender as to Gary Snisky; Defendant to surrender to FCI Fort Dix Satellite Camp (SCP) on July 21, 2015 by 12:00 noon and will travel at his own expense. By Judge Raymond P. Moore on 07/08/2015. (athom, ) (Entered: 07/08/2015) |
| 07/08/2015 | 138 | | AMENDED JUDGMENT as to Gary Snisky, Counts 1, 15–18, 3–13 are dismissed. Count 14: 84 months, to be served concurrently with Count 2; 3 years supervised release, to be served concurrently with Count 14; total special assessment fee of $200 ($100 each count); total restitution of $2,531,032.22 (no interest). Count 2: 84 months, to be served concurrently with Count 14; 3 years supervised release, to be served concurrently with Count 2; total special assessment fee of $200 ($100 each count); total restitution of $2,531,032.22 (no interest). Entered by Judge Raymond P. Moore on 7/8/2015. (cpear) Modified on 7/9/2015 to correct text (cpear). (Entered: 07/09/2015) |
| 07/09/2015 | 139 | | NOTICE OF APPEAL as to 135 Judgment, 138 Amended Judgment by Gary Snisky. (Pepin, Robert) Modified on 7/10/2015 to add linkage (athom, ). (Entered: 07/09/2015) |
| 07/10/2015 | 140 | | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 139 Notice of Appeal as to Gary Snisky to the U.S. Court of Appeals. ( FPD,) (Attachments: # 1 Docket Sheet, # 2 Preliminary Record) (athom, ) (Entered: 07/10/2015) |
| 07/10/2015 | 141 | | USCA Case Number 15–1243 as to Gary Snisky for 139 Notice of Appeal filed by Gary Snisky. (athom, ) (Entered: 07/13/2015) |
| 07/21/2015 | 142 | | ORDER of USCA as to Gary Snisky re 139 Notice of Appeal. Attorney Veronica Rossman is withdrawn. Attorney Peter Krumholz is appointed to represent appellant Gary Snisky pursuant to the Criminal Justice Act. (USCA Case No. 15–1243) (athom, ) (Entered: 07/21/2015) |
| 08/04/2015 | 143 | | TRANSCRIPT ORDER FORM re 139 Notice of Appeal by Gary Snisky. (Krumholz, Peter) (Entered: 08/04/2015) |
| 08/12/2015 | 144 | | DESIGNATION OF RECORD ON APPEAL re 139 Notice of Appeal by Gary Snisky. (Attachments: # 1 Docket Sheet)(Krumholz, Peter) (Entered: 08/12/2015) |

| 08/12/2015 | 145 | | CJA 24 Transcript Request as to Gary Snisky. (Krumholz, Peter) (Entered: 08/12/2015) |
|---|---|---|---|
| 08/17/2015 | 146 | | MOTION for Forfeiture of Property *FOR FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSET* by USA as to Gary Snisky. (Attachments: # 1 Proposed Order (PDF Only))(Andrews, Tonya) (Entered: 08/17/2015) |
| 08/17/2015 | 147 | | FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSET as to Gary Snisky. By Judge Raymond P. Moore on 08/17/2015. (athom, ) (Entered: 08/18/2015) |
| 08/19/2015 | 148 | | REPORTER TRANSCRIPT ORDER FORM filed by Tammy Hoffschildt re 139 Notice of Appeal. Transcript due by 9/13/2015. (nrich) (Entered: 08/19/2015) |
| 09/03/2015 | 149 | | TRANSCRIPT of Change of Plea as to Gary Snisky held on February 5, 2015 before Judge Moore. Pages: 1–30. <br><br> NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.<br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 09/03/2015) |
| 09/03/2015 | 150 | | TRANSCRIPT of Sentencing Hearing as to Gary Snisky held on June 18, 2015 before Judge Moore. Pages: 1–68. <br><br> NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.<br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 09/03/2015) |
| 09/09/2015 | 152 | | CJA 24 Payment Authorization as to Gary Snisky by Judge Raymond P. Moore on 9/9/15. (dbrow, ) (Entered: 11/04/2015) |
| 09/23/2015 | 151 | | TRANSMITTAL OF RECORD ON APPEAL as to Gary Snisky to the U.S. Court of Appeals for the Tenth Circuit as to 139 Notice of Appeal filed by Gary Snisky. Volume I – Electronic Documents;Volume II – Restricted Documents; Volume III – Unrestricted Transcripts; Volume IV – Restricted Level 1 Documents; Volume V – Restricted Transcripts; (USCA Case No. 15–1243). Text Only Entry (cthom, ) (Entered: 09/23/2015) |
| 12/22/2015 | 153 | | |

| | | | |
|---|---|---|---|
| | | | MANDATE of USCA as to Gary Snisky re 139 Notice of Appeal. (USCA Case No. 15−1243) (cthom, ) (Entered: 12/22/2015) |
| 12/22/2015 | 154 | | ORDER of USCA as to Gary Snisky re 139 Notice of Appeal. (USCA Case No. 15−1243) (cthom, ) (Entered: 12/22/2015) |
| 05/06/2016 | 155 | | MOTION to Vacate under 28 U.S.C. 2255 by Gary Snisky. (Attachments: # 1 Envelope)(cthom, ) <br> Civil case 1:16−cv−01044 opened. (Entered: 05/09/2016) |
| 05/06/2016 | 156 | | MEMORANDUM in Support of 155 MOTION to Vacate under 28 U.S.C. 2255 by Gary Snisky (Attachments: # 1 Table of Authorities, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Envelope)(cthom, ) (Entered: 05/09/2016) |
| 05/06/2016 | 157 | | MOTION and Affidavit for Leave to Proceed to 28 U.S.C. § 1915 by Gary Snisky. (Attachments: # 1 Envelope)(cthom, ) (Entered: 05/09/2016) |
| 05/06/2016 | 158 | | NOTICE re 157 MOTION to Proceed in Forma Pauperis, 155 MOTION to Vacate under 28 U.S.C. 2255, 156 Memorandum in Support by Gary Snisky (Attachments: # 1 Envelope)(cthom, ) (Entered: 05/09/2016) |
| 05/10/2016 | 159 | | ORDER denying as moot 157 Motion to Proceed In Forma Pauperis as to Gary Snisky (1). ORDERED that the United States Attorney, on or before June 9, 2016, shall file an answer or other pleading directed to the 155 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. ORDERED by Judge Raymond P. Moore on 05/10/2016. (cthom, ) (Entered: 05/10/2016) |
| 06/09/2016 | 160 | | NOTICE OF ATTORNEY APPEARANCE Robert Mark Russel appearing for USA. Attorney Robert Mark Russel added to party USA(pty:pla) (Russel, Robert) (Entered: 06/09/2016) |
| 06/09/2016 | 161 | | RESPONSE to Motion by USA as to Gary Snisky re 155 MOTION to Vacate under 28 U.S.C. 2255 (Russel, Robert) (Entered: 06/09/2016) |
| 06/28/2016 | 162 | | MINUTE ORDER as to Gary Snisky. Reply to Government's Response [ECF No. 161] due on or before 7/11/2016. SO ORDERED by Judge Raymond P. Moore on 6/28/2016. (Text Only Entry ) (rmsec ) (Entered: 06/28/2016) |
| 07/11/2016 | 163 | | REPLY TO 161 RESPONSE to Motion by Gary Snisky re 155 MOTION to Vacate under 28 U.S.C. 2255 (cthom, ) (Entered: 07/12/2016) |
| 09/12/2016 | 164 | | NOTICE by Gary Snisky (cthom, ) (Entered: 09/12/2016) |
| 11/21/2016 | 165 | | REPLY by Gary Snisky to 159 Order on Motion to Proceed In Forma Pauperis, (cthom, ) (Entered: 11/21/2016) |
| 02/10/2017 | 166 | | NOTICE of Change of Address/Contact Information (Russel, Robert) (Entered: 02/10/2017) |
| 02/21/2017 | 167 | | BRIEF "Supplemental Brief Based on New Authority" by Gary Snisky (cthom, ) (Entered: 02/21/2017) |
| 05/10/2017 | 168 | 19 | ORDER denying 155 Motion to Vacate (2255) as to Gary Snisky. Entered by Judge Raymond P. Moore on 5/10/2017. (cpear) |

| | | | |
|---|---|---|---|
| | | | Civil Case 1:16–cv–01044–RM closed. (Entered: 05/10/2017) |
| 05/10/2017 | 169 | 39 | FINAL JUDGMENT pursuant to 168 Order on Motion to Vacate. Entered by the Clerk of the Court on 5/10/2017. (cpear) (Entered: 05/10/2017) |
| 06/06/2017 | 170 | 40 | NOTICE OF APPEAL re 168 Order on Motion to Vacate (2255), 169 Judgment by Gary Snisky. (cthom, ) (Entered: 06/07/2017) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 13-cr-00473-RM-1
Civil Action No. 16-cv-01044-RM

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

1. GARY SNIKSY,

      Defendant-Movant.

---

## ORDER DENYING MOTION TO VACATE

This matter is before the Court on Defendant-Movant ("movant") Gary Snisky's *pro se*
Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (§ 2255 Motion)
(Doc. # 155[1]).   The United States responded to the § 2255 Motion (Doc. # 161), and Mr. Snisky
filed a reply (Doc. # 165).   For the reasons stated below, the § 2255 Motion is denied.

### I.   BACKGROUND

In November 2013, Mr. Snisky was indicted on thirteen counts of mail fraud under 18
U.S.C. § 1341, and five counts of money laundering under 18 U.S.C. § 1957.   (Doc.   # 2 at 1-6).
The indictment also contained a forfeiture allegation.   (*Id.* at 6-7).   Mr. Snisky subsequently
agreed to plead guilty to one count of mail fraud (Count 2) and one count of money laundering
(Count 14).   (Doc. # 100 at 1, ¶ 1).

---

[1] All docket references in this Order will be to the criminal case.

The parties stipulated to the following relevant facts in the plea agreement:

Between 2009 and sometime in 2011, Mr. Snisky operated a private equity firm, Colony Capital, LLC, which offered moderate to high returns in exchange for investment opportunities in bonds, futures trading, and other offerings.   In 2011, Mr. Snisky shut down Colony Capital and formed a company called Arete, LLC, which also purported to be a private equity firm offering investment opportunities in bonds, futures trading, and other offerings.   (*Id.* at 7-8).

Beginning in 2010, Mr. Snisky falsely led investors, potential investors, and financial investors to believe that an algorithm developed by movant's co-defendant, Richard Greeott, was being used by Colony Capital, and later Arete, to profitably trade in the futures market in order to falsely bolster Colony Capital's, and later Arete's, appearance of success and overall financial stability.   (*Id.* at 8-9).   Movant determined that investors were more likely to invest in Colony Capital's, and later Arete's, multiple investment offerings if they believed that the companies were more financially profitable than they actually were.   (*Id.*).   However, at no time did Mr. Greeott, Mr. Snisky, or anyone else at Colony Capital or Arete trade a significant amount of money or make any real profit using Mr. Greeott's algorithm, which was still in a development phase.   (*Id.*).

Between July 2011 and March 2012, Mr. Snisky received investments totaling $321,346.26 for a trading program for the futures market that he falsely claimed to investors was successful and proprietary.   The vast majority of the investments were not traded in the futures market as promised.   (*Id.* at 9-11).

Between August and January 2013, Movant received a net of approximately $4,180,540.81 in investor money based on false statements to investors that the money would be invested in Ginnie Mae bonds.   Although Mr. Snisky did not use any investor money to purchase bonds, he

2

caused false investment account statements to be mailed to investors in the bond program falsely showing that their money had been invested and was earning a profit, as promised. (*Id.* at 11-13).

In November 2011, Mr. Snisky withdrew $35,426 from a bank account held by Arete LLC and caused the money to be transferred to an account in the name of Jewel Properties. The entire amount was proceeds from the mail fraud. (*Id.* at 13).

In the plea agreement, movant agreed that the loss attributed to him for sentencing guideline purposes was $5,226,965.93 (*id.* at 2, n.1),[2] and to the entry of a preliminary order of forfeiture for a personal money judgment in the amount of $2,531,052.61.[3] (*Id.* at 3, ¶ 7; 16, ¶ 19). Mr. Snisky also stipulated to the following sentencing enhancements under the United States Sentencing Guidelines (USSG or Guidelines):

- An 18-level enhancement under §2B1.1(b)(1)(J) "because the loss was more than $2,500,000 but less than $7,000,000." (*Id.* at 14, ¶ 19).

- A 2-level enhancement under USSG §2B1.1(b)(2)(A)(i) "because there were more than 10 victims." (*Id.*).

- A 2-level enhancement under USSG §2B1.1(b)(10) "for sophisticated means." (*Id.*).

- A 4-level enhancement under USSG §3B1.1(a) for being an "'organizer or leader' of a criminal activity that was 'otherwise extensive.'" (*Id.*).

Mr. Snisky agreed not to contest these sentencing factors in exchange for the government's recommendation that he receive an additional one-level reduction for acceptance of responsibility under USSG 3E1.1(b). (*Id.* at 2, ¶ 4).

---

2 The amount of $5,226,965.93 reflected the "net loss to investors in the Bond Program and the future trading program," including the losses to investors "who invested in an earlier bond program, but were told their money was later rolled into the Bond Program and the futures trading program." (Doc. # 100 at 13).

3 The restitution amount was lower than the loss amount because the government had already seized money and assets through asset forfeiture and had returned that money to the victims. (Doc. # 100 at 2, n.1).

The presentence report (PSR) assigned Mr. Snisky a base offense level of seven, under USSG §2B1.1. (Doc. # 119 [sealed] at 7). The PSR determined that that the total loss to the victims resulting from the mail fraud was $5,226,965.54,[4] which resulted in an 18-level enhancement under USSG §2B1.1(b)(1)(J). (*Id.*). Mr. Snisky was further assessed the stipulated two-point sentencing enhancements for an offense involving more than 10 victims and sophisticated means. (*Id.* at 8). Although the PSR agreed with the parties' stipulation in the plea agreement that movant was an organizer or leader of the criminal activity, it rejected the four-level enhancement under USSG § 3B1.1(a), concluding that Mr. Snisky's criminal activity was not "otherwise extensive." (*Id.* at 8 n.3). Instead, Mr. Snisky was assessed a two-point enhancement under USSG § 3B1.1(c) for being a leader. (*Id.*). He was awarded a three-point reduction for acceptance of responsibility under USSG §3E1.1(a) and (b). (*Id.* at 8). The PSR calculated a total offense level of 28, resulting in an advisory guideline range of 78 to 97 months. (*Id.* at 9, 21). The Court adopted the findings in the PSR and sentenced Mr. Snisky to 84 months in prison. (6/18/2015 Sentencing Hr. Tr., Doc. # 150, at 58).

Mr. Snisky's direct appeal to the Tenth Circuit Court of Appeals was dismissed upon his own motion. (Doc. # 154.)

On May 6, 2016, Mr. Snisky filed a § 2255 motion (Doc. # 155), along with a supporting Memorandum (Doc. # 156) in which he asserts the following claims:[5] (1) counsel's ineffectiveness rendered his guilty plea involuntary (claim six); (2) his sentence must be vacated because it was substantially unreasonable given the significant disparity between the sentences

---

4 That sum differed from the amount listed in the plea agreement, but only by 39 cents.
5 In the plea agreement, Mr. Snisky waived his right to challenge his prosecution, conviction or sentence in a collateral attack, except that he reserved the right to seek relief under § 2255 for claims of ineffective assistance of counsel and prosecutorial misconduct. (Doc. # 100 at 3, ¶ 6).

imposed on him and his co-defendant; and, counsel was ineffective in failing to show that he and

his co-defendant were "equal partners at Arete LLC" (claim two); (3) defense counsel's assistance

at sentencing was constitutionally deficient because counsel failed to: (a) challenge the

government's loss calculation, which resulted in an 18-level enhancement under USSG

§2B1.1(b)(1)(J) (claim one); (b) argue that movant did not engage with 10 or more victims, which

resulted in his receiving an additional 2-level enhancement under USSG §2B1.1(b)(2)(a)(i) (claim

three); (c) challenge the two-level enhancement for "sophisticated means" imposed under USSG

§2B1.1(b)(10) (claim four); and, (d) counsel failed to challenge the government's determination

that movant was an organizer or leader, which resulted in a two-level enhancement under USSG

§3B1.1(c) (claim five); (4) counsel's conduct at the plea and sentencing stages was

constitutionally ineffective (claim seven); and (5) counsel was ineffective in failing to challenge

the prosecutor's misconduct (claim eight).


## II. <u>ANALYSIS</u>

### A. LEGAL STANDARDS

#### 1. Pro se litigant

Mr. Snisky is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "If a district court can 'reasonably read the

pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" *United*

*States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (quoting *Barnett v. Hargett*, 174 F.3d

1128, 1133 (10th Cir.1999)). However, a *pro se* litigant's "conclusory allegations without

5

supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 2. Sixth Amendment

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel" and has set forth two components to assess whether a particular counsel's representation was constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, the movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. This is no easy proposition, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. Under the second prong of the *Strickland* inquiry, the movant must identify acts or omissions made by the attorney that resulted in prejudice to the movant. *Strickland*, 486 U.S. at 692-93. A movant is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The *Strickland* standard applies when a movant challenges a guilty plea based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also United States v. Hamilton,* 510 F.3d 1209, 1215 (10th Cir. 2007). Where a movant was represented by

counsel during the plea process and enters his plea upon the advice of counsel, "the voluntariness

of the plea depends on whether counsel's advice "was within the range of competence demanded

of attorneys in criminal cases.'" *Hill*, 474 U.S. at 369 (quoting *McMann v. Richardson*, 397 U.S.

759, 771 (1970)).   To establish prejudice in the context of a guilty plea, a movant must show that

"there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial." *Hill*, 474 U.S. at 59.   The "mere allegation that

[movant] would have insisted on trial but for his counsel's errors . . . is ultimately insufficient to

entitle him to relief."   *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).

To demonstrate prejudice in the sentencing context, the movant must show a reasonable

probability that his counsel's allegedly deficient performance resulted in an increased sentence.

*See Glover v. United States*, 531 U.S. 198, 203-04 (2001).

The Court may reject an ineffective assistance claim under either, or both prongs, of the

*Strickland* inquiry.   *See Smith v. Robbins*, 528 U.S. 259, 286 at n. 14 (2000).

## B.  APPLICATION

### 1.  Claims that counsel rendered ineffective assistance in connection with the plea agreement (claim six and part of claim seven)

#### a.   claim six

Mr. Snisky asserts in claim six that counsel's ineffectiveness rendered his guilty plea

involuntary.   (Doc. # 156 at 16).   Specifically, he contends that counsel: was "ill prepared or

uninterested" in the governing law; failed to disclose to movant that he was not prepared for trial

due to the recent death of his parents; and, that counsel coerced Mr. Snisky to accept a plea

agreement by making a false representation that counsel would submit mitigating evidence to

refute the facts stipulated in the plea agreement at sentencing.   (*Id.*).   Movant asserts that if

7

counsel had not "advised and assured [him] that the facts were in dispute," he would not have taken the plea agreement. (*Id.*).

Movant's allegations that counsel was unprepared for trial and that counsel's performance was affected adversely by events in his personal life lack any supporting factual details. Conclusory allegations are insufficient to establish that counsel was constitutionally ineffective. *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994).

Mr. Snisky's assertion that defense counsel "coerced" him into pleading guilty by misrepresenting that counsel would submit mitigating evidence to refute the facts to which movant stipulated in the plea agreement is directly contradicted by movant's statements to the Court in connection with the entry of his guilty plea.

Mr. Snisky filed a "Statement in Advance of Plea of Guilty," in which he acknowledged and certified, among other things, that: (1) the nature and elements of the charges, as well as the possible penalties, had been explained to him by his attorney; (2) by pleading guilty he was waiving his right to a trial and to present witnesses and evidence in his defense; (3) he had discussed the case and his guilty plea with his attorney; (4) other than the promises made by the government in the plea agreement, no promises had been made by anyone to induce or persuade him to enter a guilty plea; (5) no representations had been made to him as to what the sentence would be except those explicitly detailed in the plea agreement; (6) he was satisfied with his attorney and believed he had been represented effectively and competently; and, (7) he had no mental reservations about his decision to plead guilty. (Doc. # 101 at ¶¶1, 3, 12-13, 16, 22, 24-27).

In the plea agreement, Mr. Snisky stipulated to the factual basis for the plea and to the sentencing enhancements specified therein. (Doc. # 100 at 7-13, 14). Movant further agreed

that "[i]n entering this agreement, neither the government or defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement." (*Id.* at 17, ¶23).

At the beginning of the change of plea hearing, Mr. Snisky took an oath to answer the Court's questions truthfully. (*See* 2/5/15 Change of Plea Hrg. Tr., Doc. # 149, at 2-3). During the ensuing colloquy, movant, who is a college graduate, averred that: (1) he had agreed not to dispute the sentencing calculations in the plea agreement (*id.* at 10-11); (2) he had read and reviewed the "Stipulation of Facts" with his lawyer, and he admitted that these facts were true (*id.* at 14-15); (3) he had reviewed the elements of each offense with his lawyer and understood the charges and possible penalties (*id.* at 12-13, 19); (4) he was pleading guilty of his own free will and was in fact guilty (*id.* at 24); and, (5) he was fully satisfied with the advice and representation of his lawyer. (*Id.* at 5). Based on movant's declarations at the change of plea hearing, as well as the Plea Agreement and movant's Statement in Advance of Plea of Guilty, the Court found and concluded that Mr. Snisky's guilty plea was entered knowingly and voluntarily. (*Id.* at 25).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, when a defendant pleads guilty, his "statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge*, 431 U.S. at 74). A defendant's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Consequently, "the 'truth and accuracy' of a defendant's statements during the Rule 11 proceeding

'should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.'" *United States v.* Weeks, 653 F.3d 1188, 1205 (10th Cir. 2011) (quoting *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975)).

Mr. Snisky's belated assertions that counsel coerced him into pleading guilty by not disclosing beforehand that the government was required to prove the amount of actual loss, and that counsel promised to contest the factual bases for the plea or the sentence enhancements, are simply not credible in light of the statements movant made to the Court, on the record. *See United States v. Alvarez*, No. 01-6160, 29 F. App'x. 497, 498 (10th Cir. 2002) (unpublished) (defendant's conclusory allegations about being pressured into pleading guilty were properly rejected in light of statements that defendant made during the plea hearing); *see also Lasiter v. Thomas,* 89 F.3d 699, 703-04 (10th Cir.1996) (rejecting petitioner's challenge to the validity of his guilty plea where statements petitioner made on the record refuted his claim).

Moreover, Mr. Snisky's argument in his Reply—that the plea agreement expressly reserved his right to dispute the facts set forth in the plea agreement—is incorrect. The relevant provisions of the plea agreement, under Stipulation of Facts, state:

> 15. The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. . . . To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

> 16. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

(Doc. # 100 at 7, ¶ 16) (Emphasis supplied).

The plea agreement does not identify any specific facts that were in dispute at the time the

10

agreement was executed, nor does the agreement recognize any dispute about a particular sentence enhancement.  (*See id.* at 14, ¶19).   Thus, the terms of the plea agreement provide no support for Mr. Snisky's ineffective assistance claim.

Claim six is denied.

### b.   claim seven

Mr. Snisky asserts in claim seven that defense counsel was ineffective failing to present certain evidence to the government during plea negotiations to show that movant's misrepresentations to investors were made in good faith, rather than with specific intent to defraud. (Doc. # 156 at 16).

The evidence cited by Mr. Snisky in his § 2255 motion does not refute the stipulated facts in the plea agreement that he lied and made misrepresentations to investors (*see* Doc. # 100 at 9-12).   Mr. Snisky admitted to the Court at the change of plea hearing that the stipulated facts were true.   These facts foreclosed any possible "good faith" defense.   *See United States v. Chavis,* 461 F.3d 1201, 1209 (10th Cir. 2006) (to justify a good-faith instruction, the defendant must be able to rebut all evidence of false and misleading conduct, all failures to disclose that which should have been disclosed, and all matters that deceive and were intended to deceive).   As such, movant cannot demonstrate that counsel's failure to challenge the government's proof of his culpable mental state was objectively unreasonable.   Moreover, movant has not shown that, had counsel presented the "good faith" evidence, he would have foregone a guilty plea and proceeded to trial.

Mr. Snisky's allegation in claim seven that defense counsel's provided ineffective assistance in plea negotiations is denied.

11

## 2. Claims that counsel was ineffective in failing to challenge offense-level characteristics

Mr. Snisky claims that counsel was ineffective in failing to: (a) challenge the government's loss calculation, which resulted in an 18-level enhancement under USSG 2B1.1(b)(1)(J) (claim one); (b) argue that movant did not engage with 10 or more victims under USSG 2B1.1(b)(2)(a)(i), which resulted in his receiving an additional 2-level enhancement (claim three); (c) challenge the two-level enhancement for "sophisticated means" imposed under USSG §2B1.1(b)(10) (claim four); and, (d) that counsel failed to challenge the government's determination that movant was an organizer or leader, which resulted in a two-level enhancement under USSG § 3B1.1(c) (claim five).

The problem with Mr. Snisky's collateral attack is that he stipulated in the plea agreement to all of the sentence enhancements that he now claims counsel should have challenged. (*See* Doc. # 100 at 14, ¶ 19). Movant also stipulated to the loss amount for which he would be held accountable. (*Id.* at 13). Because Mr. Snisky is bound by the terms of his plea agreement, which he reaffirmed at the change of plea hearing, defense counsel was not ineffective in failing to challenge the stipulated sentencing enhancements. *See*, *e.g., Schlichting v. United States,* No. 08-3289, 355 F. App'x 84, 84-85 (8th Cir. Dec. 7, 2009) (unpublished) (counsel was not ineffective in failing to challenge sentence enhancements to which the defendant had stipulated to in the plea agreement) (citing *United States v. His Law*, 85 F.3d 379, 379 (8th Cir.1996) (a criminal defendant is bound by the stipulations in his plea agreement)); *United States v. Newman*, 148 F.3d 871, 878 (7th Cir. 1998) (concluding that movant had waived any claim challenging the amount of the loss associated with his offense conduct as much lower than the amount to which he

12

had stipulated to in the plea agreement). *See also Emery v. Johnson*, 139 F.3d 191, 198

(5th Cir.1997) (counsel's failure to make a meritless objection cannot be grounds for

ineffective assistance of counsel).

Mr. Snisky received the benefit of the plea agreement in the award of an additional

one-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(b) (*see* Doc. # 100

at 2, ¶ 4), and in the dismissal of the remaining 16 counts of the indictment (*id.* at 4, ¶ 8). Having

received those benefits, movant cannot now have invalidated the sentence enhancements to which

he expressly stipulated under the guise of an ineffective-assistance-of-counsel claim. *Accord*

*United States v. Scott*, No. 01-7124, 41 F. App'x 372, 376 (10th Cir. May 30, 2002) (unpublished)

(rejecting the defendant's claim that counsel was ineffective in failing to challenge the calculation

of his sentence where defendant was sentenced pursuant to the terms of a negotiated plea

agreement in which the government had agreed to drop three of the counts against him in return for

his sentencing stipulations).

Claims one, three, four and five are denied.

### 3. Claims that counsel was ineffective at sentencing

#### a. claim two

Mr. Snisky claims that his counsel was ineffective in failing to show that movant and his

co-defendant, Mr. Greeott, were "equal partners of Arete LLC," which resulted in movant

receiving a disparate sentence.[6] (Doc. # 156 at 9-10). Movant also argues that the Court

committed plain error in creating "unwarranted disparity between sentences imposed upon him

and his co-defendant." (*Id.* at 9).

---

6 Mr. Greeott was charged in Case No. 13-cr-00375-PAB with conspiracy to commit mail fraud and monetary transaction in property derived from mail fraud. (Doc. # 1). He was convicted pursuant to his guilty plea and sentenced to six months in prison. (Doc. # 33).

13

With regard to Mr. Snisky's claim of sentencing error, "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." See *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Movant filed a direct appeal, but dismissed it voluntarily. (*See* Doc. ## 139, 154). Therefore, his claim is procedurally defaulted and movant is barred from raising it in this § 2255 proceeding absent a showing of cause to excuse his procedural default and resulting prejudice, or that a fundamental miscarriage of justice will occur if his claim is not addressed. *United States v. McGaughy*, 675 F.3d 1149, 1159 (10th Cir. 2012). Mr. Snisky has not made either showing here.

Mr. Snisky does not fare any better with his ineffective assistance allegations. It is well-established in the Tenth Circuit that two co-defendants may be sentenced disparately "'where the disparity is explicable by the facts on the record.'" *United States v. Maden*, 114 F.3d 155, 159 (10th Cir. 1997) (quoting *United States. v. Garza*, 1 F.3d 1098, 1101 (10th Cir.1993)). At sentencing, the Court asked the prosecutor to explain what factors distinguished Mr. Greeott's conduct from Mr. Snisky's conduct. (*See* 6/18/15 Sentencing Hr. Tr. at 34). The prosecutor responded that: (1) Mr. Greeott received the government's recommendation for a downward departure under USSG § 5K1.1 based on his substantial assistance in cooperating against Mr. Snisky; (2) Mr. Greeott played a minimal role in the offense, facts to which Mr. Snisky and Mr. Greeott stipulated to in their respective plea agreements; (3) Mr. Snisky designed and controlled the fraud; (4) Mr. Snisky profited from the offense on a much larger scale; and, (5) two of the victims predated Mr. Greeott's involvement. (*See* 6/18/15 Sentencing Hr. Tr. at 34-37; *see also* Case No. 13-cr-00375-PAB (Doc. # 12 at 8-13 (plea agreement); Doc. # 28 (PSR); Doc. # 32 (minute entry for sentencing proceedings)).

14

The record reflects that the offense conduct of the two men differed significantly.

Therefore, even if defense counsel had argued at sentencing that Mr. Snisky and Mr. Greeott were

equal partners in Arete, LLC, movant has not shown a reasonable probability that he would have

received a lower sentence.  *See United States v. Soto,* 660 F.3d 1264, 1270 (10th Cir. 2011)

(rejecting sentencing disparity argument because co-defendant's lower sentence was explained by

his cooperation with the government).  *Accord United States v. Bridges*, No. 02-3106, 68 F.

App'x 896, 899 n.1 (10th Cir. June 19, 2003) (unpublished) (noting that "sentencing disparities

resulting from different plea agreements by co-defendants are a legitimate exercise of

prosecutorial discretion.")

Claim two is denied.

### b.  claim seven

Mr. Snisky argues in claim seven that counsel was ineffective at sentencing in failing to:

present a compelling argument in support of mitigation; object when the prosecution labeled him a

recidivist; and, in conceding that Mr. Snisky should receive a greater sentence than the six-month

sentence imposed on his co-defendant.   (Doc. # 156 at 17).

The Court rejects Mr. Snisky's claim based on counsel's alleged failure to present a

compelling argument in support of mitigation.   Before sentencing, defense counsel filed an

18-page motion for downward departure or variant sentence.   (Doc. # 115).   In the motion,

counsel made detailed arguments as to why movant should be sentenced to probation instead of a

term of imprisonment, based on what counsel described as movant's substantial contributions to

the public, his community, his church and his family.    (*Id.*).   The fact that the Court was not

persuaded by counsel's arguments and denied the motion (*see* 6/18/15 Sentencing Hr. Tr. at 54)

15

does not mean that counsel's performance in moving for a variant sentence was constitutionally ineffective. Mr. Snisky fails to identify what additional "mitigating" evidence counsel should have presented to the Court that would not have contradicted the facts to which he stipulated in the plea agreement. Again, conclusory assertions that counsel's performance was constitutionally deficient cannot support a Sixth Amendment claim. *See Fisher*, 38 F.3d at 1147.

The Court is likewise not persuaded by Mr. Snisky's other contentions in conjunction with his claim that counsel was ineffective at sentencing. Contrary to movant's assertion, counsel did take issue with the prosecution's characterization of him as a recidivist. (*See* 6/18/2015 Sentencing Hr. Tr. at 32-33, 38-39). Moreover, Applicant was not prejudiced by the prosecutor's remark, given the Court's rejection of the recidivist label because "[t]here is no evidence before [the Court] that what occurred in California was a fraud." (*Id.* at 33).

Mr. Snisky further challenges counsel's comment at the sentencing hearing that he was not expecting the Court to impose a sentence lower than the six-month sentence received by movant's co-defendant because movant had a greater role in the offense. (*See* 6/18/2015 Sentencing Hr. Tr. at 37-38). However, counsel argued for a mitigated sentence (*id.* at 38-48), and the prosecutor explained the basis for variant sentencing at the hearing (*id.* at 34-37). Given Mr. Snisky's stipulations in the plea agreement, he cannot demonstrate that, had counsel not commented about the expectation of receiving at least a six-month sentence, movant would have been sentenced to less than the 84 months imposed by the Court. Consequently, his ineffective assistance claim fails. *See Glover*, 531 U.S. at 203-04.

The allegations in claim seven challenging the effectiveness of counsel's representation at sentencing are denied.

###### 4. Claim that counsel was ineffective in failing to challenge government misconduct

Finally, Mr. Snisky alleges in claim eight that defense counsel was ineffective in failing to challenge the following alleged governmental misconduct: (1) one or more government agents closed an Arete LLC business account that would have been used to pay for the bonds, but then charged Mr. Snisky for failing to buy the bonds; (2) one or more government agents directed an individual to entrap Mr. Snisky into purchasing certain investments with client funds; and, (3) the prosecutor failed to disclose the exculpatory evidence that Mr. Snisky and Mr. Greeott were partners, despite the fact that their partnership status was reflected in State and SEC filings, as well as in the signed operating agreement for Arete LLC. (Doc. # 156 at 18).

The Court agrees with the government that Mr. Snisky's first two allegations appear to fault counsel for failing to raise an entrapment defense. However, to raise an entrapment defense, defense counsel would have been required to show both "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988). *See also United States v. Young,* 954 F.2d 614, 616 (10th Cir.1992). Movant's allegations do not suggest that he was induced into committing mail fraud and money laundering or that he was not predisposed to commit those offenses. Indeed, the facts to which Mr. Snisky stipulated in the plea agreement refute any claim that he was induced. In the absence of evidence to support an entrapment defense, counsel was not ineffective in failing to pursue it. *See United States v. Spencer*, No. 08-4171, 315 F. App'x 674, 676 (10th Cir. Feb. 27, 2009) (unpublished) (rejecting defendant's claim that his attorney should have pursued an entrapment defense instead of advising him to plead guilty, where the facts did not suggest an entrapment defense); *Slusher v. Furlong*, No. 01-1192, 29 F. App'x 490, 494-95

(10th Cir. Jan. 4, 2002) (unpublished) (counsel's failure to investigate a state law entrapment defense did not prejudice defendant where the evidence would not have supported a viable claim).

In his third allegation, Mr. Snisky asserts that defense counsel should have objected to the prosecution's alleged failure to disclose exculpatory evidence – i.e. that Mr. Greeott was an equal partner with Mr. Snisky, and not an independent contractor, as he was portrayed by the prosecution.   However, any challenge raised by counsel under *Brady v. Maryland*, 373 U.S. 83 (1963) would have failed.   Mr. Greeott's status as an equal partner was presumably a fact known to Mr. Snisky.   *See Knighton v. Mullin*, 293 F.3d 1165, 1175 (10th Cir. 2002) (recognizing that the government does not suppress evidence that is already known and available to the defendant prior to trial) (internal citation omitted).   Further, the information was not exculpatory.   Mr. Snisky stipulated in the plea agreement that he was the organizer or leader of the scheme and that Mr. Greeott was an independent contractor.   (Doc. # 100 at 8, 14).   And, as previously discussed, the prosecutor explained at the sentencing hearing why Mr. Snisky was more culpable.   (*See* 6/18/15 Sentencing Hr. Tr. at 34-37).   The Court thus finds that defense counsel's failure to raise a *Brady* challenge was not constitutionally deficient performance, nor was Mr. Snisky prejudiced at sentencing as a result.

Claim eight is denied in its entirety.

### 5.  Request for an Evidentiary Hearing

Mr. Snisky requests that the Court grant him an evidentiary hearing on his claims.

The Court may dispense with an evidentiary hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rules Governing Section 2255 Proceedings, Rule 8(a) (authorizing judge to

18

determine whether an evidentiary hearing is warranted). The standard for obtaining a hearing is "higher than notice pleading." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). To meet this standard, a movant must make "specific and particularized" allegations, "which, if proved, would entitle him to relief." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995). Moreover, a movant in a § 2255 proceeding is entitled to a hearing only when there is a disputed factual issue. *United States v. Gallegos*, No. 11-8084, 459 F. App'x 714, 716-17 (10th Cir. 2012) (unpublished). The Court is not required to hold an evidentiary hearing "without a firm idea of what the testimony will encompass and how it will support a movant's claim." *Cervini*, 379 F.3d at 994.

Here, for the reasons discussed above, the record conclusively shows that Mr. Snisky is not entitled to relief on any of his claims. In addition, movant's claims do not present any material disputed factual issues. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting evidence."); *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (holding that no evidentiary hearing was required where "there were no relevant disputed issues of fact that needed to be resolved"). Consequently, the Court finds no need to conduct an evidentiary hearing.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court

19

erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mr. Snisky has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied.

### III. **CONCLUSION**

Mr. Snisky has failed to demonstrate that his defense counsel was constitutionally ineffective in connection with his guilty plea or the sentencing proceeding, or that he is otherwise entitled to collateral relief. Therefore, it is

ORDERED that Mr. Snisky's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 155) is DENIED. It is

FURTHER ORDERED that, under 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

DATED May 10, 2017, at Denver, Colorado.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

20

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00473-RM
Civil Action No. 16-cv-01044-RM

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

1.  GARY SNISKY,

      Defendant-Movant.

---

## FINAL JUDGMENT

---

      In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

      Pursuant to Judge Raymond P. Moore's Order (Doc. 168) denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 155), it is

      ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 155) is denied. It is

      FURTHER ORDERED that, under 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied.  It is

      FURTHER ORDERED that the corresponding civil action is dismissed.

      Dated at Denver, Colorado this 10th day of May, 2017.

                        FOR THE COURT:
                        JEFFREY P. COLWELL, CLERK

          By:  s/  Cathy Pearson
                        Cathy Pearson
                        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLORADO

UNITED STATES :     CASE NO. 13-CR-00473-RM

    Plaintiff-Respondant :

                  **FILED**
V.            :    NOTICE OF APPEAL    UNITED STATES DISTRICT COURT
                      DENVER, COLORADO

GARY C. SNISKY :          JUN - 6 2017

    DEFENDANT-Movant :      JEFFREY P. COLWELL
                          CLERK

     Please note: I, GARY C. SNISKY, just received the mailed document of FINAL JUDGEMENT pursuant to my 28. U.S.C. 2255 MOTION from the DISTRICT OF COLORADO - Honorable RAYMOND P. Moore - on May 30th, 2017. Also, I would like to apologize for the handwritten letter, as we are in "LOCKDOWN" and I have no access to a typewriter, or law library.

     Notice is hereby given that GARY C. SNISKY, PRO-SE, in the above named case hereby APPEAL TO THE UNITED STATES COURT OF APPEALS for the FEDERAL CIRCUIT FROM THE DISTRICT OF COLORADO FOR THE FINAL JUDGEMENT UPON MOTION OF FINAL JUDGEMENT ENTERED ON MAY 10th, 2017.

     The order appealed is a final (and appealable) order under the PROVISIONS OF SECTION 2253(a) and 2255 of Title 28 of the UNITED STATES codes because the order denied defendant relief pursuant to his SECTION 2255 MOTION attacking his sentence in this matter, (Rules governing Section 2255 cases Rule 11 (a)).

     This Appeal is made to the UNITED STATES COURT OF APPEAL(S) for the TENTH (10th) CIRCUIT.

                       RESPECTFULLY SUBMITTED,

                       - GARY C. SNISKY



INMATE NAME: Snisky
REGISTER NO: 40166-013
HOUSING UNIT: 5851
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640

TRENTON NJ 085
01 JUN 2017 PM 6 L

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640

The enclosed letter was processed through special mail
procedures. This letter has been neither opened nor
inspected. If the writer raises a question or problem over
which this facility has jurisdiction, you may wish to return
the material. If the writer encloses correspondence for
forwarding to another address or includes unauthorized
items, please return to the above address.

80294-250151

OFFICE OF THE CLERK
United States District Court
Alfred A. Arraj Courthouse
901-19th Street Room A105
Denver, Colorado 80294-3589