FILED
United States Court of Appeals
Tenth Circuit

March 2, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY SNISKY,

    Defendant - Appellant.

No. 17-1199
(D.C. Nos. 1:16-CV-01044-RM &
1:13-CR-00473-RM-1)
(D. Colo.)

_____

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Petitioner Gary Snisky, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. He also seeks leave to proceed in forma pauperis (IFP). Exercising jurisdiction under 28 U.S.C. § 2253(a), we deny his request for a COA, deny his IFP motion, and dismiss this matter.

## BACKGROUND

Snisky was indicted on thirteen counts of mail fraud under 18 U.S.C. § 1341 and five counts of money laundering under 18 U.S.C. § 1957 in connection with an

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

allegedly fraudulent investment scheme. He ultimately pled guilty to one count of mail fraud and one count of money laundering pursuant to a plea agreement in which he stipulated, among other things, that he had lied and made misrepresentations to investors and was subject to various sentence enhancements under the U.S. Sentencing Guidelines based on the amount of the loss and other stipulated facts. In the plea agreement, he also agreed not to contest these enhancements. With one exception not relevant here, the presentence report (PSR) agreed with the stipulated sentencing enhancements and determined that Snisky's advisory sentencing range under the Guidelines was 78 to 97 months. The district court adopted the findings of the PSR, sentenced Snisky to 84 months in prison, and ordered restitution in the amount stipulated in the plea agreement. Snisky filed a direct appeal in this court, which was later dismissed on his motion.

Snisky filed a § 2255 motion to vacate, set aside or correct his conviction and sentence, claiming ineffective assistance of counsel. In a thorough 20-page order, the district court examined Snisky's claims under the two-part standard stated in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded the record conclusively showed he was not entitled to relief. It therefore denied Snisky's motion and his request for an evidentiary hearing and also denied a COA on its decision. The district court denied Snisky's subsequent motion for leave to proceed IFP on appeal.

Snisky now requests a COA in order to contest the district court's decision and also asks that we allow him to proceed IFP in this appeal.

## DISCUSSION

To appeal the district court's denial of § 2255 relief, Snisky must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires him to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In determining whether Snisky has met this standard, we do not engage in a "full consideration of the factual or legal bases adduced in support of the claims" but rather "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

In his application for COA, Snisky contends the district court erred in rejecting his claims of ineffective assistance of counsel in connection with his guilty plea and sentencing[1] and that it abused its discretion in denying these claims without an evidentiary hearing. We examine each contention in turn under the COA standard. Because Snisky is proceeding pro se, we review his COA application liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

---

[1] Snisky also asserted in the district court that his counsel rendered ineffective assistance in failing to challenge alleged government misconduct, but he does not dispute the court's denial of this claim in his application for COA.

### A. Ineffective Assistance of Counsel Claims

The Sixth Amendment provides criminal defendants with the right to effective assistance of counsel. *See Strickland*, 466 U.S. at 685-86. To establish that he was deprived of this right, a defendant must show "both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687-88). To meet the first prong of this test, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The court must then determine "whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *id.*, applying a "highly deferential" standard that reflects the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689; *see Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012) ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (internal quotation marks omitted)). To establish prejudice as required by *Strickland*'s second prong, a defendant cannot rely on speculation, but instead must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694. An insufficient showing under either prong of the *Strickland* test is dispositive. *Id.* at 697.

### 1. Guilty plea

Snisky claimed in the district court and now in this court that he received ineffective assistance of counsel in connection with the government's plea offer because his counsel (1) did not understand the relevant law and failed to properly investigate the case; (2) did not explain the government's burden in proving his fraudulent intent and the sentencing factors, (3) failed to present evidence disputing his intent and the sentencing factors to the government during plea negotiations; (4) advised him not to challenge the government's loss calculation because it would cause the government to withdraw its downward adjustment for acceptance of responsibility; and (5) coerced Snisky to accept the plea agreement by falsely promising that he would provide mitigating evidence at sentencing and object to what Snisky now claims are inaccuracies in the plea agreement's stipulated facts. Snisky also asserted he would not have accepted the plea agreement if defense counsel had not assured him that the stipulated facts were disputed and would be further argued.

The district court found Snisky failed to demonstrate his counsel's performance was outside the range of professionally competent assistance because these assertions were conclusory, *see United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), not supported by evidence refuting the fraudulent intent and other facts to which he stipulated,[2] and also were contrary to his representations in the plea

---

[2] Snisky suggests in his application that he submitted affidavits and other documentation to the district court in support of his motion, but in fact he submitted
(continued)

5

agreement, in his Statement in Advance of Guilty Plea, and at the change of plea hearing. In particular, during the plea hearing, Snisky, a college graduate, affirmed under oath that he had read and reviewed the stipulated facts in the plea agreement with counsel and admitted that these facts were true. He also averred that he had agreed not to dispute the sentencing factors reported in the plea agreement and that he understood the charges against him, had reviewed the elements of the charged offenses with counsel, and understood the government's burden to prove each element beyond a reasonable doubt. He also affirmed that he had read and understood the Statement in Advance of Guilty Plea, which reports that the only promises made to induce him to plead guilty were those set out in the plea agreement. Finally, Snisky affirmed at the hearing that he was satisfied with his counsel and the representation and advice he had received.

Such "'[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see United States v. Silva*, 430 F.3d 1096, 1099-100 (10th Cir. 2005) (relying on plea agreement and plea colloquy to deny COA on ineffective assistance of counsel claim). Based on Snisky's declarations at the plea hearing and our review of the rest of the record on appeal, we conclude that reasonable

---

only three exhibits, none of which refute the stipulated facts to which he agreed in the plea agreement.

jurists could not debate the district court's denial of Snisky's claim of ineffective assistance of counsel relating to his guilty plea.[3]

### 2. Sentencing

We also conclude that reasonable jurists would not debate the district court's denial of Snisky's ineffective assistance claim regarding his counsel's performance at sentencing. In his application for COA, Snisky argues, as he did in the district court, that his defense counsel provided ineffective assistance at this phase of his proceedings because he failed to contest the loss calculation and other sentencing factors reported in the PSR and adopted by the district court in sentencing. Counsel's failure to dispute the loss calculation and other sentencing factors is not objectively unreasonable, however, when Snisky stipulated to these facts and sentencing enhancements in the plea agreement and affirmed at the plea hearing that he understood and agreed to them. *Cf. Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (rejecting an ineffective counsel claim for failure to object to testimony

---

[3] In his application for COA, Snisky also argues for the first time that he received ineffective assistance in connection with his plea because counsel failed to explain adequately the plea agreement's "ambiguous language" and the "comparative benefits of the plea offer relative to proceeding to trial." Appl. at 5, 15. Snisky also apparently blames his counsel for the government not making a plea offer until 30 days before trial and then giving him only 8 days to consider it. *See id.* at 13. We need not address these arguments because Snisky "has not provided a reason to deviate from the general rule that we do not address arguments presented for the first time on appeal." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (internal quotation marks omitted). Nonetheless, we note that reasonable jurists would agree that these assertions are conclusory and hence are not sufficient to overcome the presumption that his counsel's performance was objectively reasonable.

because "failure to assert a meritless objection cannot be grounds for a finding of deficient performance").

Snisky further claims that his counsel's performance at sentencing was constitutionally deficient because he failed to provide any mitigating facts, object to the government witness' testimony, or argue for a lower sentence. These assertions are conclusory and are also contradicted by the record, which shows that Snisky's counsel filed objections to the PSR before the sentencing hearing, objected to the government witness' testimony and cross-examined him at the hearing, and argued at length in a written motion and at the hearing that mitigating factors warranted probation or a sentence well below the advisory guideline range. Snisky also failed to show in the district court that there was a reasonable probability that but for his counsel's allegedly deficient performance he would have received a lower sentence, as required to meet *Strickland*'s prejudice requirement. *See United States v. Washington*, 619 F.3d 1252, 1262 (10th Cir. 2010) (stating standard for demonstrating prejudice for ineffective performance at sentencing); *Byrd*, 645 F.3d at 1168 (noting "mere speculation" is insufficient to show prejudice under *Strickland*). The district court's conclusion that Snisky did not establish ineffective assistance of counsel at sentencing is therefore not debatable.

### B.   Denial of Evidentiary Hearing

Snisky also seeks to appeal the district court's denial of his request for an evidentiary hearing. The district court based its decision on its findings that Snisky failed to demonstrate any material disputed factual issues and that the record conclusively

showed he was not entitled to relief on any of his claims. This decision is reviewed for abuse of discretion. *See United States v. Moya¸* 676 F.3d 1211, 1214 (10th Cir. 2012). Given the record below, reasonable jurists would agree the district court did not abuse its discretion in denying an evidentiary hearing. *See, e.g., Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) (stating evidentiary hearing not necessary when "[t]he record refutes the claim of ineffective assistance"); *Hooks v. Workman,* 606 F.3d 715, 731 (10th Cir. 2010) (affirming denial of evidentiary hearing because "the general and conclusory nature of the allegations in [the petitioner's request] fully support the district court's decision to deny that request"); *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (denying request for COA on failure to conduct evidentiary hearing because "there were no relevant, disputed issues of fact that needed to be resolved").

## CONCLUSION

Because no reasonable jurist would debate the district court's decision, we deny a COA and dismiss the appeal. We also deny Snisky's IFP motion because he failed to demonstrate "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Silva*, 430 F.3d at 1100 (internal quotation marks omitted).

                                           Entered for the Court

                                           Nancy L. Moritz
                                           Circuit Judge