UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK

MEMORANDUM

Date:      September 27, 2022
To:      Judge Raymond P. Moore
Subject:      1:13-cr-00473-RM-1 USA v. Snisky

Gary Snisky was sentenced to pay restitution to Edmund J. Kieras in the amount of $50,404.24 per the attached Amended Judgment. Currently, the victim is owed $47,624.14. Documentation to support the requested change is as follows:

- Petition to Replace Name of Restitution Payee
- Certificate of Death
- Last Will and Testament
- Amended Judgment
- Case Inquiry Report
- Defendant/Inmate Search Results

With your approval, restitution will be disbursed to:

Robert C. Kieras

---

ORDER REGARDING CHANGE OF
VICTIM'S RESTITUTION PAYMENT

☐ GRANTED      ☐ DENIED

Dated _____ at Denver, Colorado.

**By The Court:**

_____
Raymond P. Moore
United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

## Petition to Replace Name of Restitution Payee

Petitioner(s) Name(s): _Robert C. Kieras_

Victim's Name you wish to replace: _Edmund J. Kieras_

Case Number(s) or defendant name(s) from which the victim identified above is a recipient of restitution: _Gary Snisky - Case 2012R00713, Richard Greeott - Case 2013R00458_

Please check the box below for the reason you are petitioning the Court to replace the name of a restitution payee:

☒ Victim died
☐ Victim has been declared incompetent
☐ Other reason (if this box is checked, provide a brief explanation of your request on a separate page)

If my/our request is granted, all future restitution checks should be made payable to the following person at the following address:

Made payable to: _Robert C. Kieras_

Address:

Each petitioner identified above must sign and notarize a signature block on the next page. If there are more petitioners than space provided, you may make a copy of the signature page and attach it to your petition.

By signing below, I/we, the undersigned, declare under penalty of perjury that the information I/we provided above is correct and true to the best of my/our knowledge that I/we am/are the rightful person(s) to receive restitution in place of the victim identified above. And in support of my/our petition, I/we am providing supporting documentation with this petition that I/we are the proper person/persons to receive restitution in place of the victim identified above.

*[signature: Robert C. Kieras]*
Signature of Petitioner

*[signature: Rachel Kelman]*
Notary Public's Signature

Robert C. Kieras
Printed Name of Petitioner

Notary Seal:

> RACHEL KELMAN
> Notary Public - Seal
> St Joseph County - State of Indiana
> Commission Number NP0723793
> My Commission Expires Nov 25, 2027

Date: 8/24/2022

Date: 8/24/2022

_____
Signature of Petitioner

_____
Notary Public's Signature

_____
Printed Name of Petitioner

Notary Seal:

Date: _____

Date: _____

_____
Signature of Petitioner

_____
Notary Public's Signature

_____
Printed Name of Petitioner

Notary Seal:

Date: _____

Date: _____

_____
Signature of Petitioner

_____
Notary Public's Signature

_____
Printed Name of Petitioner

Notary Seal:

Date: _____

Date: _____

# STATE OF MICHIGAN
## CERTIFICATION OF VITAL RECORD

# COUNTY OF KENT

20160614-0015454  06/14/2016
Pgs 1  Fee $0.00  7:57AM
Mary Hollinrake  T20160031584 - JR
Kent County Clerk MI  DC

**STATE OF MICHIGAN**
**DEPARTMENT OF COMMUNITY HEALTH**
**CERTIFICATE OF DEATH**

**STATE FILE NUMBER:** 229388

| Field | Value |
|---|---|
| 1. DECEDENT'S NAME (First, Middle, Last) | Edmund John Kieras |
| 2. DATE OF BIRTH | |
| 3. SEX | Male |
| 4. DATE OF DEATH | June 11, 2016 |
| 5. NAME AT BIRTH OR OTHER NAME USED FOR PERSONAL BUSINESS | |
| 6a. AGE - Last Birthday (Years) | |
| 6b. UNDER 1 YEAR (MONTHS/DAYS) | |
| 6c. UNDER 1 DAY (HOURS/MINUTES) | |
| 7a. LOCATION OF DEATH | Mercy Health St. Marys |
| 7b. CITY, VILLAGE OR TOWNSHIP OF DEATH | Grand Rapids |
| 7c. COUNTY OF DEATH | Kent |
| 8a. CURRENT RESIDENCE - STATE | |
| 8b. COUNTY | |
| 8c. LOCALITY | |
| 8d. STREET AND NUMBER | |
| 8e. ZIP CODE | |
| 9. BIRTH PLACE | Grand Rapids, Michigan |
| 10. SOCIAL SECURITY NUMBER | |
| 11. DECEDENT'S EDUCATION | Master's degree |
| 12. RACE | White |
| 13a. ANCESTRY | Polish |
| 13b. HISPANIC ORIGIN | No |
| 14. EVER IN THE U.S. ARMED FORCES? | Yes |
| 15. USUAL OCCUPATION | Educator |
| 16. KIND OF BUSINESS OR INDUSTRY | School System |
| 17. MARITAL STATUS | Widowed |
| 18. NAME OF SURVIVING SPOUSE | |
| 19. FATHER'S NAME (First, Middle, Last) | Stanley Kieras |
| 20. MOTHER'S NAME BEFORE FIRST MARRIED (First, Middle, Last) | Mary K Jarzob |
| 21a. INFORMANT'S NAME | Rob Kieras |
| 21b. RELATIONSHIP TO DECEDENT | Son |
| 21c. MAILING ADDRESS | |
| 22. METHOD OF DISPOSITION | Burial |
| 23a. PLACE OF DISPOSITION | Holy Cross Cemetery |
| 23b. LOCATION - City or Village, State | Grand Rapids, Michigan |
| 24. SIGNATURE OF MORTUARY SCIENCE LICENSEE | Bradley T. Arsulowicz |
| 25. LICENSE NUMBER | 4501007551 |
| 26. NAME AND ADDRESS OF FUNERAL FACILITY | Arsulowicz Brothers Mortuaries West, 585 Stocking Ave. NW, Grand Rapids, Michigan 49504 |
| 27a. CERTIFIER | ☒ Certifying Physician  ☐ Medical Examiner — Julie Bourbonnais, MD |
| 28a. ACTUAL OR PRESUMED TIME OF DEATH | 11:53 AM |
| 28b. PRONOUNCED DEAD ON | June 11, 2016 |
| 28c. TIME PRONOUNCED DEAD | 12:30 PM |
| 29. MEDICAL EXAMINER CONTACTED | No |
| 30. PLACE OF DEATH | Hospital |
| 31. IF HOSPITAL | Inpatient |
| 27b. DATE SIGNED | June 11, 2016 |
| 27c. LICENSE NUMBER | 4301077872 |
| 32. MEDICAL EXAMINER'S CASE NUMBER | |
| 33. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER | Sattar Abdus Sheikh, MD |
| 34. NAME AND ADDRESS OF CERTIFYING PHYSICIAN | Julie Bourbonnais, MD, Office, 200 Jefferson Ave SE, Grand Rapids, Michigan 49503 |
| 35a. REGISTRAR'S SIGNATURE | Mary Hollinrake |
| 35b. DATE FILED | June 14, 2016 |

**36. PART I.** ENTER the chain of events - diseases, injuries or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest or ventricular fibrillation without showing the etiology. Enter only one cause on a line.

| | Cause | Approximate Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | septic shock | hours |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | severe metabolic acidosis | hours |
| | probable ischemic bowel | hours |

**PART II.** OTHER SIGNIFICANT CONDITIONS contributing to death but not resulting in the underlying cause given in Part I: PVD, atrial fibrillation

| 37. DID TOBACCO USE CONTRIBUTE TO DEATH? | ☐ Yes ☐ Probably ☐ No ☒ Unknown |
| 38. IF FEMALE | Not Applicable |
| 39. MANNER OF DEATH | Natural |
| 40a. WAS AN AUTOPSY PERFORMED? | No |
| 40b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? | Not Applicable |
| 41a. DATE OF INJURY | |
| 41b. TIME OF INJURY | |
| 41c. DESCRIBE HOW INJURY OCCURRED | |
| 41d. INJURY AT WORK | |
| 41e. PLACE OF INJURY | |
| 41f. IF TRANSPORTATION INJURY | |
| 41g. LOCATION | |

I, MARY HOLLINRAKE, CLERK OF THE CIRCUIT COURT OF KENT COUNTY, DO HEREBY CERTIFY that the foregoing is a true and correct transcript of the original record on file in the office of the County Clerk.

MARY HOLLINRAKE
COUNTY CLERK

DATED: 06/16/2016



PBNCO (Rev) 05/10

**ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE**

# Last Will and Testament
## of
## Edmund J. Kieras

I, Edmund J. Kieras residing this date at                              being of legal age and of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking all wills and codicils by me heretofore made.

I am at this date married.

Upon my death, I leave to each of the above named children and each child by blood or legal adoption of my children the sum of one dollar ($1.00).

At my death I direct the following:

ONE: I request that all of my just and enforceable debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

I further direct that all estate, inheritance, succession and other death taxes which shall become payable by reason of my death be paid out of my estate as an administrative expense.

TWO: I give, devise and bequeath the residue of my entire estate, whether real property or personal property, of every kind, name, and description, whatsoever and wheresoever situated which I now own or hereafter acquire to Edmund J. Kieras and Dorothy A. Kieras, Trustees, or the successor Trustees of the Edmund J. & Dorothy A. Kieras Family Living Trust, to be held, managed and disposed of in accordance with the provisions of said Trust which was established by a Declaration of Trust dated ___1-7___ 19_99_ between Edmund J. Kieras and Dorothy A. Kieras as the Grantors, and Edmund J. Kieras and Dorothy A. Kieras as the Trustees, and which is now in existence.

THREE: ==I appoint Robert C. Kieras==,                              to be my Personal Representative of this, my Last Will and Testament, hereby authorizing and empowering my said Personal Representative to compound, compromise, and settle and adjust all claims, demands and debts which may be presented against my estate or ==which may be due to my estate;== and to sell at private or public sales, lease or exchange, at such prices and upon such terms of credit or otherwise as said Personal Representative may deem best, the whole or any part of my real or personal property; and to execute, acknowledge and deliver deeds or other proper instruments of conveyance thereof to the purchaser or purchasers, all without license or leave of court. I authorize my Personal Representative to employ real estate brokers to assist in the sale of any real estate and to pay such brokers standard commissions for their services.

In the event that the above named Personal Representative appointee shall be unable or unwilling to serve, I hereby appoint Roger A. Kieras,                              as my alternate Personal Representative.

I request that no bond be required of my Personal Representative. (End of page)

>>> Page 1 <<<

I subscribe my name to this Last Will and Testament this \_\_\_7th\_\_\_ day of \_\_January\_\_.

(sig) \_\_\_\_\_Edmund J. Kieras\_\_\_\_\_
                                    Edmund J. Kieras

On the date last written above, Edmund J. Kieras declared to us, the undersigned witnesses, this instrument as his Last Will and Testament and requested us to act as witnesses to it. Edmund J. Kieras thereupon signed this instrument in our presence, all of us being present at the same time. We now at his request and in his presence, and in the presence of each other, have signed this instrument as witnesses.

We declare under penalty of perjury that the foregoing is true and correct.

(sig) \_\_\_Lynette Brown\_\_\_, Witness

(sig) _____, Witness

(sig) \_\_\_Kathryn E. Thiel\_\_\_, Witness

> > > Page 2 < < <

✎AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

District of     COLORADO

UNITED STATES OF AMERICA
V.

GARY SNISKY

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
*(Changes Identified with Asterisks (\*))*

Case Number:     13-cr-00473-RM-01

USM Number:     40166-013

Robert William Pepin, AFPD
Defendant's Attorney

**Date of Original Judgment:** June 25, 2015

**Reason for Amendment:** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36).

## THE DEFENDANT:

☒ pleaded guilty to Counts    2 and 14 of the Indictment

☐ pleaded nolo contendere to Count(s) _____
     which was accepted by the Court.

☐ was found guilty on Count(s) _____
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 01/11/12 | 2 |
| 18 U.S.C. §§ 1957 and 2(b) | Monetary Transactions in Property Derived from Mail Fraud | 11/17/11 | 14 |

     The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☒ Counts    remaining of the Indictment    ☐ is    ☒ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 18, 2015
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

Raymond P. Moore, U.S. District Judge
Name and Title of Judge

July 8, 2015
Date

AO 245B     (Rev. 11/14 D/CO) Judgment in Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page __2__ of __11__

**DEFENDANT:** GARY SNISKY
**CASE NUMBER:** 13-cr-00473-RM-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **eighty-four months per count, to be served concurrently.**

[X] The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be designated to a facility near the vicinity of White Plains, New York.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
     [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
     [ ] as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [X] before 12 p.m. noon    within 15 days of designation.
     [ ] as notified by the United States Marshal.
     [X] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __11__

**DEFENDANT:**       GARY SNISKY
**CASE NUMBER:**     13-cr-00473-RM-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years per count, concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall provide access to any requested financial information.

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
             Sheet 3C — Supervised Release

Judgment—Page __4__ of __11__

**DEFENDANT:**     **GARY SNISKY**
**CASE NUMBER:**     **13-cr-00473-RM-01**

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3. If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

4. All employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on her behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of her business activities as requested by the probation officer.

5. The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  11

**DEFENDANT:** GARY SNISKY
**CASE NUMBER:** 13-cr-00473-RM-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine   | Restitution     |
|---------|-----------|--------|-----------------|
| Count 2 | $ 100.00  | $ 0.00 | $ 2,531,032.22  |
| Count 14| $ 100.00  | $ 0.00 | $ 0.00          |
| TOTALS  | $ 200.00  | $ 0.00 | $ 2,531,032.22  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah Alvarado | $145,085.59 | $70,254.47 | |
| Jerome Beland | $209,277.50 | $101,337.98 | |
| Kristy Benites | $623,000.00 | $301,673.91 | |
| Paul Buroker | $10,090.50 | $4,886.10 | |
| Kathyrn Carmack | $33,909.00 | $16,419.68 | |
| Jack Chadwick | $50,000.00 | $24,211.39 | |
| Tamara Fisher | $22,500.67 | $10,895.45 | |
| Marcia Fortuna | $97,000.00 | $47,570.09 | |
| Charmaine Funk | $53,067.93 | $25,696.97 | |
| Vittoria Giovannucci | $53,042.40 | $25,684.60 | |
| Ann Gorham | $35,000.00 | $16,947.60 | |
| TOTALS | $ 5,226,965.54 | $ 2,531,032.22 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for   ☐ fine   ☒ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

DEFENDANT: GARY SNISKY
CASE NUMBER: 13-cr-00473-RM-01

Judgment — Page __6__ of __11__

# ADDITIONAL RESTITUTION PAYEES*

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Mary Hall | $56,000.00 | $27,116.76 | |
| Mark Evans Hart | $142,242.00 | $72,267.12 | |
| David Kettner | $61,727.24 | $29,890.04* | |
| Edmund J. Kieras | $104,092.00 | $50,404.24 | |
| Kathryn Kingery | $198,164.99 | $95,956.99 | |
| Stan Kingery | $48,912.44 | $23,684.76 | |
| Jonathan Lakey | $250,000.00 | $121,056.94 | |
| Paula Langseth | $74,393.48 | $36,023.39 | |
| Delores Legrand | $34,824.55 | $16,863.01 | |
| Legrand Revocable Trust | $106,000.00 | $51,328.14 | |
| Faith A. Macauley | $20,899.36 | $10,120.05 | |
| Steve Macauley | $36,242.44 | $17,549.50 | |
| Arla Menzel | $35,695.75 | $17,284.87 | |
| Kelvin Menzel | $210,700.27 | $102,026.92 | |
| Mark and Kathle Messelt | $329,896.29 | $159,744.95 | |
| James Mini | $308,964.03 | $149,608.97 | |
| Cheryl Paxton | $475,058.47 | $230,036.53 | |
| Karie Peters | $31,023.69 | $15,022.52 | |
| Troy H. Peters | $13,559.64 | $6,565.95 | |
| Colleen Ryan | $30,240.04 | $14,643.07 | |
| Lawrence Ryan | $260,587.08 | $126,183.50 | |
| The Larry Ryan Family Trust | $50,000.00 | $24,211.39 | |
| Anne Savage | $205,532.56 | $99,524.57 | |
| Gerald and Marc Schutte | $48,500.00 | $23,485.05 | |
| Sharyn Smith | $83,000.00 | $39,590.91 | |
| Neil J and Trac Vaile | $220,000.00 | $106,530.11 | |
| Duane Voorman | $194,000.00 | $93,940.19 | |
| Eileen Warpness | $74,268.83 | $35,963.03 | |
| Eleanor Weems | $100,000.00 | $48,422.78 | |
| Carol Hasty Weirs | $83,447.00 | $40,407.36 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __11__

DEFENDANT: GARY SNISKY
CASE NUMBER: 13-cr-00473-RM-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐ Lump sum payment of _____ due immediately, balance due

   ☐ not later _____, or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☒ Payment to begin immediately (may be combined   ☐ C,   ☐ D, or   ☒ F below); or

C  ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

   The special assessment and restitution obligation are due immediately. Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payments will be calculated as at least 10 percent of the defendant's gross monthly income.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

   13-cr-00375-PAB-01, Richard Greeott, $2,179,938.76

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following Court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

   A money judgment in the amount of $2,531,052.31 and as reflected in the Plea Agreement and in Doc. No. 111, which includes a forfeiture of substitute asset in the amount of $45,000 U.S. currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO 245B (Rev.11/14 D/CO) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

Judgment—Page __8__ of __11__

DEFENDANT: GARY SNISKY
CASE NUMBER: 13-cr-00473-RM-01

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☒ The Court adopts the presentence investigation report without change.

B ☐ The Court adopts the presentence investigation report with the following changes.
(Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if
(Use page 4 if necessary.)

1 ☐ Chapter Two of the U.S.S.G. Manual determinations by Court (including changes to base offense level, or specific offense characteristics):

2 ☐ Chapter Three of the U.S.S.G. Manual determinations by Court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple Counts, or acceptance of responsibility):

3 ☐ Chapter Four of the U.S.S.G. Manual determinations by Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☒ No Count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case

☐ substantial assistance (18 U.S.C. § 3553(e))

☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 28
Criminal History Category: I
Imprisonment Range: __78__ to __97__ months
Supervised Release __1__ to __3__ years per count.
Fine Range: 12,500 to $ 125,000
☒ Fine waived or below the guideline range because of inability to pay.

AO 245B  (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 2) — Statement of Reasons

Judgment—Page __9__ of __11__

**DEFENDANT:** GARY SNISKY
**CASE NUMBER:** 13-cr-00473-RM-01

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)**

A  [X]  The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.

B  [ ]  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)

C  [ ]  The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D  [ ]  The Court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)**

A  The sentence imposed departs (Check only one.):
   [ ] below the advisory guideline range
   [ ] above the advisory guideline range

B  Departure based on (Check all that apply.):

   1   Plea Agreement (Check all that apply and check reason(s) below.):
       [ ] 5K1.1 plea agreement based on the defendant's substantial assistance
       [ ] 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
       [ ] binding plea agreement for departure accepted by the Court
       [ ] plea agreement for departure, which the Court finds to be reasonable
       [ ] plea agreement that states that the government will not oppose a defense departure motion.

   2   Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
       [ ] 5K1.1 government motion based on the defendant's substantial assistance
       [ ] 5K3.1 government motion based on Early Disposition or "Fast-track" program
       [ ] government motion for departure
       [ ] defense motion for departure to which the government did not object
       [ ] defense motion for departure to which the government objected

   3   Other
       [ ] Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C  Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| [ ] 4A1.3 | Criminal History Inadequacy | [ ] 5K2.1 | Death | [ ] 5K2.11 | Lesser Harm |
| [ ] 5H1.1 | Age | [ ] 5K2.2 | Physical Injury | [ ] 5K2.12 | Coercion and Duress |
| [ ] 5H1.2 | Education and Vocational Skills | [ ] 5K2.3 | Extreme Psychological Injury | [ ] 5K2.13 | Diminished Capacity |
| [ ] 5H1.3 | Mental and Emotional Condition | [ ] 5K2.4 | Abduction or Unlawful Restraint | [ ] 5K2.14 | Public Welfare |
| [ ] 5H1.4 | Physical Condition | [ ] 5K2.5 | Property Damage or Loss | [ ] 5K2.16 | Voluntary Disclosure of Offense |
| [ ] 5H1.5 | Employment Record | [ ] 5K2.6 | Weapon or Dangerous Weapon | [ ] 5K2.17 | High-Capacity, Semiautomatic |
| [ ] 5H1.6 | Family Ties and Responsibilities | [ ] 5K2.7 | Disruption of Government Function | [ ] 5K2.18 | Violent Street Gang |
| [ ] 5H1.11 | Military Record, Charitable Service, Good Works | [ ] 5K2.8 | Extreme Conduct | [ ] 5K2.20 | Aberrant Behavior |
| | | [ ] 5K2.9 | Criminal Purpose | [ ] 5K2.21 | Dismissed and Uncharged Conduct |
| [ ] 5K2.0 | Aggravating or Mitigating | [ ] 5K2.10 | Victim's Conduct | [ ] 5K2.22 | Age or Health of Sex Offenders |
| | | | | [ ] 5K2.23 | Discharged Terms of Imprisonment |
| | | | | [ ] Other guideline basis (*e.g.*, 2B1.1 commentary) |

D  Explain the facts justifying the departure. (Use page 4 if necessary.)

AO 245B (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 3) — Statement of Reasons

Judgment—Page __10__ of __11__

DEFENDANT: GARY SNISKY
CASE NUMBER: 13-cr-00473-RM-01

# STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

**A**  The sentence imposed is (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

**B**  Sentence imposed pursuant to (Check all that apply.):

   1  Plea Agreement (Check all that apply and check reason(s) below.):
      ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
      ☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory system

   2  Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
      ☐ government motion for a sentence outside of the advisory guideline system
      ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
      ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

   3  Other
      ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (

**C**  Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)

   ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
   ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
   ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
   ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
   ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
   ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D**  Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4 if necessary.)

AO 245B  (Rev. 11/14 D/CO) Criminal Judgment
        Attachment (Page 4) — Statement of Reasons

Judgment—Page __11__ of __11__

**DEFENDANT:** GARY SNISKY
**CASE NUMBER:** 13-cr-00473-RM-01

# STATEMENT OF REASONS

**VII  COURT DETERMINATIONS OF RESTITUTION**

A ☐ Restitution Not Applicable.

B  Total Amount of     $2,531,032.22

C  Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)**

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

U.S. Courts
Case Inquiry Report
Case Number: DCOX1113CR000473; Party Number: N/A; Payee Code: N/A
Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

| Case Number | | Case Title | | |
|---|---|---|---|---|
| DCOX1113CR000473 | | USA V. GARY SNISKY | | |

**Summary Party Information:**

| Party# | Party Code | Party Name | Account Code | Debt Type | JS Account # | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|---|---|---|
| 001 | COXA019868 | GARY SNISKY | COXA13CR047301 | SPECIAL PENALTY ASSESSMENT | | 200.00 | 200.00 | 0.00 |
| 001 | COXA019868 | GARY SNISKY | COXA13CR047301 | VICTIM RESTITUTION | | 351,093.47 | 14,383.96 | 336,709.51 |
| 001 | COXA019868 | GARY SNISKY | COXA13CR047301 | VICTIM J&S RESTITUTION | DCOX1113CR000375/A | 2,179,938.75 | 121,438.18 | 2,058,500.57 |
| 001 | COXA019868 | GARY SNISKY | COXA13CR047301 | JOINT AND SEVERAL TOP REVERSAL | DCOX1113CR000473/AA | 1,581.07 | 0.00 | 1,581.07 |
| 001 | COXA019868 | GARY SNISKY | COXA13CR047301 | TOP REVERSAL | | 254.64 | 0.00 | 254.64 |
| | | | | | | 2,533,067.93 | 136,022.14 | 2,397,045.79 |

**Summary Payee Information:**

| Payee Code | Payee Name | Total Owed | Total Paid | Total Outstanding |
|---|---|---|---|---|
| COXA019869 | JONATHAN LAKEY | 121,056.94 | 4,855.09 | 116,201.85 |
| COXA020528 | NEIL J & TRACI A. VAILE | 106,530.11 | 128.96 | 106,530.11 |
| COXA021366 | DEBORA ALVARADO | 70,254.47 | 3,852.86 | 66,401.61 |
| COXA021367 | JEROME BELAND | 101,337.98 | 5,557.70 | 95,780.28 |
| COXA021368 | KRISTY BENITES | 301,673.91 | 16,311.98 | 297,305.27 |
| COXA021369 | PAUL BUROKER | 4,886.10 | 241.09 | 4,886.10 |
| COXA021370 | KATHRYN CARMACK | 16,419.68 | 869.32 | 15,550.36 |
| COXA021371 | JACK CHADWICK | 24,211.39 | 1,281.95 | 22,929.44 |
| COXA021372 | TAMARA FISHER | 10,895.45 | 41.89 | 10,895.45 |
| COXA021373 | MARCIA FORTUNA | 47,570.09 | 2,608.75 | 44,961.34 |
| COXA021374 | CHARMAINE FUNK | 25,696.97 | 1,360.64 | 24,428.29 |
| COXA021375 | VITTORIA GIOVANNUCCI | 25,684.60 | 1,359.91 | 24,324.69 |
| COXA021376 | ANN GORHAM | 16,947.97 | 65.21 | 16,947.97 |
| COXA021377 | MARY HALL | 27,116.76 | 1,435.74 | 25,681.02 |
| COXA021378 | MARK HART | 72,267.12 | 3,963.28 | 68,303.84 |
| COXA021379 | DAVID KETTNER | 29,890.04 | 336.40 | 29,669.31 |
| COXA021380 | EDMUND KIERAS | 50,404.24 | 2,780.10 | 47,624.14 |
| COXA021381 | STAN KINGERY | 23,684.76 | 1,341.54 | 22,343.22 |
| COXA021382 | KATHRYN KINGERY | 95,956.99 | 5,175.13 | 90,781.86 |
| COXA021383 | PAULA LANGSETH | 36,023.39 | 1,986.87 | 34,036.52 |
| COXA021384 | DELORAS LEGRAND | 16,863.01 | 892.80 | 15,970.21 |
| COXA021385 | LEGRAND REVOCABLE TRUST | 51,328.14 | 2,831.11 | 48,497.03 |
| COXA022079 | FAITH MACAULEY | 10,120.05 | 499.56 | 9,620.49 |

## Defendant/Inmate Search Results

| Subject Name | Inmate Marshal Number | Investigative Case Number | USAO Number | Court Docket Number | District | Branch |
|---|---|---|---|---|---|---|
| SNISKY, GARY | 40166-013 | 1000253329 | <mark>2012R00713</mark> | <mark>13-CR-00473</mark> | CO | USDC - Colorado District Court - Denver |